UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NICHOLAS ROLOVICH,<br><br>                    Plaintiff,<br><br>    v.<br><br>WASHINGTON STATE UNIVERSITY, an agency of the State of Washington; PATRICK CHUN, Director of Athletics for Washington State University, in his individual capacity; and JAY INSLEE, Governor, in his official capacity,<br><br>                    Defendants. | NO. 2:22-CV-0319-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND |

BEFORE THE COURT is Plaintiff's Motion to Remand (ECF No. 15). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Plaintiff's Motion to Remand (ECF No. 15) is DENIED.

ORDER DENYING PLAINTIFF'S MOTION TO REMAND ~ 1

## BACKGROUND

This matter relates to the termination of Plaintiff's employment from Washington State University following Plaintiff's decision to not get vaccinated against COVID-19. ECF No. 1-1. Plaintiff filed a Complaint in Superior Court in Whitman County, Washington on November 14, 2022, raising eight causes. *Id*. at 26–33, ¶¶ 95–149. Six causes of action relate to religious discrimination under state and federal law (Counts II, III, and V–VIII), one cause of action alleges state wage law violations (Count IV), and the final cause of action alleges common law breach of contract (Count I). *Id*. Defendants removed the action to this Court on December 14, 2022, pursuant to 28 U.S.C. §§ 1331, 1332. ECF No. 1.

## DISCUSSION

The issue presently before the Court is whether the forum selection clause in Plaintiff's Employment Agreement controls where Plaintiff's claims may be litigated. The clause states, "In the event that either party for the enforcement or construction of any of the provisions of this Agreement commences litigation, the action shall be brought in the Superior Court of the State of Washington and the venue shall be in Whitman County, Washington." ECF No. 1-1 at 44. Plaintiff argues the forum selection clause applies broadly to all asserted claims because they each relate to the termination provisions in the Agreement. ECF No. 15. Defendants argue the majority of Plaintiff's claims can be adjudicated without

1   reference to the Employment Agreement, and therefore, the forum selection clause
2   does not apply.  ECF No. 13.

3   　　　The parties do not dispute this Court has jurisdiction over all claims pursuant
4   to 28 U.S.C. § 1332(a).  ECF Nos. 13 at 12; 14 at 2.  In cases based on diversity,
5   federal law governs the enforceability and interpretation of forum selection
6   clauses.  *Manetti-Farrow, Inc. v. Gucci Am., Inc*., 858 F.2d 509, 513 (9th Cir.
7   1988).  The Ninth Circuit has stated that "in some circumstances, a contractual
8   forum selection clause may also apply to related non-contract claims." *Petersen v.*
9   *Boeing Co.,* 715 F.3d 276, 283 n.7 (9th Cir. 2013).  Specifically, forum selection
10  clauses can also apply to statutory and tort claims, but "only when resolution of the
11  claims relates to the interpretation of the contract."  *Yan Guo v. Kyani, Inc*., 311 F.
12  Supp. 3d 1130, 1139 (C.D. Cal. May 1, 2018) (citations omitted); *Petersen*, 715
13  F.3d at 283 n.7 (internal quotation marks and citation omitted).  Where the scope
14  of a clause is unclear, courts look to the language of the clause to determine
15  applicability to a given claim.  In the Ninth Circuit, clauses containing "arising
16  under" language are narrowly construed, while clauses containing "relating to" or
17  "in connection with" language are more broadly construed.  *Id*. (citing *Cape*
18  *Flattery Ltd. v. Titan Maritime, LLC*, 647 F.3d 914, 922 (9th Cir. 2011)).

19  　　　Here, the language of the forum selection clause is clear.  The clause
20  explicitly narrows applicability to litigation "for the enforcement or construction of

any of the provisions of this Agreement." ECF No. 1-1 at 44. Only one of Plaintiff's claims relates directly to the enforcement of the Agreement—Count I, for breach of contract. The remaining claims relate to religious discrimination (Counts II, III, and V–VIII) and violations of state wage laws (Count IV). Because these claims address rights that exist irrespective of the Agreement, reference to the Agreement is unnecessary for adjudication of the claims. *See Tracer Rsch. Corp. v. Nat'l Env't Servs. Co.*, 42 F.3d 1292, 1295 (9th Cir. 1994). Plaintiff's argument that the alleged discrimination and wage law violations would not have occurred "but for" the parties' Agreement is unpersuasive, particularly where the language of the clause is clear.

Finally, because the Court's subject matter jurisdiction extends to all asserted claims, including the claim for breach of contract, partial remand is unnecessary and inappropriate.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Plaintiff's Motion to Remand (ECF No. 15) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

DATED March 8, 2023.



THOMAS O. RICE
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION TO REMAND ~ 4