1
2
3
4

BRIAN FAHLING, WSBA #18894
Law Office of Brian Fahling
8124 NE 166th St
Kenmore, WA 98028
(425) 802-7326

5
6
7

ERIC KNIFFIN
Kniffin Law
102 S. Tejon St., Suite 1100
Colorado Springs, CO 80903
(719) 212-4391

8
9

Honorable Thomas O. Rice

10
11

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WASHINGTON**

12
13
14
15
16
17
18
19
20
21
22
23

NICHOLAS ROLOVICH,

     Plaintiff,

v.

WASHINGTON STATE
UNIVERSITY, an agency of the
State of Washington; PATRICK
CHUN, Director of Athletics for
Washington State University, in his
individual capacity; and JAY
INSLEE, Governor, in his official
capacity,

     Defendants.

No.  2:22-cv-00319-TOR

**OBJECTION TO COURT RULING
FOR DEFENDANTS WITHOUT
GIVING PLAINTIFF AN
OPPORTUNITY TO RESPOND TO
DEFENDANTS' MOTION**

24
25
26

    After the close of business on Friday, March 10, Defendants filed their

Motion for Leave to File Excess Pages, setting the hearing date on their motion

for today, Monday, March 13 (ECF No. 17). This morning, at 10:04 a.m., only

OBJECTION TO COURT RULING FOR
DEFENDANTS WITHOUT GIVING PLAINTIFF
AN OPPORTUNITY TO RESPOND TO
DEFENDANTS' MOTION -1

a few business hours after Defendants filed their Motion, Plaintiff received

notice that the Court had already granted Defendants' Motion, for "good cause

shown" (ECF No. 18).

Plaintiff files this objection to make a record of the response it had

intended to file today and to document the reasons why the Defendants' request

is improper, is not supported by good cause, and should have been denied.

## ARGUMENT

For the reasons set out below, the Defendants' Motion should have been

denied. First, Defendants did not "establish the necessity for an immediate

hearing," as required by L.Civ.R.7(2)(C). Second, even if they had, the same

Local Rule requires that Defendants give Plaintiff at least a business day to file

a response. Defendants' Motion was thus twice in violation of this Court's

rules, even before one gets to the merits. Third and finally, Defendants failed to

establish good cause for why this Court should grant their untimely motion for

excess pages.

For all these reasons, the Court should have outright denied Defendants'

motion. Or at the very least, should have given Plaintiff an opportunity to

respond to the Defendants' Motion and point out its shortcomings.

OBJECTION TO COURT RULING FOR
DEFENDANTS WITHOUT GIVING PLAINTIFF
AN OPPORTUNITY TO RESPOND TO
DEFENDANTS' MOTION -2

**A.    Defendants created their "time sensitive" problem, and thus are not entitled to an expedited hearing under LCivR 7(2)(c).**

Local Civil Rule 7(i)(2)(C) provides, in part: "To seek an expedited hearing on a time sensitive matter, the moving party must file a motion to expedite, which . . . sets a date of hearing that is *not less than 7 days* after the motion's filing. (Emphasis supplied). If the motion "requires more immediate judicial attention, the motion shall establish the necessity for an immediate hearing."

Defendants filed their Motion at approximately 8:30 p.m. on Friday, March 10, and set the hearing date for Monday, March 13, ECF No. 10, in clear violation of LCivR 7(2)(c). Defendants cannot violate this rule without leave of Court, and without establishing the "necessity" for such an emergency timeline. Defendants have not met their burden.

While Defendants could not have known when this Court would rule on Plaintiff's Motion to Remand, they did know that they would have to file a responsive pleading within seven days of the Court's order. Defendants' actions show that they have long been aware of this deadline, and have long been planning what their motion to dismiss would entail. There is no reason for this last minute motion, especially given the prejudice that their choices have caused Plaintiff.

OBJECTION TO COURT RULING FOR
DEFENDANTS WITHOUT GIVING PLAINTIFF
AN OPPORTUNITY TO RESPOND TO
DEFENDANTS' MOTION -3

On December 20, 2022, Plaintiff agreed to an extension of Defendants' answer date to January 13, 2023, ECF No. 2, and on January 12, 2023, Plaintiff again agreed to Defendants' proposal that their deadline be extended again to within seven days of this Court's Order on Plaintiff's Motion to Remand (ECF No. 10).

Defendants, then, have had months to prepare a responsive pleading to Plaintiff's Complaint. At any point during this time they could have filed a motion for excess pages. That motion could have been filed on a non-emergency basis. That motion could have been filed with a motion date in compliance with the Local Rules. That motion would presumably have given Plaintiff the opportunity to respond.

Furthermore, Defendants have known for some time that their responsive pleading would require more than the twenty pages allowed by court rule. In a March 9 email to Plaintiff's counsel, Defendants' counsel wrote, "[t]he WSU Defendants (WSU and Pat Chun) intend to move to dismiss before [the March 15] deadline." *See* Email from Spencer Coats to Plaintiff's counsel, Thursday, Mar 9, 2023, at 4:01 PM (attached as Exhibit A).

Under these circumstances, Defendants have not "establish[ed] the necessity" for a departure from the "expedited hearing" timeline in LCivR

OBJECTION TO COURT RULING FOR
DEFENDANTS WITHOUT GIVING PLAINTIFF
AN OPPORTUNITY TO RESPOND TO
DEFENDANTS' MOTION -4

7(i)(2)(C). A necessity caused through Defendants' own negligence is not a necessity that justifies departures from the Local Rules "expedited hearing" schedule and depriving Plaintiff the opportunity to respond.

**B.    In any case, any expedited hearing schedule must give the opposing party a business day to respond.**

Even if the Court had found that the Defendants had "[e]stablished the necessity" for a departure from the Court's "expedited hearing" timeline, the Local Rules then state that "[a] response memorandum to an expedited motion is due the day before the hearing set for the expedited motion." The Local Rules therefore anticipate that there must be *at least one business day* between the day the movant files and the proposed hearing date.

The Defendants did not follow the Local Rules in setting a motion date for March 13, the business day after they filed their motion. The Court's Order, which was issued only one business hour after the Defendants' filed, does not acknowledge this requirement in the Local Rules and therefore does not provide justification for setting it aside. This is yet another reason why the Defendants' Motion should have been denied.

OBJECTION TO COURT RULING FOR
DEFENDANTS WITHOUT GIVING PLAINTIFF
AN OPPORTUNITY TO RESPOND TO
DEFENDANTS' MOTION -5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**C.    Defendants have not shown "good cause" for exceeding the page limits in the Local Rules.**

Even if the Defendants had "[e]stablished the necessity" for departing from the Local Rules' "expedited hearing" schedule, and depriving Plaintiff of any opportunity to respond, their Motion does not show "good cause" for why they should be allowed to file "excess pages" in their forthcoming motion to dismiss.

**1.    Defendants' Motion misstates the nature of this case.**

Defendants' first argument in support of their Motion claims that Plaintiff filed this lawsuit as a challenge to "the State's and WSU's response to the COVID-19 pandemic, as well as Governor Jay Inslee's Proclamation 21-14 and WSU's implementation thereof (ECF No. 17 at 2). The Defendants did likewise in their response to Plaintiff's motion to remand (ECF No. 13 at 2-3). They claim the need to respond to this "subject matter of exceptional public importance" is one of the reasons why they need excessive pages for their motion to dismiss (ECF No. 17 at 2).

This is not and has never been a challenge to Washington State's or any of the Defendants' responses to the COVID-19 pandemic. To the contrary, this lawsuit is about the unlawful, discriminatory, and unconstitutional manner in

OBJECTION TO COURT RULING FOR
DEFENDANTS WITHOUT GIVING PLAINTIFF
AN OPPORTUNITY TO RESPOND TO
DEFENDANTS' MOTION -6

which Defendants terminated Plaintiff Nicholas Rolovich from his position at WSU.

Defendants and this Court are aware that this is the Plaintiff's position. This is clear from Plaintiff's Complaint and from every substantive brief Plaintiff has filed in this case to date. As stated in Plaintiff's Motion to Remand, "each of his claims is interrelated with, arises from, and goes directly to the enforcement and construction of the employment agreement between WSU and himself" (ECF 17 at 2). *See also, generally,* ECF No. 1-1, pp. 95-109.

It is clear that Defendants would prefer to change the subject in order to avoid defending their actions toward Plaintiff. But the Court should see through the Defendants' rhetoric. Their ongoing efforts to ignore Plaintiff's claims does not give them good cause to violate the page limits set out in the Local Rules.

### 2. Defendants' Have not Shown Good Cause to Exceed Page Limits.

Defendant's second and third arguments for good cause follow from their first. They claim they need excess pages because of the number and complexity of Plaintiff's claims. Doubtless, Defendants' motion will spend several pages arguing their theory of the case, defending each of the Defendants' actions in responding to COVID-19. But, as Plaintiff has stated unambiguously and repeatedly, those issues are not at issue in this case. Plaintiff challenges only

Defendants' actions toward *him*. The Defendants' actions towards others—for example, the Governor's counsel's declaration that the State would give religious requests for exemptions more scrutiny than secular (medical) requests (ECF 1-1 ¶ 36), or Defendant Chun's failure to follow COVID protocols (*id*. ¶ 73), or Defendant WSU's non-response to Chun's violation of COVID protocols (*id.*)—are relevant only insofar as they show that Defendants discriminated against Plaintiff in violation of his legal and constitutional rights in justifying their "just cause" termination of Plaintiff.

If Defendants would simply stick to the relevant issues as set out in Plaintiffs' complaint, Plaintiff submits Defendants would be able to argue their case within the page limits established in the Local Rules.

### 3.    Longer briefs do not promote "judicial economy."

Defendants also claim that "judicial economy is better served" by granting their motion for "excess pages" (ECF No. 17 at 2-3). To the contrary, "[j]udicial economy and concise argument are purposes of the page limit." *Snyder v. HSBC Bank, USA, N.A.*, 913 F. Supp. 2d 755, 766 (D. Ariz. 2012). Exceeding the page limits is certainly not in the interest judicial economy, but is an invitation to prolixity and confusion. This is especially true when it appears that Defendants intend to argue about the legality of their response to the

1 COVID-19 pandemic, and the legality of Governor Inslee's vaccine mandate

2
3 for state employees, neither of which Plaintiff has challenged.

4 **CONCLUSION**

5       For the forgoing reasons, Plaintiff notes his objection to the Order

6
7 granting Defendants' Motion.

8       DATED this 13th day of March, 2023.

9                               **LAW OFFICE OF BRIAN FAHLING**

10

11                   By:    /s/Brian Fahling____
12                          Brian Fahling  WSBA #18894

13                          *Attorneys for Plaintiff*

14

15                               **KNIFFIN LAW**

16

17                   By:    /s/Eric Kniffin____
                            Eric Kniffin  CO Bar #48016
18                          (Admitted *Pro Hac Vice*)

19                          *Attorneys for Plaintiff*

20

21

22

23

24

25

26

OBJECTION TO COURT RULING FOR
DEFENDANTS WITHOUT GIVING PLAINTIFF
AN OPPORTUNITY TO RESPOND TO
DEFENDANTS' MOTION -9

1

2

**CERTIFICATE OF SERVICE**

3        I hereby certify that on the 13<u>th</u> day of <u>March, 2023</u>, I electronically filed

4

5   the forgoing OBJECTION TO COURT RULING FOR DEFENDANTS

6   WITHOUT GIVING PLAINTIFF AN OPPORTUNITY TO RESPOND TO

7   DEFENDANTS' MOTION, with the Clerk of Court using the CM/ECF

8

9   System, which in turn automatically generated a Notice of Electronic Filing

10  (NEF) to all parties in the case who are registered users of the CM/ECF system.

11  The NEF for the foregoing specifically identifies recipients of electronic notice.

12

13  I hereby certify that none of the represented parties are non-CM/ECF

14  participants.

15                              **LAW OFFICE OF BRIAN FAHLING**

16

17                      By:  __/s/ Brian Fahling_____
                             Brian Fahling

18

19

20

21

22

23

24

25

26