1   ROBERT W. FERGUSON
      *Attorney General*

2

3   ALICIA O. YOUNG, WSBA 35553
    CRISTINA SEPE, WSBA 53609
      *Deputy Solicitors General*

4   PO Box 40100
    Olympia, WA  98504-0100

5   (360) 753-6200

6

7

                    **UNITED STATES DISTRICT COURT**
8                   **EASTERN DISTRICT OF WASHINGTON**

9   NICHOLAS ROLOVICH,                    NO. 2:22-cv-00319-TOR

10                  Plaintiff,            DEFENDANT GOVERNOR
                                          JAY INSLEE'S MOTION TO
11          v.                            DISMISS

12  WASHINGTON STATE                      May 11, 2023
    UNIVERSITY, an agency of the          With Oral Argument: 11 a.m.
13  State of Washington; PATRICK          Courtroom 902
    CHUN, Director of Athletics for
14  Washington State University, in
    his individual capacity; and JAY
15  INSLEE, Governor, in his official
    capacity,
16
                    Defendants.
17

18

19

20

21

22

DEFENDANT GOVERNOR JAY                    ATTORNEY GENERAL OF WASHINGTON
INSLEE'S MOTION TO DISMISS                      1125 Washington Street SE
NO. 2:22-cv-00319-TOR                                 PO Box 40100
                                                  Olympia, WA 98504-0100
                                                     (360) 753-6200

1

## TABLE OF CONTENTS

2    I.    INTRODUCTION ................................................................................. 1

3    II.    STATEMENT OF FACTS .................................................................. 2

4        A.  The COVID-19 Pandemic and Vaccines ................................... 2

5        B.  Proclamation 21-14 ................................................................... 4

6    III.    LEGAL STANDARD ......................................................................... 7

7    IV.    ARGUMENT ...................................................................................... 8

8        A.  There Is No Private Right of Action for Violations
            of the Washington Constitution, so Rolovich's State
9            Constitutional Claim (Count III) Must Be Dismissed
            with Prejudice ............................................................................ 8

10
        B.  Rolovich's Federal Claims in Counts VI and VII Must
11            Be Dismissed with Prejudice Because Governor Inslee
            Is Not a "Person" Subject to Suit Under Section 1983 ............... 9

12
        C.  Rolovich's Free Exercise Claim Fails as a Matter of
13            Law (Count VI) ........................................................................ 10

14        D.  Rolovich's Contractual Claim (Count I) Should be
            Dismissed with Prejudice Because Governor Inslee Was
15            Not a Party to the Employment Agreement with Rolovich ....... 12

16        E.  Rolovich's Employment-Based Claims (Counts I, II, III,
            IV, VI, and VII) Should Be Dismissed with Prejudice
17            Because Governor Inslee Was Not Rolovich's Employer
            and Did Not Terminate Rolovich's Employment ...................... 14

18
    V.    CONCLUSION ................................................................................ 19
19

20

21

22

1

# TABLE OF AUTHORITIES

2

## <u>Cases</u>

3

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...................................................................................17

4

*Bacon v. Woodward*,
  No. 2:21-cv-0296-TOR, 2022 WL 2381021
  (E.D. Wash. June 30, 2022), *appeal docketed*,
  No. 22-35611 (9th Cir.) ..............................................................................5

5

6

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .....................................................................................7

7

8

*Blinka v. Wash. State Bar Ass'n*,
  36 P.3d 1094 (Wash. App. 2001) ................................................................8

9

*Cipolla v. Ariz. Dep't of Econ. Sec.*,
  57 F.3d 1076 (9th Cir. 1995) .......................................................................9

10

11

*Davidson v. Kimberly-Clark Corp.*,
  889 F.3d 956 (9th Cir. 2018) .......................................................................7

12

*Doe v. San Diego Unified Sch. Dist.*,
  19 F.4th 1173 (9th Cir. 2021) ......................................................................6

13

14

*Doe v. San Diego Unified Sch. Dist.*,
  19 F.4th 1173 (9th Cir. 2021),
  *reconsideration en banc denied*,
  22 F.4th 1099 (9th Cir. 2022) ....................................................................12

15

16

*Does 1–3 v. Mills*,
  142 S. Ct. 1112 (2022) (Mem.) ...................................................................6

17

18

*Does 1–6 v. Mills*,
  16 F.4th 20 (1st Cir. 2021),
  *cert. denied sub nom. Does 1–3 v. Mills*,
  142 S. Ct. 1112 (2022) (Mem.)..............................................................11, 12

19

20

*Dr. A. v. Hochul*,
  142 S. Ct. 2569 (2022) (Mem.) ...................................................................6

21

22

DEFENDANT GOVERNOR JAY
INSLEE'S MOTION TO DISMISS
NO. 2:22-cv-00319-TOR

ii

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

*Dunn v. City of Seattle*,
   420 F. Supp. 3d 1148 (W.D. Wash. 2019)...........................................................9

*Floyd v. City of Grand Coulee*,
   No. 2:21-cv-00211-SAB, 2021 WL 4699202
   (E.D. Wash. Oct. 7, 2021).................................................................................8

*Fulton v. City of Phila.*,
   141 S. Ct. 1868 (2021).....................................................................................11

*Galvean v. OneWest Bank FSB*,
   No. C10-827 MJP, 2010 WL 5138396
   (W.D. Wash. Dec. 9, 2010).............................................................................14

*Kane v. Mednax Servs., Inc.*,
   No. 2:22-cv-0159-TOR, 2022 WL 16748784
   (E.D. Wash. Nov. 7, 2022), *appeal docketed*,
   No. 22-36010 (9th Cir. 2022).........................................................................17

*Kater v. Churchill Downs Inc.*,
   886 F.3d 784 (9th Cir. 2018).............................................................................2

*Kheriaty v. Regents of the Univ. of Cal.*,
   No. 22-55001, 2022 WL 17175070
   (9th Cir. Nov. 23, 2022) (Mem.).....................................................................12

*Lehrer v. State*,
   5 P.3d 722 (Wash. App. 2000).........................................................................13

*Magden v. Easterday Farms*,
   No. 2:16-CV-00068-JLQ, 2017 WL 1731705
   (E.D. Wash. May 3, 2017)...............................................................................15

*Miller v. Maxwell's Int'l Inc.*,
   991 F.2d 583 (9th Cir. 1993)...........................................................................15

*Morgan v. Capitol Indem. Corp.*,
   No. C17-0754-JCC, 2017 WL 2717576
   (W.D. Wash. June 23, 2017)...........................................................................14

*Nat'l R.R. Passenger Corp. v. Morgan*,
   536 U.S. 101 (2002).........................................................................................16

DEFENDANT GOVERNOR JAY
INSLEE'S MOTION TO DISMISS
NO. 2:22-cv-00319-TOR

iii

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

*Nikolao v. Lyon*,
   875 F.3d 310 (6th Cir. 2017)...........................................................................11

*Pilz v. Inslee*,
   No. 3:21-cv-05735-BJR, 2022 WL 1719172
   (W.D. Wash. May 27, 2022), *appeal docketed*,
   No. 22-35508 (9th Cir.)......................................................................................6

*Reid v. Pierce County*,
   961 P.2d 333 (Wash. 1998)................................................................................9

*Roman Catholic Diocese of Brooklyn v. Cuomo*,
   141 S. Ct. 63 (2020) (per curiam) ...................................................................12

*Schweickert v. Hunts Point Ventures, Inc.*,
   No. 13-cv-675RSM, 2014 WL 6886630
   (W.D. Wash. Dec. 4, 2014)..............................................................................13

*Slidewaters LLC v. Wash. State Dep't of Lab. & Indus.*,
   4 F.4th 747 (9th Cir. 2021), *cert. denied*,
   142 S. Ct. 779 (2022) .........................................................................................2

*Spurrell v. Bloch*,
   701 P.2d 529 (Wash. App. 1985).......................................................................8

*Staub v. Proctor Hosp.*,
   562 U.S. 411 (2011).........................................................................................19

*Steckman v. Hart Brewing, Inc.*,
   143 F.3d 1293 (9th Cir.1998).............................................................................8

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*,
   551 U.S. 308 (2007) ...........................................................................................2

*United States v. Ritchie*,
   342 F.3d 903 (9th Cir. 2003)..............................................................................8

*We The Patriots USA, Inc. v. Hochul*,
   17 F.4th 266 (2d Cir. 2021), *opinion clarified*,
   17 F.4th 368 (2d Cir. 2021), *cert. denied sub nom.*
   *Dr. A. v. Hochul*,
   142 S. Ct. 2569 (2022) ...............................................................................11, 12

DEFENDANT GOVERNOR JAY
INSLEE'S MOTION TO DISMISS
NO. 2:22-cv-00319-TOR

iv

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

*Will v. Mich. Dep't of State Police*,
    491 U.S. 58 (1989) ...................................................................................9, 10

*Wise v. Inslee*,
    No. 2:21-cv-0288-TOR, 2021 WL 4951571
    (E.D. Wash. Oct. 25, 2021) ......................................................................4, 12

*Wise v. Inslee*,
    No. 2:21-cv-0288-TOR, 2022 WL 1243662
    (E.D. Wash. Apr. 27, 2022), *appeal dismissed*,
    No. 22-35426, 2022 WL 17254335 (9th Cir. Oct. 7, 2022) .......................5, 12

*Wright v. Airway Heights Corr. Ctr. MSU*,
    No. 2:20-cv-00436-MKD, 2022 WL 17543678
    (E.D. Wash. Dec. 8, 2022), *appeal docketed*,
    No. 22-36057 (9th Cir. 2022)...........................................................................9

## Constitutional Provisions

U.S. Const. amend. I ........................................................................................7, 10

U.S. Const. amend. XIV ...................................................................................7, 10

Wash. Const. art. I, § 11 ....................................................................................7, 9

## Statutes

42 U.S.C. § 1983.............................................................................................1, 9, 10

42 U.S.C. § 2000e.....................................................................................................7
    42 U.S.C. § 2000e(b)........................................................................................15
    42 U.S.C. § 2000e(f) ........................................................................................15
    42 U.S.C. § 2000e-2(a)......................................................................................15
    42 U.S.C. § 2000e-5(e)(1)..................................................................................16

Wash. Law Against Discrimination, Wash. Rev. Code § 49.60 ...................7, 15

Wash. Rev. Code § 28B.10.528.............................................................................14

Wash. Rev. Code § 28B.30.100(1)(a) ..................................................................14

DEFENDANT GOVERNOR JAY
INSLEE'S MOTION TO DISMISS
NO. 2:22-cv-00319-TOR

v

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1    Wash. Rev. Code § 28B.30.150(1) ............................................................... 14, 18

2    Wash. Rev. Code § 28B.30.150(2) ............................................................... 14, 18

3    **Rules**

4    Fed. R. Civ. P. 12(b)(6) ................................................................................. 7

5    Fed. R. Evid. 201 .......................................................................................... 2

6    **Other Authorities**

7    CDC, COVID Data Tracker,
8         *COVID-19 Vaccinations in the United States*, https://covid.cdc.gov/
       covid-data-tracker/#vaccinations_vacc-total-adminrate-total
9         (last visited Feb. 20, 2023) ..................................................................... 3

10   CDC, COVID-19,
       *Safety of COVID-19 Vaccines*, (updated Mar. 7, 2023),
11        https://bit.ly/3uWZusR ........................................................................... 3

12   CDC, COVID-19,
       *Selected Adverse Events Reported after COVID-19 Vaccination*
13        (updated Mar. 7, 2023), https://www.cdc.gov/coronavirus/2019-
       ncov/vaccines/safety/adverse-events.html ........................................... 4

14   DOH, COVID-19 Data Dashboard,
       *Disease Activity and Testing*,
15        (last updated Mar. 8, 2023, 4:51 PM), https://bit.ly/3AKV0Gq ...................... 3

16   Proclamation by Governor Jay Inslee, No. 21-14.1
       (Wash. Aug. 20, 2021), https://bit.ly/Proclamation21-14_1 ................... 4, 5, 18

17

18   Tomás M. León, et al.,
       *COVID-19 Cases and Hospitalizations by COVID-19 Vaccination*
       *Status and Previous COVID-19 Diagnosis — California and*
19   *New York, May–November 2021*, 71 MORBIDITY & MORTALITY
       WEEKLY REPORT 125 (2022), https://bit.ly/3WnmDim. .................................. 3

20

21

22

DEFENDANT GOVERNOR JAY
INSLEE'S MOTION TO DISMISS
NO. 2:22-cv-00319-TOR

     vi

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

# I.    INTRODUCTION

Faced with a virulent COVID-19 variant and extreme stress to the State's healthcare system, Governor Jay Inslee issued Proclamation 21-14, which prohibited certain state agency, healthcare, and education workers from working after October 18, 2021, if not fully vaccinated against COVID-19. The Proclamation further stated that workers need not get vaccinated if they were entitled to accommodations under antidiscrimination statutes but left accommodation decisions to employers covered by the Proclamation. Under the Proclamation, Washington State University (WSU) terminated Nicholas Rolovich's employment as WSU's head football coach, because he was not fully vaccinated against COVID-19 and WSU would experience undue hardship in providing an accommodation. Rolovich now sues WSU, his former employer; Patrick Chun, WSU's Director of Athletics; and Governor Inslee under various contract, statutory, and constitutional theories.

The Court must dismiss Rolovich's claims against the Governor for at least five reasons. First, Rolovich's state constitutional claim must be dismissed because there is no private right of action for damages under the state constitution. Second, his federal claims must be dismissed because Governor Inslee is sued in his official capacity and is not a "person" under 42 U.S.C. § 1983. Third, the Proclamation was neutral, generally applicable, and rational. Fourth, Rolovich's contract claim fails because Governor Inslee was not a party to the employment agreement between WSU and Rolovich. And fifth, all of his

DEFENDANT GOVERNOR JAY
INSLEE'S MOTION TO DISMISS
NO. 2:22-cv-00319-TOR

1

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1 employment-based claims fail because the Governor was not Rolovich's

2 employer and did not terminate Rolovich's employment.

3 **II.    STATEMENT OF FACTS**[1]

4 **A.    The COVID-19 Pandemic and Vaccines**

5 The COVID-19 pandemic is a global public health disaster that upended

6 life as we knew it. On February 29, 2020, the Governor declared a state of

7 emergency due to COVID-19. Procl. 20-05; *see Slidewaters LLC v. Wash. State*

8 *Dep't of Lab. & Indus.*, 4 F.4th 747, 753 (9th Cir. 2021), *cert. denied*, 142 S. Ct.

9 779 (2022). That state of emergency ended on October 31, 2022. *See*

10 Procl. 20-05.1.

11 In the State, there have been over 1.9 million confirmed COVID-19 cases,

12 more than 81,600 Washingtonians have been hospitalized from the virus, and

13 more than 15,600 Washingtonians have died.[2]

14 _____

15 [1] The publicly available government records and data cited herein—

16 including from the U.S. Food and Drug Administration (FDA), the U.S. Centers

17 for Disease Control and Prevention (CDC), and the Washington State

18 Department of Health (DOH)—are properly subject to judicial notice. *See* Fed.

19 R. Evid. 201; *Kater v. Churchill Downs Inc.*, 886 F.3d 784, 788 n.3 (9th

20 Cir. 2018). The Governor requests the Court to take judicial notice of such

21 materials. *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).

22 [2] DOH, COVID-19 Data Dashboard, *Disease Activity and Testing*, (last

DEFENDANT GOVERNOR JAY
INSLEE'S MOTION TO DISMISS
NO. 2:22-cv-00319-TOR

2

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1    The FDA has approved or authorized four COVID-19 vaccines. The CDC

2    considers all four safe and effective in reducing the risk of severe illness or death

3    due to COVID-19.[3] The CDC emphasized that "[a]lthough the epidemiology of

4    COVID-19 might change as new variants emerge, vaccination remains the safest

5    strategy for averting future SARS-CoV-2 infections, hospitalizations, long-term

6    sequelae, and death."[4] Hundreds of millions of doses have been administered in

7    the United States.[5] Based on comprehensive data collected, the CDC has

8    concluded that the vaccines are safe, with serious adverse reactions remaining

9    exceedingly rare.[6]

10   _____

11   updated Mar. 8, 2023, 4:51 PM), https://bit.ly/3AKV0Gq.

12   [3] CDC, COVID-19, *Safety of COVID-19 Vaccines*, (updated Mar. 7, 2023),

13   https://bit.ly/3uWZusR.

14   [4] Tomás M. León, et al., *COVID-19 Cases and Hospitalizations by*

15   *COVID-19 Vaccination Status and Previous COVID-19 Diagnosis — California*

16   *and New York, May–November 2021*, 71 MORBIDITY & MORTALITY WEEKLY

17   REPORT 125, 130 (2022), https://bit.ly/3WnmDim.

18   [5] CDC, COVID Data Tracker, *COVID-19 Vaccinations in the*

19   *United States*, https://covid.cdc.gov/covid-data-tracker/#vaccinations_vacc-

20   total-adminrate-total (last visited Feb. 20, 2023).

21   [6] CDC, COVID-19, *Selected Adverse Events Reported after COVID-19*

22   *Vaccination* (updated Mar. 7, 2023), https://www.cdc.gov/coronavirus/2019-

DEFENDANT GOVERNOR JAY
INSLEE'S MOTION TO DISMISS
NO. 2:22-cv-00319-TOR

3

**B.     Proclamation 21-14**

On August 9, 2021, in the midst of the Delta-driven surge in COVID-19 cases and stress to the State's healthcare system, Governor Inslee issued Proclamation 21-14, prohibiting certain state agency workers and healthcare workers from continuing to work after October 18, 2021, without being fully vaccinated against COVID-19, *i.e.*, two weeks post-final dose. Proclamation 21-14 was amended several more times. For example, Proclamation 21-14.1 (issued on August 20, 2021) extended this requirement to education workers, and Proclamation 21-14.2 extended it to on-site contractors for certain state entities. The Proclamation culminated in Proclamation 20-14.6, which rescinded and terminated Proclamation 20-14, et seq., on October 31, 2022.

The Proclamation applied to over 600,000 workers in Washington across three covered sectors—state government, health care, and education. *Wise v. Inslee*, No. 2:21-cv-0288-TOR, 2021 WL 4951571, at *1 (E.D. Wash. Oct. 25, 2021). As the Proclamation then observed, "healthcare workers face COVID-19 exposures in a variety of healthcare settings, with those involving direct patient care likely at higher risk." Proclamation by Governor Jay Inslee, No. 21-14.1, at 2 (Wash. Aug. 20, 2021), https://bit.ly/Proclamation21-14_1. Educators work daily amidst mass gatherings of unvaccinated individuals—in classrooms, gymnasia, and cafeterias. And state employees—ranging from Department of

ncov/vaccines/safety/adverse-events.html.

DEFENDANT GOVERNOR JAY
INSLEE'S MOTION TO DISMISS
NO. 2:22-cv-00319-TOR

4

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1    Corrections and Washington State Patrol officers to Child Protective Service

2    social workers to Liquor and Cannabis Board investigators—may "interact with

3    the public on a regular basis," including in congregate environments. *Id.* at 3.

4         The Proclamation provided that covered workers need not get vaccinated

5    if they are entitled under antidiscrimination statutes to "disability-related

6    reasonable    accommodations"    or    "sincerely    held    religious    belief

7    accommodations[.]" *Id.* at 5. The Proclamation expressly required that "State

8    Agencies, operators of Educational Settings, and operators of Health Care

9    Settings" provide accommodations required under "the Americans With

10   Disabilities Act of 1990 (ADA), the Rehabilitation Act of 1973 (Rehabilitation

11   Act), Title VII of the Civil Rights Act of 1964 (Title VII), the Washington Law

12   Against Discrimination (WLAD), and any other applicable law" and that as

13   provided in these laws, employers were not required to "provide accommodations

14   if they would cause undue hardship." *Id.*

15        There have been several unsuccessful challenges to the Governor's

16   Proclamation and employers' implementations thereof, including cases

17   dismissed by this Court. *See, e.g.*, *Wise v. Inslee*, No. 2:21-cv-0288-TOR, 2022

18   WL 1243662 (E.D. Wash. Apr. 27, 2022), *appeal dismissed*, No. 22-35426, 2022

19   WL 17254335 (9th Cir. Oct. 7, 2022) (granting State defendants' motion for

20   judgment on the pleadings); *Bacon v. Woodward*, No. 2:21-cv-0296-TOR, 2022

21   WL 2381021 (E.D. Wash. June 30, 2022), *appeal docketed*, No. 22-35611 (9th

22   Cir.) (granting City of Spokane's motion for judgment on the pleadings); *Pilz v.*

DEFENDANT GOVERNOR JAY                     5              ATTORNEY GENERAL OF WASHINGTON
INSLEE'S MOTION TO DISMISS                                        1125 Washington Street SE
                                                                         PO Box 40100
NO. 2:22-cv-00319-TOR                                              Olympia, WA 98504-0100
                                                                         (360) 753-6200

1    *Inslee*, No. 3:21-cv-05735-BJR, 2022 WL 1719172 (W.D. Wash. May 27, 2022),

2    *appeal docketed*, No. 22-35508 (9th Cir.) (granting State defendants' motion for

3    judgment on the pleadings); *Cleary v. Inslee*, No. 21-2-01674-34 (Thurston Cnty.

4    Super. Ct.) (denying plaintiffs' motion for preliminary injunction; granting in

5    part State defendants' motion for judgment on the pleadings and dismissing the

6    remaining claims on plaintiffs' motion), *Johnson v. Inslee*, No. 21-2-01827-34

7    (Thurston Cnty. Super. Ct.) (denying plaintiff's TRO).[7]

### C.    Rolovich's Lawsuit

Nicholas Rolovich is the former head football coach for Washington State University. First Am. Compl. (ECF No. 1-1 at 73-110) ¶ 11. He did not want to be vaccinated against COVID-19, so he sought a religious exemption and accommodation. *Id.* ¶¶ 33, 63. WSU concluded it could not offer an

---

[7] Nationally, lawsuits to strike down COVID-19 vaccine requirements have largely been unsuccessful. *See, e.g.*, *Does 1–3 v. Mills*, 142 S. Ct. 1112 (2022) (Mem.) (denying certiorari to a case in which the First Circuit rejected a constitutional challenge to a Maine order requiring its healthcare workers be vaccinated against COVID-19 as a condition of employment); *Dr. A. v. Hochul*, 142 S. Ct. 2569 (2022) (Mem.) (similar); *see also Doe v. San Diego Unified Sch. Dist.*, 19 F.4th 1173 (9th Cir. 2021) (affirming dismissal of a Free Exercise challenge to school district's COVID-19 vaccine policy without a sincerely-held religious belief exemption).

DEFENDANT GOVERNOR JAY
INSLEE'S MOTION TO DISMISS
NO. 2:22-cv-00319-TOR

6

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1   accommodation because it would cause an undue hardship to WSU. *Id.* ¶¶ 70,

2   92. Based on Rolovich's refusal to get fully vaccinated against COVID-19 and

3   lack of approved accommodation, WSU terminated Rolovich for cause. *Id.* ¶ 15.

4       Rolovich's lawsuit is against WSU; Patrick Chun, Director of Athletics

5   for WSU, in his individual capacity; and Jay Inslee, the Governor of

6   Washington, in his official capacity. Rolovich's claims include: breach of

7   contract (Count I); and violations of WLAD (Count II), Wash. Const. art. I, § 11

8   (Count III), Title VII, 42 U.S.C. § 2000e (Count IV), the Free Exercise Clause

9   of U.S. Const. amend. I (Count VI), and Due Process Clause of U.S. Const.

10  amend. XIV (Count VII).[8] Nearly all of Rolovich's allegations are aimed at the

11  exemption and accommodation process implemented by WSU. *See generally*

12  First Am. Compl.

13  ### III.   LEGAL STANDARD

14      Dismissal under Fed. R. Civ. P. 12(b)(6) may be based on either the lack

15  of a cognizable legal theory or the absence of sufficient facts alleging such theory.

16  *See Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 965 (9th Cir. 2018). While

17  the Court must accept as true a complaint's well-pleaded facts, those facts must

18  nonetheless "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

19  *Twombly*, 550 U.S. 544, 570 (2007). On a Rule 12(b)(6) motion, a court may

20  

21      [8] Rolovich also asserts a claim specifically against Chun in his individual

22  capacity (Count V).

DEFENDANT GOVERNOR JAY
INSLEE'S MOTION TO DISMISS
NO. 2:22-cv-00319-TOR

7

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

consider documents attached to a complaint, documents incorporated by reference in a complaint, or matters of judicial notice without converting the motion into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). To the extent documents referenced in a complaint contradict a plaintiff's conclusory allegations, the Court is not required to accept those allegations as true. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295–96 (9th Cir.1998).

## IV.   ARGUMENT

### A.   There Is No Private Right of Action for Violations of the Washington Constitution, so Rolovich's State Constitutional Claim (Count III) Must Be Dismissed with Prejudice

No private right of action exists under the Washington Constitution. "Washington courts have consistently rejected invitations to establish a cause of action for damages based upon constitutional violations 'without the aid of augmentative legislation[.]'" *Blinka v. Wash. State Bar Ass'n*, 36 P.3d 1094, 1102 (Wash. App. 2001) (quoting *Sys. Amusement, Inc. v. State*, 500 P.2d 1253, 1254 (Wash. App. 1972)); *see also Spurrell v. Bloch*, 701 P.2d 529, 535 (Wash. App. 1985) ("The constitutional guarantee of due process, Const. art. 1, § 3, does not of itself, without the aid of augmenting legislation, establish a cause of action for money damages against the state . . . ."); *accord Floyd v. City of Grand Coulee*, No. 2:21-cv-00211-SAB, 2021 WL 4699202, at *5 (E.D. Wash. Oct. 7, 2021) (dismissing state constitutional claims where the plaintiff "[did] not plead any statutory cause of action that allow[ed] him to bring a lawsuit for violations

DEFENDANT GOVERNOR JAY
INSLEE'S MOTION TO DISMISS
NO. 2:22-cv-00319-TOR

8

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1    of [the] constitutional rights[]"); *Dunn v. City of Seattle*, 420 F. Supp. 3d 1148,

2    1156 (W.D. Wash. 2019) ("Washington courts have rejected attempts to create a

3    private right of action for damages under the Washington Constitution absent

4    guidance from the legislature."); *cf. Reid v. Pierce County*, 961 P.2d 333, 343

5    (Wash. 1998) (declining to create a cause of action for damages for a violation of

6    the constitutional right to privacy).

7        No augmenting legislation exists for an alleged violation of article I,

8    section 11 (Count III), and Rolovich cites none. *See* First Am. Compl.

9    ¶¶ 115–18. Washington has no state law counterpart to 42 U.S.C. § 1983. For this

10   reason, Rolovich's claim under article I, section 11 of the Washington

11   Constitution fails as a matter of law and must be dismissed with prejudice.

12   **B.    Rolovich's Federal Claims in Counts VI and VII Must Be Dismissed**
13       **with Prejudice Because Governor Inslee Is Not a "Person" Subject to**
         **Suit Under Section 1983**

14       State officials acting in their official capacities are not persons subject to

15   suit under 42 U.S.C. § 1983, unless they are sued for prospective injunctive relief.

16   *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989); *see also Cipolla*

17   *v. Ariz. Dep't of Econ. Sec.*, 57 F.3d 1076 (9th Cir. 1995) (claims for damages

18   under § 1983 against state agency and the individually-named defendants in their

19   official capacities were properly dismissed); *Wright v. Airway Heights Corr. Ctr.*

20   *MSU*, No. 2:20-cv-00436-MKD, 2022 WL 17543678, at *3 (E.D. Wash. Dec. 8,

21   2022), *appeal docketed*, No. 22-36057 (9th Cir. 2022) ("State agencies and state

22   officials sued in their official capacity are categorically not subject to suit under

DEFENDANT GOVERNOR JAY
INSLEE'S MOTION TO DISMISS
NO. 2:22-cv-00319-TOR

9

1   42 U.S.C. § 1983."). Although "state officials literally are persons," an official-

2   capacity suit against a state officer "is not a suit against the official but rather is

3   a suit against the official's office. . . . As such it is no different from a suit against

4   the State itself." *Will*, 491 U.S. at 71.

5        Here, the Governor is sued only in his official capacity, First Am. Compl.

6   ¶ 14, and Rolovich seeks only retrospective damages—not prospective injunctive

7   relief, *id.* at p. 31 (Prayer for Relief). Thus, Governor Inslee is not a "person"

8   subject to suit under 42 U.S.C. § 1983. The Court should accordingly dismiss

9   with prejudice Rolovich's Free Exercise claim under the First Amendment

10  (Count VI) and Due Process claim under the Fourteenth Amendment (Count VII)

11  as against the Governor.

12  **C.    Rolovich's Free Exercise Claim Fails as a Matter of Law (Count VI)**

13       Rolovich's Free Exercise Clause claim appears to be premised in part on

14  the Proclamation's "creation of a formal mechanism for granting exemptions,"

15  First Am. Compl. ¶ 143, but that theory conflicts with controlling precedent.[9]

16  Under the Supreme Court's jurisprudence on "individualized exemptions," a

17  policy's general applicability is undermined only when it allows for *secular*

18  individualized exemptions, not *religious* exemptions. *See, e.g.*, *Fulton v. City of*

19  _____

20       [9] Despite this allegation, Rolovich now contends that this case "is not and

21  has never been a challenge to Washington State's or any of the Defendants'

22  responses to the COVID-19 pandemic." ECF No. 19 at 6.

DEFENDANT GOVERNOR JAY                        10                ATTORNEY GENERAL OF WASHINGTON
INSLEE'S MOTION TO DISMISS                                              1125 Washington Street SE
NO. 2:22-cv-00319-TOR                                                          PO Box 40100
                                                                          Olympia, WA 98504-0100
                                                                              (360) 753-6200

1      *Phila.*, 141 S. Ct. 1868, 1878 (2021) (city contract prohibiting foster care

2      providers from rejecting prospective parents based on sexual orientation was not

3      generally applicable where it gave Commissioner "sole discretion" to grant an

4      "exception"); *id.* at 1921 (Alito, J., concurring in judgment) (noting "confusion"

5      over the "special rule" on when a law is not "generally applicable" due to

6      "*secular* exemptions" (emphasis added)). Rolovich's allegation that the

7      availability of exemptions rendered the Proclamation not generally applicable

8      would lead to the counterintuitive conclusion that the Proclamation should have

9      eliminated religious exemptions—a constitutional policy, but one that would

10     leave religious objectors far worse off. *See, e.g.*, *Nikolao v. Lyon*, 875 F.3d 310,

11     316 (6th Cir. 2017) (noting that mother who successfully sought religious waiver

12     from state-mandated vaccinations for her children "has not been denied any legal

13     right on the basis of her religion[ ]" and "[c]onstitutionally, [she] has no right to

14     an exemption[ ]" (citing *Jacobson v. Massachusetts*, 197 U.S. 11, 38 (1905)).

15          In the context of COVID-19 vaccination requirements, courts across the

16     country, including this one, have all but unanimously concluded that the

17     requirements are neutral and generally applicable—and upheld them under

18     rational basis review. *See, e.g.*, *Does 1–6 v. Mills*, 16 F.4th 20, 32 (1st Cir. 2021),

19     *cert. denied sub nom. Does 1–3 v. Mills*, 142 S. Ct. 1112 (2022) (Mem.); *See We*

20     *The Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 290 (2d Cir. 2021), *opinion*

21     *clarified*, 17 F.4th 368 (2d Cir. 2021), *and cert. denied sub nom. Dr. A. v. Hochul*,

22     142 S. Ct. 2569 (2022); *Doe v. San Diego Unified Sch. Dist.*, 19 F.4th 1173, 1177

DEFENDANT GOVERNOR JAY
INSLEE'S MOTION TO DISMISS
NO. 2:22-cv-00319-TOR

11

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1     (9th Cir. 2021), *reconsideration en banc denied*, 22 F.4th 1099 (9th Cir. 2022)

2     (school district vaccination policy that provided for medical exemptions but not

3     medical exemptions "neutral and generally applicable"); *see also Wise*, 2021 WL

4     4951571, at \*2 ("Federal courts have routinely analyzed such cases using rational

5     basis and regularly reject cases similar to this one that challenge vaccine

6     mandates based on free exercise of religion.").

7        The Proclamation readily meets rational basis review because it is

8     undisputed that protecting the public from COVID-19 is a compelling state

9     interest. *Roman Catholic Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 67 (2020)

10     (per curiam); *Does 1–6*, 16 F.4th at 32 ("Few interests are more compelling than

11     protecting public health against a deadly virus."). Because vaccines are highly

12     safe and effective against COVID-19, requiring those who work in health care

13     settings, educational settings, and state government to be vaccinated is rationally

14     related to stemming the spread of the virus. *See, e.g.*, *Wise*, 2022 WL 1243662,

15     at \*4; *Does 1–6*, 16 F.4th at 32; *We The Patriots*, 17 F.4th at 290; *cf. Kheriaty v.*

16     *Regents of the Univ. of Cal.*, No. 22-55001, 2022 WL 17175070, at \*2 (9th Cir.

17     Nov. 23, 2022) (Mem.) (substantive due process challenge to university vaccine

18     policy failed under rational basis review).

19
20     **D.**    **Rolovich's Contractual Claim (Count I) Should be Dismissed with Prejudice Because Governor Inslee Was Not a Party to the Employment Agreement with Rolovich**

21        It is unclear if Rolovich intends to assert his breach of contract claim

22     against the Governor. The employment agreement Rolovich attached to his

DEFENDANT GOVERNOR JAY
INSLEE'S MOTION TO DISMISS
NO. 2:22-cv-00319-TOR

12

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1    Complaint states: "This Employment Agreement (Agreement) is made between

2    Washington State University (University) and Nicholas R. Rolovich

3    (Employee)[.]" ECF No. 1-1 at 36. Rolovich also correctly alleges that his

4    employment agreement was with WSU—not the Governor. *See, e.g.*, First Am.

5    Compl. ¶¶ 4–5, 16–23. Additionally, all of the allegations under Count I are

6    directed only at the WSU Defendants. *See, e.g.*, *id.* ¶¶ 99 ("Pursuant to the terms

7    of WSU's employment contract with Mr. Rolovich . . . ."); 100 ("WSU

8    terminated Mr. Rolovich . . . ."), 101 ("WSU breached its contract . . . ."), 102

9    ("WSU violated its own policies . . . ."), 103 ("Mr. Rolovich reasonably relied

10   upon WSU's representation . . . ."), 105 ("By taking punitive action . . . WSU

11   breached its employment agreement with Mr. Rolovich."), 111 ("WSU's

12   decision and actions in terminating Mr. Rolovich . . . ."). Yet Rolovich generally

13   seeks "damages against Defendants" for this claim. *Id.* ¶ 111.

14         Because Rolovich does not allege that Governor Inslee was a party to his

15   employment agreement or even involved with his employment contract, but also

16   does not expressly limit Count I to the WSU Defendants, Governor Inslee

17   respectfully requests the Court dismiss this claim with prejudice against the

18   Governor for failure to state a claim. *See Lehrer v. State*, 5 P.3d 722, 727 (Wash.

19   App. 2000) (under Washington law, a plaintiff "must prove a valid contract

20   between the parties, breach, and resulting damage[ ]"); *Schweickert v. Hunts*

21   *Point Ventures, Inc.*, No. 13-cv-675RSM, 2014 WL 6886630, at *4 (W.D. Wash.

22   Dec. 4, 2014) ("Plaintiff's breach of contract claim against the [defendants] fails

DEFENDANT GOVERNOR JAY
INSLEE'S MOTION TO DISMISS
NO. 2:22-cv-00319-TOR

13

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1   because no contract is alleged to exist between Plaintiff and the [defendants]."); 

2   *Morgan v. Capitol Indem. Corp.*, No. C17-0754-JCC, 2017 WL 2717576, at *2 

3   (W.D. Wash. June 23, 2017) (breach of contract claim failed where defendants 

4   did not have a contractual relationship with plaintiffs); *Galyean v. OneWest Bank* 

5   *FSB*, No. C10-827 MJP, 2010 WL 5138396, at *3 (W.D. Wash. Dec. 9, 2010) 

6   (dismissing plaintiff's breach of implied covenant of good faith and fair dealing 

7   claim because the defendant did not owe a duty to the plaintiff and the economic 

8   loss rule).

9   **E.**   **Rolovich's Employment-Based Claims (Counts I, II, III, IV, VI,**
**and VII) Should Be Dismissed with Prejudice Because Governor**
10   **Inslee Was Not Rolovich's Employer and Did Not Terminate**
**Rolovich's Employment**
11

12   Likewise, Rolovich's claims that are vaguely asserted against all 

13   "Defendants" should be dismissed as to Governor Inslee. Those claims are 

14   premised on Rolovich's employment relationship with WSU, but, as a matter of 

15   both fact and law, the Governor was not Rolovich's employer.

16   First, as a matter of law, the Governor was not Rolovich's employer. 

17   Instead, "[t]he governance of Washington State University" is "vested in a board 

18   of regents." Wash. Rev. Code § 28B.30.100(1)(a). The regents have "full control 

19   of the university," and "[e]mploy . . . employees of the university, who, except 

20   as otherwise provided by law, shall hold their positions during the pleasure of 

21   said board of regents." Wash. Rev. Code § 28B.30.150(1)–(2); *see also* Wash. 

22   Rev. Code § 28B.10.528 (allowing regents to delegate powers). There is no basis

DEFENDANT GOVERNOR JAY
INSLEE'S MOTION TO DISMISS
NO. 2:22-cv-00319-TOR

14

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1   to conclude that the Governor had any authority over Rolovich's employment.[10]

2   Washington state law establishes that WSU was Rolovich's employer, not

3   Governor Inslee. *See also* 42 U.S.C. § 2000e(b) & (f) (defining "employee" and

4   "employer" under Title VII); 42 U.S.C. § 2000e-2(a) (defining employer

5   practices prohibited by Title VII); Wash. Rev. Code § 49.60.180 (defining unfair

6   practices of employers). It is also nonsensical for Rolovich to argue that the

7   Governor is a proper Defendant as a representative of the State, which, he claims

8   was a party to his employment contract. ECF No. 14 at 10. Rolovich named

9   WSU, and WSU was his employer and the party to his employment contract.

10      Second, as a matter of fact, Rolovich's own pleadings and allegations

11  confirm that he lacked an employment relationship with the Governor. The

12  employment agreement Rolovich attached to his Complaint states the agreement

13  is between WSU and Rolovich. ECF No. 1-1 at 36. Rolovich's First Amended

---

15      [10] And even if the Governor did have supervisory authority, this is

16  insufficient to establish a Title VII cause of action against the Governor. *Miller*

17  *v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir. 1993) (individual employees

18  and supervisors cannot be liable under Title VII); *Magden v. Easterday Farms*,

19  No. 2:16-CV-00068-JLQ, 2017 WL 1731705, at *5 (E.D. Wash. May 3, 2017)

20  (collecting cases). Additionally, as noted in the WSU's Motion, Rolovich fails to

21  even allege a bona fide religious belief, negating both his Title VII and WLAD

22  claims.

DEFENDANT GOVERNOR JAY
INSLEE'S MOTION TO DISMISS
NO. 2:22-cv-00319-TOR

15

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1   Complaint also alleges his employment agreement was with WSU. *See, e.g.*, First

2   Am. Compl. ¶¶ 4, 5, 11, 15–23. Rolovich further alleges that only WSU was

3   involved in reviewing and responding to his request for a religious exemption

4   and accommodation. *Id.* ¶¶ 30–49, 59–70. Finally, Rolovich alleges that only

5   WSU terminated his employment. *Id.* ¶¶ 90–97. Consistent with these facts,

6   Rolovich filed an EEOC and tort claim only against WSU. *See id.* ¶¶ 6, 8.[11] In

7   short, it is undisputed that the Governor was not Rolovich's employer.

8       Despite the lack of an employment relationship with the Governor,

9   Rolovich makes several claims premised on adverse employment actions,

10  without specifying if he is making them only against the WSU Defendants or also

11  against Governor Inslee. Count V is the only claim that Rolovich specifies is

12  against only one Defendant. *See id.* ¶¶ 130–39 (alleging a claim against

13  Defendant Chun in his individual capacity). In the rest of his claims, Rolovich

14  prays for "damages against Defendants" based on his termination. *Id*. ¶¶ 111,

15  114, 118, 129, 146, 149. None of these claims state a claim against the Governor.

16      As mentioned above, Count I (Breach of Contract) discusses only WSU

17  conduct. First Am. Compl. ¶¶ 98–111. Likewise, Count II (WLAD) alleges

18  _____

19      [11] The failure to file an EEOC charge against Governor Inslee is an

20  additional reason to dismiss Rolovich's Title VII claim (Count IV) against the

21  Governor. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 120 (2002);

22  42 U.S.C. § 2000e-5(e)(1).

DEFENDANT GOVERNOR JAY
INSLEE'S MOTION TO DISMISS
NO. 2:22-cv-00319-TOR

16

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1   discrimination in employment from "WSU's decision to terminate

2   Mr. Rolovich[.]" *Id.* ¶ 113. Count III contends that "Defendants' threat to fire

3   Mr. Rolovich" discriminated against Rolovich based on his religion, yet, as noted

4   above, only WSU had the power to hire and fire Rolovich. *Id.* ¶¶ 117–18.

5   Rolovich's Title VII claim (Count V) is also premised on discrimination in

6   employment and WSU-specific action. *Id.* ¶¶ 119–29. Like the others, Counts VI

7   (First Amendment-Free Exercise) and VII (Fourteenth Amendment-Due Process

8   (As Applied)) are also premised on Rolovich's employment termination and

9   allegations of WSU-specific actions. *Id.* ¶¶ 142–46, 148–49. None are based on

10  conduct by Governor Inslee. *See Kane v. Mednax Servs., Inc.*, No. 2:22-cv-0159-

11  TOR, 2022 WL 16748784, at *3 (E.D. Wash. Nov. 7, 2022), *appeal docketed*,

12  No. 22-36010 (9th Cir. 2022) (dismissing WLAD violation claims because

13  plaintiff failed to allege defendant was an employer); *cf. Craig v. M & O*

14  *Agencies, Inc.*, 496 F.3d 1047, 1058 (9th Cir. 2007) (affirming dismissal of

15  Title VII claim against non-employer co-workers).

16      Rolovich asserts that Governor Inslee was a "proximate" cause of

17  Rolovich's termination, First Am. Compl. ¶ 97, but this conclusory allegation is

18  insufficient to defeat a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 663

19  (2009) ("[T]he tenet that a court must accept a complaint's allegations as true is

20  inapplicable to threadbare recitals of a cause of action's elements, supported by

21  mere conclusory statements."). First, it bears noting that the few allegations

22  actually in Rolovich's First Amended Complaint about the Governor are

DEFENDANT GOVERNOR JAY
INSLEE'S MOTION TO DISMISS
NO. 2:22-cv-00319-TOR

17

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1    irrelevant to this motion to dismiss and are flatly contradicted by the face of the

2    Proclamation. For example, Rolovich alleges that his interpretation of Chun's

3    statement to him was that *Chun* thought that the Governor "'did this'"

4    (presumably issued Proclamation 21-14), to "come after Mr. Rolovich and

5    WSU." First Am. Compl. ¶ 40. But it is absurd and implausible that a

6    Proclamation affecting hundreds of thousands of workers across state

7    government, health care, and education and issued during a serious surge of

8    COVID-19 would be issued to "come after" one person.

9        The allegations also ignore that the Proclamation specifically required

10   employers to "provide disability-related reasonable accommodations and

11   sincerely held religious belief accommodations to the requirements" of the

12   Proclamation unless those accommodations caused "undue hardship."

13   Procl. 21-14.1 at 5. The Proclamation required employers to "conduct[] an

14   individualized assessment and determination of each individual's need and

15   justification for an accommodation[.]" *Id.* at 6. The Proclamation did not dictate

16   a particular outcome for employers (like WSU) making assessments for

17   disability-related or religious belief accommodations. *See generally id.*

18       Finally, as noted above, there can be no dispute that WSU retained full

19   decision-making authority over Rolovich's employment, subject to applicable

20   law. Wash. Rev. Code § 28B.30.150(1)–(2). Here, that law required WSU to

21   provide Rolovich with any legally required accommodation, and it is simply

22   irrelevant what someone in the Governor's Office might have said prior to the

DEFENDANT GOVERNOR JAY
INSLEE'S MOTION TO DISMISS
NO. 2:22-cv-00319-TOR

18

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1    issuance of the Proclamation. Rolovich's meager attempt to appeal to the "cat's

2    paw" theory of employment liability is inapt because he identifies no legal basis

3    upon which Governor Inslee had supervisory authority over WSU's employment

4    decisions. *See generally Staub v. Proctor Hosp.*, 562 U.S. 411, 422 (2011)

5    (recognizing that an *employer* may be liable when a *subordinate* performs an act

6    motivated by impermissible animus that is intended to cause an adverse

7    employment action). At most, this kind of theory can make an *employer*

8    responsible for the acts and animus of a third party, but it does not make the third

9    party an employer for purposes of an employment lawsuit.

10          Because Rolovich neither alleges nor establishes that Governor Inslee was

11    Rolovich's employer, all of his employment-based claims fail as a matter of law

12    and should be dismissed with prejudice.

### V.    CONCLUSION

14          In sum, Rolovich fails to state a claim against Governor Inslee, so all of

15    them should be dismissed against Governor Inslee for the following reasons:

| Count | Bases for Dismissing Governor Inslee |
|---|---|
| I.  Breach of Contract; Breach of Implied Covenant of Good Faith and Fair Dealing | • Not a party to the contract<br>• Not Rolovich's employer |
| II.  Washington Law Against Discrimination | • Not Rolovich's employer and no adverse/discriminatory action |
| III.  Washington Constitution, art. I, § 11 | • No cause of action for damages under Washington Constitution |
| IV.  Title VII (42 U.S.C. § 2000e) | • Not Rolovich's employer and no adverse/discriminatory action |

DEFENDANT GOVERNOR JAY
INSLEE'S MOTION TO DISMISS
NO. 2:22-cv-00319-TOR

19

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

| Count | Bases for Dismissing Governor Inslee |
|---|---|
| V.   42 U.S.C. § 1983 (Free Exercise and Due Process) | • Expressly asserted only against Defendant Patrick Chun |
| VI.   42 U.S.C. § 1983 (Free Exercise) | • Not a "person" under § 1983<br>• Not Rolovich's employer and no adverse/discriminatory action<br>• Proclamation neutral, generally applicable, and rational |
| VII.   Fourteenth Amendment-Due Process (As Applied) | • Not a "person" under § 1983<br>• Not Rolovich's employer and no adverse/discriminatory action |

Governor Inslee asks the Court to dismiss the claims in the First Amended Complaint alleged against him with prejudice.

DATED this 15th day of March, 2023.

> ROBERT W. FERGUSON
> *Attorney General*
>
> *s/ Cristina Sepe*
> ALICIA O. YOUNG, WSBA 35553
> CRISTINA SEPE, WSBA 53609
> *Deputy Solicitors General*
> 1125 Washington Street SE
> PO Box 40100
> Olympia, WA 98504-0100
> (360) 753-6200
> alicia.young@atg.wa.gov
> cristina.sepe@atg.wa.gov
> *Attorneys for Defendant Jay Inslee*

DEFENDANT GOVERNOR JAY
INSLEE'S MOTION TO DISMISS
NO. 2:22-cv-00319-TOR

20

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200

1

**CERTIFICATE OF SERVICE**

2        I hereby certify that on this day I caused the foregoing document to be

3    electronically filed with the Clerk of the Court using the CM/ECF System, which

4    in turn automatically generated a Notice of Electronic Filing (NEF) to all parties

5    in the case who are registered users of the CM/ECF system.

6        DATED this 15th day of March, 2023, at Olympia, Washington.

7

8                          *s/ Cristina Sepe*
                           CRISTINA SEPE, WSBA 53609
9                            *Deputy Solicitor General*
                           1125 Washington Street SE
10                         PO Box 40100
                          Olympia, WA 98504-0100
11                         (360) 753-6200
                          cristina.sepe@atg.wa.gov
12

13

14

15

16

17

18

19

20

21

22

DEFENDANT GOVERNOR JAY
INSLEE'S MOTION TO DISMISS
NO. 2:22-cv-00319-TOR

21

ATTORNEY GENERAL OF WASHINGTON
1125 Washington Street SE
PO Box 40100
Olympia, WA 98504-0100
(360) 753-6200