1    ROBERT W. FERGUSON
     Attorney General
2    SPENCER W. COATES, WSBA #49683
     Assistant Attorney General
3    800 Fifth Avenue, Suite 2000
     Seattle, WA 98104-3188
4    (206) 464-7744
     ZACHARY J. PEKELIS, WSBA #44557
5    Special Assistant Attorney General
     PACIFICA LAW GROUP LLP
6    1191 2nd Avenue, Suite 2000
     Seattle, WA 98101-3404
7    (206) 245-1700

8                    **UNITED STATES DISTRICT COURT**
                     **EASTERN DISTRICT OF WASHINGTON**
9

10   NICHOLAS ROLOVICH,                    NO. 2:22-cv-00319-TOR

                         Plaintiff,        ANSWER TO FIRST
11                                         AMENDED COMPLAINT

12        v.

     WASHINGTON STATE
13   UNIVERSITY, an agency of the
     State of Washington,
14
                         Defendant.[1]
15

16                            **GENERAL DENIAL**

17        Defendant Washington State University (WSU), by and through its

18   attorneys, Robert W. Ferguson, Attorney General of Washington State, Spencer W.

19   _____

20        [1]Defendants Patrick Chun and Jay Inslee have been removed from the case

21   caption, consistent with the Court's order granting in part Defendants' Motions

22   to Dismiss, ECF No. 33.

ANSWER TO FIRST AMENDED                    1        ATTORNEY GENERAL OF WASHINGTON
COMPLAINT                                                    Complex Litigation Division
                                                            800 Fifth Avenue, Suite 2000
                                                              Seattle, WA 98104-3188
                                                                  (206) 464-7744

1    Coates, Assistant Attorney General, and Zachary J. Pekelis, Special Assistant
2    Attorney General, hereby answer Plaintiff's First Amended Complaint (FAC).
3    Except as expressly admitted or qualified, WSU denies each and every allegation,
4    statement, or charge in the FAC (whether contained in numbered paragraphs,
5    unnumbered paragraphs, headings, or elsewhere), and denies that Plaintiff is
6    entitled to any of the relief requested. To the extent that section and subsection
7    headings used in the FAC constitute allegations to which a response is required,
8    those allegations are denied.

## I.

10    1.    Paragraph 1 asserts allegations regarding Plaintiff's purported
11    motivations or legal conclusions or argument, none of which requires a response
12    by way of factual pleading. To the extent a response is required, Paragraph 1 is
13    denied.

14    2.    Paragraph 2 asserts legal conclusions to which no response is
15    required, and contains characterizations of the FAC which speaks for itself. To
16    the extent a response is required, Paragraph 2 is denied.

## II.

18    3.    Paragraph 3 asserts a legal conclusion to which no response is
19    required. To the extent a response is required, Paragraph 3 is denied.

20    4.    Paragraph 4 asserts legal conclusions to which no response is
21    required, and contains characterizations of an Employment Agreement that
22    speaks for itself. To the extent a response is required, Paragraph 4 is denied.

ANSWER TO FIRST AMENDED
COMPLAINT                                   2                ATTORNEY GENERAL OF WASHINGTON
                                                               Complex Litigation Division
                                                               800 Fifth Avenue, Suite 2000
                                                               Seattle, WA 98104-3188
                                                               (206) 464-7744

1

**III.**

2

**1.**

3        5.    The first sentence of Paragraph 5 contains characterizations of an

4    Employment Agreement that speaks for itself. To the extent a response is

5    required, WSU admits that the Employment Agreement allowed Plaintiff to

6    appeal to the University President or designee a decision of the Athletic Director

7    regarding termination for just cause. WSU admits that Plaintiff timely responded

8    to the Athletic Director's notice of the provisions of the Agreement alleged to

9    have been violated and that Plaintiff timely appealed the Athletic Director's

10   decision to terminate for just cause. WSU admits that President Schultz denied

11   Mr. Rolovich's appeal of the Athletic Director's decision on or about

12   December 6, 2021. Paragraph 5 is otherwise denied.

13   **2.**

14       6.    WSU admits that Plaintiff filed a charge of discrimination with the

15   Equal Employment Opportunity Commission (EEOC), and that EEOC notified

16   WSU of this charge on February 17, 2022. The remainder of Paragraph 6 contains

17   legal conclusions or argument to which no response is required. To the extent a

18   further response is required, the allegations are denied.

19       7.    WSU admits that the Department of Justice Civil Rights Division

20   (DOJ) issued a Notice of Right to Sue to Plaintiff on August 16, 2022. WSU is

21   without information sufficient to form a belief as to the truth of the remaining

22   allegations in Paragraph 7 and therefore denies them.

ANSWER TO FIRST AMENDED                    3          ATTORNEY GENERAL OF WASHINGTON
COMPLAINT                                                      Complex Litigation Division
                                                             800 Fifth Avenue, Suite 2000
                                                                Seattle, WA  98104-3188
                                                                    (206) 464-7744

**3.**

8.    Admit.

9.    Admit.

10.    Paragraph 10 contains legal conclusions or argument to which no response is required. To the extent a further response is required, the allegations are denied.

**IV.**

11.    WSU admits that Plaintiff was the Head Football Coach for WSU from January 14, 2020, until his employment was terminated on December 6, 2021. WSU is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 and therefore denies them.

12.    Admit.

13.    WSU admits that Patrick Chun is the Athletics Director for WSU and that he was sued in his individual capacity before being dismissed by this Court as a Defendant. The remainder of Paragraph 13 contains legal conclusions or argument to which no response is required. To the extent a further response is required, the allegations are denied.

14.    WSU admits that Jay Inslee is the Governor of Washington and that he was sued in his official capacity before being dismissed by this Court as a Defendant. To the extent a further response is required, the allegations are denied.

**V.**

15.    WSU admits that it terminated Plaintiff's employment for just cause.

ANSWER TO FIRST AMENDED
COMPLAINT

4

1   The remainder of Paragraph 15 contains legal conclusions or argument to which

2   no response is required. To the extent a further response is required, the

3   allegations are denied.

4        **A.**

5        16.    WSU denies that the FAC attached a true and correct copy of the

6   employment agreement between Plaintiff and WSU as an exhibit. WSU admits

7   that it entered into a memorandum of understanding (MOU) with Plaintiff, which

8   was dated January 13, 2020. WSU further admits that it executed an employment

9   agreement (the Agreement) with Plaintiff in April 2020. Both the MOU and the

10  Agreement speak for themselves. The remaining allegations in Paragraph 16

11  consist of legal conclusions or argument to which no response is required. To the

12  extent a further response is required, the allegations are denied.

13       17.    WSU admits that Paragraph 17 quotes some portions of the

14  Agreement, which speaks for itself. The remainder of Paragraph 17 contains legal

15  conclusions and argument to which no response is required. To the extent a

16  further response is required, the allegations are denied.

17       18.    WSU admits that Paragraph 18 quotes some portions of the

18  Agreement, which speaks for itself. The remainder of Paragraph 18 contains legal

19  conclusions and argument to which no response is required. To the extent a

20  further response is required, the allegations are denied.

21       19.    WSU admits that Paragraph 19 quotes Paragraph 4.1 of the

22  Agreement, which speaks for itself. The remainder of Paragraph 19 contains legal

1    conclusions and argument to which no response is required. To the extent a

2    further response is required, the allegations are denied.

3        20.    Paragraph 20 contains legal conclusions and argument to which no

4    response is required. To the extent a further response is required, the allegations

5    are denied.

6        **B.**

7        21.    WSU admits that Governor Inslee issued Proclamation 20-05, which

8    speaks for itself, on February 29, 2020. WSU further admits that Proclamation

9    20-05 was Governor Inslee's first proclamation related to COVID-19. WSU is

10   without information sufficient to form a belief as to the truth of the remaining

11   allegations in Paragraph 21 and therefore denies the same.

12       22.    WSU admits that some employees—including assistant football

13   coaches—signed updated employment agreements in 2021, all of which speak

14   for themselves. The remainder of Paragraph 22 contains legal conclusions and

15   argument to which no response is required. To the extent a further response is

16   required, the allegations are denied.

17       23.    WSU admits that the Agreement was never amended from its

18   original form. The remainder of Paragraph 23 contains legal conclusions and

19   argument to which no response is required. To the extent a further response is

20   required, the allegations are denied.

21

22

ANSWER TO FIRST AMENDED                    6                ATTORNEY GENERAL OF WASHINGTON
COMPLAINT                                                        Complex Litigation Division
                                                                 800 Fifth Avenue, Suite 2000
                                                                   Seattle, WA 98104-3188
                                                                       (206) 464-7744

1      **C.**

2      24.    WSU is without information sufficient to form a belief as to the truth

3  of the allegations in Paragraph 24 and therefore denies them.

4      25.    WSU is without information sufficient to form a belief as to the truth

5  of the allegations in Paragraph 25 and therefore denies them.

6      26.    WSU is without information sufficient to form a belief as to the truth

7  of the allegations in Paragraph 26 and therefore denies them.

8      27.    WSU is without information sufficient to form a belief as to the truth

9  of the allegations in Paragraph 27 and therefore denies them.

10     28.    WSU is without information sufficient to form a belief as to the truth

11  of the allegations in Paragraph 28 and therefore denies them.

12     29.    WSU is without information sufficient to form a belief as to the truth

13  of the allegations in Paragraph 29 and therefore denies them.

14     **D.**

15     30.    WSU denies that statements attributed to Mr. Chun in the FAC, even

16  if true, would "demonstrate[] his hostility toward Mr. Rolovich's expressed

17  religious" beliefs. WSU is without information sufficient to form a belief as to

18  the truth of the remaining allegations in Paragraph 30 and therefore denies them.

19     31.    WSU is without information sufficient to form a belief as to the truth

20  of the allegations in Paragraph 31 and therefore denies them.

21     32.    WSU is without information sufficient to form a belief as to the truth

22  of the allegations in Paragraph 32 and therefore denies them.

ANSWER TO FIRST AMENDED                    7          ATTORNEY GENERAL OF WASHINGTON
COMPLAINT                                                        Complex Litigation Division
                                                                800 Fifth Avenue, Suite 2000
                                                                 Seattle, WA  98104-3188
                                                                      (206) 464-7744

33.    WSU admits that prior to August 20, 2021, it had permitted exemptions from the University's COVID-19 vaccination requirement for employees based on either medical reasons or "personal/religious" objections. Consistent with Governor Inslee's Proclamation 21-14, WSU modified its policy to limit exemptions and reasonable accommodations to those employees who were unable to receive the COVID-19 vaccines due to medical reasons or sincerely held religious beliefs. To the extent a further response is required, Paragraph 33 is denied.

34.    WSU is without information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and therefore denies them.

35.    WSU is without information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and therefore denies them.

36.    WSU admits that Paragraph 36 accurately quotes a portion of an August 24, 2021, Q13 Fox article that purports to quote an email from Kathryn Leathers. WSU is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 36 and therefore denies them.

37.    WSU admits that Paragraph 37 accurately quotes a portion of an October 13, 2021, KXLY article, which speaks for itself. WSU denies the remainder of Paragraph 37.

38.    WSU is without information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and therefore denies them.

ANSWER TO FIRST AMENDED
COMPLAINT

8

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1    39.    WSU is without information sufficient to form a belief as to the truth

2    of the allegations in Paragraph 39 and therefore denies them.

3    40.    WSU is without information sufficient to form a belief as to the truth

4    of the allegations in Paragraph 40 and therefore denies them.

5    41.    WSU is without information sufficient to form a belief as to the truth

6    of the allegations in Paragraph 41 and therefore denies them.

7    42.    WSU admits that Plaintiff emailed WSU's Human Resource

8    Services (HRS) regarding exemptions from the COVID-19 vaccination

9    requirement. Those emails speak for themselves. To the extent a further response

10   is required, WSU is without information sufficient to form a belief as to the truth

11   of the remaining allegations in Paragraph 42 and therefore denies them.

12   43.    WSU is without information sufficient to form a belief as to the truth

13   of the allegations in Paragraph 43 and therefore denies them.

14   44.    WSU is without information sufficient to form a belief as to the truth

15   of the allegations in Paragraph 44 and therefore denies them.

16   45.    WSU is without information sufficient to form a belief as to the truth

17   of the allegations in Paragraph 45 and therefore denies them.

18   46.    WSU is without information sufficient to form a belief as to the truth

19   of the allegations in Paragraph 46 and therefore denies them.

20   47.    WSU is without information sufficient to form a belief as to the truth

21   of the in Paragraph 47 and therefore denies them.

22

ANSWER TO FIRST AMENDED                9        ATTORNEY GENERAL OF WASHINGTON
COMPLAINT                                             Complex Litigation Division
                                                     800 Fifth Avenue, Suite 2000
                                                     Seattle, WA 98104-3188
                                                     (206) 464-7744

48.    WSU admits that on or about August 20, 2021, Governor Inslee issued Proclamation 21-14.1, which speaks for itself.

49.    WSU denies that Paragraph 49 accurately quotes a portion of Proclamation 21-14.1, which speaks for itself. To the extent a further response is required, Paragraph 49 contains legal conclusions to which no response is required. To the extent a further response is required, the allegations are denied.

**E.**

50.    WSU admits that Paragraph 50 accurately quotes a portion of a September 13, 2021, DailyMed announcement, which speaks for itself. WSU admits that footnote 3 of Paragraph 50 accurately quotes a portion of the document hyperlinked therein, which speaks for itself. Except as expressly admitted above, WSU denies all remaining allegations in Paragraph 50.

51.    WSU denies that any letter was attached as an exhibit to the FAC. WSU is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 51 and therefore denies them.

52.    WSU is without information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and therefore denies them.

53.    WSU is without information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and therefore denies them.

54.    Paragraph 54 contains legal conclusions and argument to which no response is required. To the extent a further response is required, the allegations are denied.

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

55. Paragraph 55 cites a federal statute, 21 U.S.C. § 360bbb-3, which speaks for itself. Paragraph 55 contains legal conclusions and argument to which no response is required. To the extent a further response is required, the allegations are denied.

56. WSU admits that Paragraph 56 contains a link to the FDA's website but denies that the link directs the reader to the Fact Sheet referenced in that paragraph. Regardless, the Fact Sheet speaks for itself. To the extent a further response is required, the allegations are denied.

57. Denied.

58. Denied.

**F.**

59. WSU admits that it timely established procedures for its employees to request, and for the University to consider and approve or deny requests for, religious and/or medical exemptions in accordance with Proclamation 21-14, as amended. WSU denies the remaining allegations in Paragraph 59.

60. WSU admits that WSU published its procedures for evaluating requests for religious exemptions pursuant to Proclamation 21-14, as amended, on the University's website and that it shared "Frequently Asked Questions (FAQs)" with answers. WSU further admits that Paragraph 60 accurately quotes a portion of the FAQs, which speaks for itself, but denies that the link in footnote 4 of Paragraph 60 directs the reader to the FAQs. The remainder of Paragraph 60

ANSWER TO FIRST AMENDED
COMPLAINT

11

1   contains legal conclusions and argument to which no response is required. To the

2   extent a further response is required, the allegations are denied.

3       61.    WSU admits that Paragraph 61 accurately quotes portions of the

4   WSU-Everett webpage cited in footnote 5, which webpage speaks for itself. The

5   remainder of Paragraph 61 contains legal conclusions and argument to which no

6   response is required. To the extent any further response is required, WSU denies

7   the remaining allegations contained in Paragraph 61.

8       62.    WSU admits that Paragraph 62 accurately quotes portions of the

9   October 7, 2021, Mercury News article cited in footnote 6, which article speaks

10   for itself. The remainder of Paragraph 62 contains legal conclusions and

11   argument to which no response is required. To the extent any further response is

12   required, WSU denies the remaining allegations contained in Paragraph 62.

13   **G.**

14       63.    Denied.

15       64.    WSU admits that HRS sent Mr. Chun an email on October 6, 2021,

16   which speaks for itself. The remaining allegations in Paragraph 64 are denied.

17       65.    WSU admits that Paragraph 65 accurately quotes portions of an

18   October 6, 2021, email from HRS, which speaks for itself. To the extent a further

19   response is required, any remaining allegations are denied.

20   **H.**

21       66.    WSU admits that the Athletics Department sent HRS two

22   memoranda dated October 13, 2021, which speak for themselves. To the extent

ANSWER TO FIRST AMENDED      12      ATTORNEY GENERAL OF WASHINGTON
COMPLAINT                      Complex Litigation Division
                                           800 Fifth Avenue, Suite 2000
                                          Seattle, WA  98104-3188
                                            (206) 464-7744

1    a further response is required, any remaining allegations in Paragraph 66 are

2    denied.

3        67.    WSU admits that Paragraph 67 accurately quotes portions of one of

4    the October 13, 2021, Athletics Department memoranda and HRS's October 6,

5    2021 email, which speak for themselves. To the extent a further response is

6    required, any remaining allegations in Paragraph 67 are denied.

7        68.    WSU admits that on October 14, 2021, the Department of

8    Environmental Health and Safety (EH&S) sent a memorandum to Mr. Chun and

9    the Athletics Department, and that Paragraph 68 accurately quotes a portion of

10   this memorandum, which speaks for itself. To the extent a further response is

11   required, any remaining allegations in Paragraph 68 are denied.

12       69.    WSU admits that the Athletics Department sent HRS a

13   memorandum in response to the October 14, 2021, EH&S memorandum, and that

14   Paragraph 69 accurately quotes a portion of this memorandum, which speaks for

15   itself. To the extent a further response is required, any remaining allegations are

16   denied.

17       70.    WSU admits that the Athletics Department issued a memorandum

18   in response to the October 14, 2021, EH&S memorandum, and that Paragraph 70

19   accurately quotes some portions of this memorandum, which speaks for itself. To

20   the extent a further response is required, any remaining allegations are denied.

21

22

ANSWER TO FIRST AMENDED                13            ATTORNEY GENERAL OF WASHINGTON
COMPLAINT                                                   Complex Litigation Division
                                                          800 Fifth Avenue, Suite 2000
                                                             Seattle, WA 98104-3188
                                                                (206) 464-7744

**I.**

71.    WSU admits that it developed protocols for employees during the COVID-19 pandemic and that Plaintiff, as a former WSU employee, was required to follow them. WSU is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 71 and therefore denies them.

72.    WSU admits that Paragraph 72 accurately quotes portions of the Spokesman Review article cited in footnote 7, and that the article appears to have originally run in the Seattle Times. The article speaks for itself. To the extent any further response is required, WSU denies the remaining allegations contained in Paragraph 72.

73.    WSU is without information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and therefore denies them.

74.    WSU is without information sufficient to form a belief as to the truth of the allegations in Paragraph 74 and therefore denies them.

75.    WSU admits that Paragraph 75 links to a Post Millennial article dated November 19, 2021, which speaks for itself. WSU is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 75 and therefore denies them.

ANSWER TO FIRST AMENDED
COMPLAINT

14

**J.**

76.    WSU admits that counsel for Plaintiff provided WSU with a declaration, purportedly from Dr. Bhattacharya, on November 2, 2021, which speaks for itself. WSU denies the remainder of the allegations of Paragraph 76.

77.    WSU is without information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and therefore denies them.

78.    WSU is without information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and therefore denies them.

79.    WSU is without information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and therefore denies them.

80.    Denied.

81.    WSU admits that Paragraph 81 accurately reproduces a portion of the declaration provided to WSU on November 2, 2021, purportedly by Dr. Bhattacharya, which speaks for itself. WSU is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 81 and therefore denies them.

82.    WSU admits that Paragraph 82 accurately quotes a portion of the declaration provided to WSU on November 2, 2021, purportedly by Dr. Bhattacharya, which speaks for itself. WSU is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 82 and therefore denies them.

ANSWER TO FIRST AMENDED COMPLAINT

15

1    83.    WSU is without information sufficient to form a belief as to the truth

2    of the allegations in Paragraph 83 and therefore denies them.

3    84.    WSU admits that Paragraph 84 accurately quotes a portion of the

4    Declaration provided to WSU on November 2, 2021, purportedly by Dr.

5    Bhattacharya, which speaks for itself. WSU is without information sufficient to

6    form a belief as to the truth of the remaining allegations in Paragraph 84 and

7    therefore denies them.

8    85.    WSU admits that Paragraph 85 accurately quotes three words of a

9    July 28, 2021, Washington Post article, which speaks for itself. WSU is without

10    information sufficient to form a belief as to the truth of the remaining allegations

11    in Paragraph 85 and therefore denies them.

12    86.    WSU admits that Paragraph 86 accurately quotes a portion of the

13    Declaration provided to WSU on November 2, 2021, purportedly by Dr.

14    Bhattacharya, which speaks for itself. WSU is without information sufficient to

15    form a belief as to the truth of the remaining allegations in Paragraph 86 and

16    therefore denies them.

17    87.    Paragraph 87 characterizes the conclusions of the declaration

18    provided on November 2, 2021, purportedly by Dr. Bhattacharya, which speaks

19    for itself. Footnote 13 to Paragraph 87 cites two news articles, both of which

20    speak for themselves. WSU is without information sufficient to form a belief as

21    to the truth of the remaining allegations in Paragraph 87 and therefore denies

22    them.

ANSWER TO FIRST AMENDED          16          ATTORNEY GENERAL OF WASHINGTON
COMPLAINT                                                Complex Litigation Division
                                                       800 Fifth Avenue, Suite 2000
                                                         Seattle, WA  98104-3188
                                                              (206) 464-7744

88.    Denied.

89.    Paragraph 89 contains legal conclusions and argument to which no response is required. Paragraph 89 characterizes the opinion of a purported expert that speaks for itself. To the extent a further response is required, the allegations are denied.

**K.**

90.    WSU admits that Paragraph 90 contains an accurately quoted portion from the October 18, 2021, email from HRS Exemptions to Plaintiff. The email speaks for itself. WSU is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 90 and therefore denies them.

91.    WSU denies the first sentence of Paragraph 91. WSU admits that the second sentence of Paragraph 91 contains an accurately quoted portion from the October 18, 2021, email from HRS Exemptions to Plaintiff, which speaks for itself, and otherwise denies the second sentence of Paragraph 91.

92.    WSU admits that the October 18, 2021, email from HRS to Plaintiff stated that "it would pose an undue hardship to the University and/or a threat to yourself and others to allow you to remain in your position while unvaccinated." The email speaks for itself. To the extent a further response is required, any remaining allegations in Paragraph 92 are denied.

93.    WSU admits that it provided Mr. Rolovich with a Notice of Intent to Terminate With Just Cause on October 18, 2021, which speaks for itself.

ANSWER TO FIRST AMENDED
COMPLAINT

17

1    Paragraph 93 also contains legal conclusions and arguments to which no response

2    is required. To the extent any further response is required, WSU is without

3    information sufficient to form a belief as to the truth of the remaining allegations

4    in Paragraph 93 and therefore denies them.

5        94.    WSU is without information sufficient to form a belief as to the truth

6    of the allegations in Paragraph 94 and therefore denies them.

7        95.    WSU is without information sufficient to form a belief as to the truth

8    of the allegations in Paragraph 95 and therefore denies them.

9        96.    WSU is without information sufficient to form a belief as to the truth

10   of the allegations in Paragraph 96 and therefore denies them.

11       97.    Paragraph 97 contains legal conclusions and argument to which no

12   response is required. To the extent a further response is required, the allegations

13   are denied.

14                            **COUNT I**
                         **BREACH OF CONTRACT**
15   **BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR**
                            **DEALING**
16
         98.    WSU incorporates by reference its answers to the preceding
17
     paragraphs.
18
         99.    Paragraph 99 contains legal conclusions and argument to which no
19
     response is required. To the extent a further response is required, the allegations
20
     are denied.
21

22

ANSWER TO FIRST AMENDED                    18
COMPLAINT

1      100.   WSU admits that it terminated Plaintiff's employment in

2  December 2021 for just cause. The remainder of Paragraph 100 contains legal

3  conclusions and argument to which no response is required. To the extent a

4  further response is required, the allegations are denied.

5      101.   Denied.

6      102.   Denied.

7      103.   Paragraph 103 contains legal conclusions and argument to which no

8  response is required. To the extent a further response is required, the allegations

9  are denied.

10     104.   Paragraph 104 contains legal conclusions and argument to which no

11  response is required. To the extent a further response is required, the allegations

12  are denied.

13     105.   Denied.

14     106.   Denied.

15     107.   Denied.

16     108.   Denied.

17     109.   Paragraph 109 contains legal conclusions and argument to which no

18  response is required. To the extent a further response is required, the allegations

19  are denied.

20     110.   Denied.

21     111.   Denied.

22

ANSWER TO FIRST AMENDED                      19
COMPLAINT

1

**COUNT II**
**WASHINGTON LAW AGAINST DISCRIMINATION**
**RCW 49.60 *et seq.***

2

3    112.   WSU incorporates by reference its answers to the preceding

4    paragraphs.

5    113.   Denied.

6    114.   Paragraph 114 contains legal conclusions and argument to which no

7    response is required. To the extent a further response is required, the allegations

8    are denied.

**COUNT III**
**WASHINGTON CONSTITUTION, ARTICLE 1, SECTION 11**
**DISCRIMINATION AGAINST RELIGION/CONSCIENCE**

9

10   115.   WSU incorporates by reference its answers to the preceding

11   paragraphs.

12   116.   Count III was dismissed with prejudice per this Court's May 30,

13   2023, Order (ECF No. 33). Accordingly, no response is required. To the extent

14   any response is required, Paragraph 116 is denied.

15   117.   Count III was dismissed with prejudice per this Court's May 30,

16   2023, Order (ECF No. 33). Accordingly, no response is required. To the extent

17   any response is required, Paragraph 117 is denied.

18   118.   Count III was dismissed with prejudice per this Court's May 30,

19   2023, Order (ECF No. 33). Accordingly, no response is required. To the extent

20   any response is required, Paragraph 118 is denied.

21

22

ANSWER TO FIRST AMENDED
COMPLAINT

20

**COUNT IV**
**VIOLATION OF TITLE VII, 42 U.S.C. § 2000e,** *et seq.*

119.   WSU incorporates by reference its answers to the preceding paragraphs.

120.   Paragraph 120 contains legal conclusions and argument to which no response is required. To the extent a further response is required, the allegations are denied.

121.   Paragraph 121 contains legal conclusions and argument to which no response is required. To the extent a further response is required, the allegations are denied.

122.   Paragraph 122 contains legal conclusions and argument to which no response is required. To the extent a further response is required, the allegations are denied.

123.   Paragraph 123 contains legal conclusions and argument to which no response is required. To the extent a further response is required, the allegations are denied.

124.   Denied.

125.   Denied.

126.   Paragraph 126 contains legal conclusions and argument to which no response is required. To the extent a further response is required, the allegations are denied.

127.   Denied.

ANSWER TO FIRST AMENDED
COMPLAINT

21

1    128.  Denied.

2    129.  Denied.

3                        **COUNT V**
                  **42 U.S.C., SECTION 1983**
4    **First Amendment-Free Exercise of Religion and Fourteenth Amendment-**
                          **Due Process**
5              **(Defendant Chun only, in His Individual Capacity)**

6    130.  WSU incorporates by reference its answers to the preceding

7    paragraphs.

8    131.  Count V was dismissed with prejudice per this Court's May 30,

9    2023, Order (ECF No. 33). Accordingly, no response is required. To the extent

10   any response is required, Paragraph 131 is denied.

11   132.  Count V was dismissed with prejudice per this Court's May 30,

12   2023, Order (ECF No. 33). Accordingly, no response is required. To the extent

13   any response is required, Paragraph 132 is denied.

14   133.  Count V was dismissed with prejudice per this Court's May 30,

15   2023, Order (ECF No. 33). Accordingly, no response is required. To the extent

16   any response is required, Paragraph 133 is denied.

17   134.  Count V was dismissed with prejudice per this Court's May 30,

18   2023, Order (ECF No. 33). Accordingly, no response is required. To the extent

19   any response is required, Paragraph 134 is denied.

20   135.  Count V was dismissed with prejudice per this Court's May 30,

21   2023, Order (ECF No. 33). Accordingly, no response is required. To the extent

22   any response is required, Paragraph 135 is denied.

ANSWER TO FIRST AMENDED              22        ATTORNEY GENERAL OF WASHINGTON
COMPLAINT                                              Complex Litigation Division
                                                      800 Fifth Avenue, Suite 2000
                                                        Seattle, WA  98104-3188
                                                            (206) 464-7744

1    136.    Count V was dismissed with prejudice per this Court's May 30,

2  2023, Order (ECF No. 33). Accordingly, no response is required. To the extent

3  any response is required, Paragraph 136 is denied.

4    137.    Count V was dismissed with prejudice per this Court's May 30,

5  2023, Order (ECF No. 33). Accordingly, no response is required. To the extent

6  any response is required, Paragraph 137 is denied.

7    138.    Count V was dismissed with prejudice per this Court's May 30,

8  2023, Order (ECF No. 33). Accordingly, no response is required. To the extent

9  any response is required, Paragraph 138 is denied.

10    139.    Count V was dismissed with prejudice per this Court's May 30,

11  2023, Order (ECF No. 33). Accordingly, no response is required. To the extent

12  any response is required, Paragraph 139 is denied.

13    **COUNT VI**
    **42 U.S.C., SECTION 1983**
14    **(First Amendment-Free Exercise of Religion)**

15    140.    WSU incorporates by reference its answers to the preceding

16  paragraphs.

17    141.    Count VI was dismissed with prejudice per this Court's May 30,

18  2023, Order (ECF No. 33). Accordingly, no response is required. To the extent

19  any response is required, Paragraph 141 is denied.

20    142.    Count VI was dismissed with prejudice per this Court's May 30,

21  2023, Order (ECF No. 33). Accordingly, no response is required. To the extent

22  any response is required, Paragraph 142 is denied.

1    143.   Count VI was dismissed with prejudice per this Court's May 30,

2    2023, Order (ECF No. 33). Accordingly, no response is required. To the extent

3    any response is required, Paragraph 143 is denied.

4    144.   Count VI was dismissed with prejudice per this Court's May 30,

5    2023, Order (ECF No. 33). Accordingly, no response is required. To the extent

6    any response is required, Paragraph 144 is denied.

7    145.   Count VI was dismissed with prejudice per this Court's May 30,

8    2023, Order (ECF No. 33). Accordingly, no response is required. To the extent

9    any response is required, Paragraph 145 is denied.

10    146.   Count VI was dismissed with prejudice per this Court's May 30,

11    2023, Order (ECF No. 33). Accordingly, no response is required. To the extent

12    any response is required, Paragraph 146 is denied.

13    **COUNT VII**
**FOURTEENTH AMENDMENT-DUE PROCESS (As Applied)**

14

15    147.   Count VII was dismissed with prejudice per this Court's May 30,

16    2023, Order (ECF No. 33). Accordingly, no response is required. To the extent

17    any response is required, Paragraph 147 is denied.

18    148.   Count VII was dismissed with prejudice per this Court's May 30,

19    2023, Order (ECF No. 33). Accordingly, no response is required. To the extent

20    any response is required, Paragraph 148 is denied.

21

22

ANSWER TO FIRST AMENDED
COMPLAINT

24

1    149.    Count VII was dismissed with prejudice per this Court's May 30,

2    2023, Order (ECF No. 33). Accordingly, no response is required. To the extent

3    any response is required, Paragraph 149 is denied.

**PRAYER FOR RELIEF**

5    Paragraphs a through i of the Prayer for Relief section of the FAC

6    constitute Plaintiff's requests for relief, to which no response is required. To the

7    extent a response is required, WSU denies Plaintiff is entitled to the relief

8    requested or to any relief whatsoever.

**AFFIRMATIVE DEFENSES**

10    WSU's affirmative defenses to the FAC are set forth below. By setting forth

11    the following defenses, WSU does not assume burden of proof on the matter and

12    issue other than those on which it has the burden of proof as a matter of law. WSU

13    reserves the right to supplement these defenses.

14    1.    Plaintiff has failed to state a state a claim, in whole or in part, upon

15    which relief may be granted.

16    2.    Plaintiff's damages, if any, were caused by Plaintiff's own acts or

17    omissions or by the acts or omissions of third parties.

18    3.    The FAC fails, in whole or in part, because some or all of the relief

19    sought may be barred by Plaintiff's failure to mitigate damages.

20    4.    WSU's actions with respect to Plaintiff and concerning Plaintiff's

21    employment were based solely on legitimate, non-discriminatory, and

22    non-retaliatory business reasons, and were the result of a good faith effort to

ANSWER TO FIRST AMENDED
COMPLAINT                                25            ATTORNEY GENERAL OF WASHINGTON
                                                              Complex Litigation Division
                                                            800 Fifth Avenue, Suite 2000
                                                               Seattle, WA  98104-3188
                                                                  (206) 464-7744

1    comply with the law.

2        5.    Plaintiff's claims are barred in whole or in part by the doctrines of

3    laches, waiver, unclean hands, estoppel, and/or fraud on the court.

4        6.    Accommodating Plaintiff would have imposed an undue hardship

5    on WSU.

6        7.    WSU has not yet had a full opportunity to conduct discovery and,

7    accordingly, reserves the right to assert additional affirmative defenses that may

8    be disclosed in the course of discovery.

9                    **WSU'S REQUEST FOR RELIEF**

10        Wherefore, WSU prays that the Court:

11        1.    Dismiss Plaintiff's First Amended Complaint with prejudice;

12        2.    Deny all relief that Plaintiff requests;

13        3.    Grant WSU its costs and reasonable attorneys' fees; and

14        4.    Grant WSU such other and further relief as the Court may deem just

15    and proper.

16        DATED this 13th day of June 2023.

17                                ROBERT W. FERGUSON
                                   Attorney General
18

                                   */s/ Spencer W. Coates*
19                                 SPENCER W. COATES, WSBA #49683
                                   Assistant Attorney General
20                                 800 Fifth Avenue, Suite 2000
                                   Seattle, WA  98104-3188
21                                 (206) 464-7744
                                   Spencer.Coates@atg.wa.gov
22

ANSWER TO FIRST AMENDED                26        ATTORNEY GENERAL OF WASHINGTON
COMPLAINT                                                Complex Litigation Division
                                                        800 Fifth Avenue, Suite 2000
                                                          Seattle, WA 98104-3188
                                                             (206) 464-7744

1     ZACHARY J. PEKELIS, WSBA #44557
      Special Assistant Attorney General
2     PACIFICA LAW GROUP LLP
      1191 2nd Avenue, Suite 2000
3     Seattle, WA  98101-3404
      (206) 245-1700
4     Zach.Pekelis@PacificaLawGroup.com

5     *Attorneys for Defendant Washington
      State University*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ANSWER TO FIRST AMENDED                    27
COMPLAINT

1

## **CERTIFICATE OF SERVICE**

2      I hereby certify that on June 13, 2023, I electronically filed the foregoing

3   with the Clerk of the Court using the CM/ECF System, which in turn

4   automatically generated a Notice of Electronic Filing (NEF) to all parties in the

5   case who are registered users of the CM/ECF system. The NEF for the foregoing

6   specifically identifies recipients of electronic notice.

7      I declare under penalty of perjury under the laws of the State of

8   Washington and the United States of America that the foregoing is true and

9   correct.

10      DATED this 13th day of June 2023, at Seattle, Washington.

11
                                    */s/ Spencer W. Coates*
                                    SPENCER W. COATES, WSBA #49683
12                                  Assistant Attorney General

13

14

15

16

17

18

19

20

21

22

ANSWER TO FIRST AMENDED
COMPLAINT

28