UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NICOLAS ROLOVICH,<br><br>    Plaintiff,<br><br>  v.<br><br>WASHINGTON STATE UNIVERSITY, an agency of the State of Washington.<br><br>    Defendant. | CASE NO: 2:22-CV-00319-TOR<br><br>**JOINT STATUS REPORT AND DISCOVERY PLAN** |

Plaintiff Nicholas Rolovich and Defendant Washington State University submit the following Joint Status Report and Discovery Plan.

**A. Jurisdiction and Venue**

Defendant asserts that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) (diversity of citizenship), § 1331 (as to Plaintiff's federal law claim), and § 1367(a) (as to Plaintiff's state law claims). Defendant further asserts that venue is proper in this Court under 28 U.S.C. § 1391. Plaintiff moved to remand to

JOINT STATUS REPORT – 1
CASE NO: 2:22-CV-00319-TOR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

state court and this Court denied Plaintiff's motion to remand the case. Plaintiff reserves the right to appeal this denial of his request to remand.

**B.      Service of Process**

Service of process is complete.

**C.      Brief Description of the Claims and Defenses**

The parties hereby excerpt the following description of factual background contained in the Court's Order granting in part and denying in part Defendant's Motion to Dismiss, ECF No. 33. In so doing, the Parties do not waive any points of dispute they may have with the following characterization of the Court:

This matter relates to the termination of Plaintiff's employment from Washington State University (WSU). Plaintiff Nicholas Rolovich was the head football coach for WSU from January 14, 2020, until his employment was terminated on December 6, 2021. WSU is an agency of the State of Washington, located in Pullman, Washington. Patrick Chun is the Athletics Director for WSU.

The Governor issued Proclamation 21-14 on August 20, 2021, which required all applicable state employees to be fully vaccinated against COVID-19 by October 18, 2021. Thereafter, WSU established a new, two-step process for employee exemption requests. At the first step, the employee's exemption application was reviewed by a committee who did not know the employee's identity. If the exemption was approved, the request moved to the second step where a determination was made regarding the

JOINT STATUS REPORT – 2
CASE NO: 2:22-CV-00319-TOR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

1  employee's ability to safely perform the duties of his or her job without risking the
2  health and safety of the community.

3  On October 18, 2021, HR notified Plaintiff that his religious exemption request
4  would not be approved. The notice indicated there were questions about the timing of
5  Plaintiff's asserted religious beliefs and that Plaintiff's accommodations would create
6  an undue hardship to WSU. That same day, Plaintiff received a Notice of Intent to
7  Terminate with Just Cause from Chun. Plaintiff appealed the termination to WSU
8  President Kirk Schulz in accordance with the procedures outlined in his employment
9  contract. President Schulz ultimately denied the appeal, which became the final
10 decision of WSU, on December 6, 2021.

11 Plaintiff describes his claims as follows:

12 - Breach of Contract: Breach of Implied Covenant of Good Faith and Fair
13   Dealing. Defendant breached its contract with Plaintiff by terminating him
14   without just cause and refusing to pay out the liquidated damages required
15   pursuant to the contract.

16 - Violation of Washington Law Against Discrimination, RCW 49.60 *et seq*.
17   A substantial factor in Defendant's decision to terminate Plaintiff was
18   Plaintiff's sincerely held religious belief that precluded him from being
19   vaccinated.

20

21 JOINT STATUS REPORT – 3
   CASE NO: 2:22-CV-00319-TOR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

22

1
2
3
4

- Wrongful withholding of wages pursuant to RCW 49.52 *et seq*. and RCW 49.48.010. Defendant's breach of its contract with Plaintiff by terminating him for "just cause" and withholding the liquidated damages owed to Plaintiff constituted a wrongful withholding of wages.

5
6
7
8
9

- Violation of Title VII, 42 U.S.C. § 2000e *et seq*. Defendant failed to provide any accommodation. Undue hardship is not a complete defense to this claim because undue hardship cannot provide a complete defense to a failure to accommodate claim when an employer's desire to avoid accommodation is a motivating factor as it was for Defendant.

10

Defendant describes its defenses as follows:

11
12
13
14
15
16
17
18

- As to Plaintiff's Title VII and WLAD claims, Defendant is not liable because, inter alia: (1) Plaintiff's opposition to the COVID-19 vaccines was based on his essentially political, ideological, or pseudo-scientific opinions rather than a sincerely held religious belief; (2) Defendant could not have accommodated Plaintiff without experiencing an undue hardship; and (3) Plaintiff's sincerely held religious beliefs were not a motivating factor in Defendant's decision to terminate his employment, which was based solely on legitimate, nondiscriminatory reasons.

19
20
21
22

JOINT STATUS REPORT – 4
CASE NO: 2:22-CV-00319-TOR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

- As to Plaintiff's claim for breach of contract and breach of the implied covenant of good faith and fair dealing, Defendant is not liable because it had just cause to terminate Plaintiff's employment.

- As to Plaintiff's purported claim for "[w]rongful withholding of wages pursuant to RCW 49.52 *et seq*. and RCW 49.48.010," Defendant is not liable because the First Amended Complaint pleads no such claim, which is in any event derivative of—and fails for the same reasons as—Plaintiff's breach of contract claim, and otherwise fails as a matter of law.

**D.     Whether a Statute's Constitutionality Is Being Challenged**

Plaintiff does not challenge the constitutionality of any statute.

**E.     Whether any issues should be certified to a state supreme court**

The Parties do not believe that any issues pertinent to Plaintiff's state law claims should be certified to the Washington Supreme Court.

**F.     Suggested deadline for adding additional parties, amending the pleadings, and seeking class certification**

The Parties suggest a deadline of September 29, 2023, for adding additional parties, amending the pleadings, and seeking class certification.

**G.     Ownership Statement of Non-Governmental Corporate Parties**

No non-governmental corporate entities are parties to this case.

**H.     Minor or Incompetent Party and Guardian ad Litem**

No minor or incompetent party is involved in this case.

JOINT STATUS REPORT – 5
CASE NO:  2:22-CV-00319-TOR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

I. **Discovery**

**1. Confirmation initial disclosures will be accomplished by the hearing**

The Parties confirm that they will serve initial disclosures on or before the deadline of August 2, 2023.

**2. Subjects on which discovery may be needed**

Plaintiff anticipates seeking discovery on the following subjects, among others:

1. Data relied upon and/or made available to WSU regarding the effectiveness of the Covid vaccines and potential side effects and the feasibility and efficacy of preventative measures other than vaccination.

2. WSU communications discussing the efficacy and the potential side effects of the Covid vaccines.

3. The development and implementation of WSU's policies and procedures for evaluation of vaccination exemption requests, including communications by and among President Kirk Schulz, AD Patrick Chun, Bryan Blair, other WSU officials and personnel, and government personnel regarding making religious exemptions as narrow as possible.

4. Communications by or among any WSU personnel (including President Kirk Schulz, AD Patrick Chun , Bryan Blair, other WSU officials) the COVID-19 vaccination requirement and the exemption process, and/or Mr. Rolovich.

5. Internal discussions and deliberations by WSU, and discussions and deliberations by WSU with any other individual or governmental or private entity, regarding Mr. Rolovich's vaccination status and request for a religious exemption and accommodation from the COVID-19 vaccination requirement, including

   a. the "blind review" sincerity determination by HRS,

   b. the accommodation review step,

   c. discussions and communications by Athletic Department personnel, President Schulz, WSU Board of Regents, donors/supporters following

JOINT STATUS REPORT – 6
CASE NO: 2:22-CV-00319-TOR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

    HRS's initial determination that Rolovich's religious beliefs were sincere

  d. all communications within the Athletic Department re Rolovich's exemption request,

  e. EH&S's proposed accommodations and internal discussions re proposed accommodations,

  f. EH&S's October 14, 2021 memorandum re proposed accommodations for Mr. Rolovich

  g. WSU's determination that making an accommodation would result in undue hardship

  6. Communications between WSU and media personnel or members of the public regarding Mr. Rolovich, his employment or termination, Governor Insee's proclamation/the COVID-19 vaccination requirement and exemptions to the vaccination requirement

  7. Facts and circumstances regarding how other requests for medical and religious exemption by WSU personnel were evaluated and resolved

  8. Communications and interactions with WSU donors and boosters and the impact of Mr. Rolovich's vaccination status on donor commitments and/or any other concerns expressed.

  9. Facts, circumstances, and communications surrounding WSU athletic coaches' contracts and amendments thereto in 2020-2021, including the added provision that such coaches must "follow all federal, state, and local health directives, as well as university policies related to health and safety."

  10. Facts and circumstances surrounding Mr. Rolovich's termination, including all internal deliberations and discussions regarding his job performance, contract, salary and liquidated damages, vaccination status, objections to the vaccination, and mental health

  11. WSU's attempts to track or monitor Mr. Rolovich's online and social media activity

  12. Facts and circumstances surrounding other terminations of employment by WSU,

JOINT STATUS REPORT – 7
CASE NO: 2:22-CV-00319-TOR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

13. The job requirements and performance benchmarks for the WSU football head coach position.

14. Communications and documents discussing or reflecting the estimated actual cost to WSU to accommodate Rolovich per EHS's recommendations only.

15. Communications and deliberations regarding Patrick Chun's alleged violations of WSU, University of Idaho, and Arizona State University COVID-19 protocols, in addition to any disciplinary action discussed or considered by WSU regarding the foregoing.

16. Communications regarding disciplinary action considered or taken by WSU against Patrick Chun, including without limitation the incident where Mr. Chun was trespassed from the business of Pullman City Councilman Al Sorensen.

Defendant anticipates seeking discovery on the following subjects, among others: (a) the claims and allegations in Plaintiff's Amended Complaint; (b) Plaintiff's beliefs, statements, communications, and actions regarding COVID-19, including the COVID-19 vaccines; (c) Plaintiff's religious beliefs and practices, including as they relate to the COVID-19 vaccines; (d) Plaintiff's employment history and job performance; (e) Plaintiff's communications, interactions, and relationships with WSU employees, players, donors, and others in 2020 and 2021; (f) Plaintiff's role as head football coach at WSU, including the duties, responsibilities, and functions involved (g) Plaintiff's request for a religious exemption and accommodation from the COVID-19 vaccination requirement; (h) Plaintiff's alleged damages, including any efforts to mitigate them; and (i) the risks, costs, implications, and impacts of allowing Plaintiff to remain in the head football coach position unvaccinated, including the hardship to the conduct of Defendant's business.

JOINT STATUS REPORT – 8
CASE NO: 2:22-CV-00319-TOR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

### 3. Preserving discoverable information, including ESI

The Parties do not anticipate any issues related to preserving discoverable information, including electronically stored information ("ESI"). When ESI is responsive to a discovery request or appropriately the subject of mandatory disclosure, the Parties agree that responsive ESI will be provided consistent with the Model Protocol.

### 4. Claims of privilege, protection of confidentiality, and proposed confidentiality agreements

The Parties have discussed concerns related to privilege, confidentiality, and related issues. The Parties do not anticipate any unique privilege or confidentiality issues arising.

### 5. Proposed agreements reached under Fed. R. Evid. 502

Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party, and its production shall not constitute a waiver of such protection, if (i) such information appears on its face to have been inadvertently produced, or (ii) the producing party provides notice within 15 days of discovery by the producing party of the inadvertent production.

JOINT STATUS REPORT – 9
CASE NO: 2:22-CV-00319-TOR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

    **6. Proposed modifications to the standard discovery procedures, including bifurcation and/or consolidation of discovery, or an increase in the allowed number of depositions (10), interrogatories (25), requests for production (30), or requests for admission (15);**

The Parties propose the following modifications to the standard discovery limitations: 20 depositions (10 of 7-hour duration, 10 of 3-hour duration), 30 interrogatories, and 35 requests for production.

    **7. Suggested expert disclosure deadlines; and**

The Parties suggest an expert disclosure deadline of March 8, 2024, and a rebuttal expert disclosure deadline of April 12, 2024.

    **8. Suggested discovery cut-off**

The Parties suggest a discovery cut-off of May 24, 2024.

**J.**    **Anticipated motions and suggested dispositive motion filing deadlines**

Plaintiff anticipates filing a F.R.C.P. motion seeking to correct several factual and legal errors in the Court's Order on Motions to Dismiss issued on May 30, 2023, including the Court's ruling that Plaintiff has abandoned his claim for wrongful withholding of wages pursuant to RCW 49.52 *et seq*. and RCW 49.48.010 and several other issues. Plaintiff also anticipates filing a motion for summary judgment as to all claims and pretrial motions in limine

Defendant anticipates filing a motion for summary judgment as to all claims and motions in limine. The Parties suggest a dispositive motions deadline of July 1, 2024.

JOINT STATUS REPORT – 10
CASE NO: 2:22-CV-00319-TOR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

**K.    Trial**

**1. Whether a jury has been requested.  In cases removed from state court in which a party desires a jury trial, a jury demand must be filed within 30 days after removal, see LCivR 38(d);**

Plaintiff has requested a jury trial.

**2. Suggested trial date(s) and location;**

Plaintiff suggests a trial start date between September 1 and November 11, 2024. Defendant suggests a trial date of February 24, 2025, in Spokane.

**3. Anticipated length of trial;**

The Parties anticipate that trial would last 10 days.

**4. Requests for bifurcation**

The Parties do not request bifurcation of trial.

**5. The need for special audio/visual courtroom technology**

The Parties do not anticipate a need for special audio/visual courtroom technology.

**L.    The likelihood for settlement and the point at which the parties can conduct meaningful dispute resolution**

The Parties have met and conferred regarding dispute resolution and presently believe settlement is unlikely, but meaningful dispute resolution can be conducted at the close of discovery.

JOINT STATUS REPORT – 11
CASE NO: 2:22-CV-00319-TOR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

**M.    Any other matters that may be conducive to the just, speedy, and inexpensive determination of the action.**

In light of the rules against piecemeal appeals, Plaintiff notes that it reserves the right, upon entry of a final judgment, to appeal the dismissal of his claims against dismissed Defendant Patrick Chun."

IT IS SO AGREED, THROUGH COUNSEL OF RECORD.

DATED this 26th day of July, 2023.

> ROBERT W. FERGUSON
> Attorney General
>
> *s/ Spencer W. Coates*
> SPENCER W. COATES, WSBA #49683
> Assistant Attorney General
> 800 Fifth Avenue, Suite 2000
> Seattle, WA 98104-3188
> (206) 484-7744
> Spencer.Coates@atg.wa.gov
>
> PACIFICA LAW GROUP LLP
>
> *s/ Zachary J. Pekelis*
> ZACHARY J. PEKELIS, WSBA #44557
> Special Assistant Attorney General
> 1191 2nd Avenue, Suite 2000
> Seattle, WA 98101-3404
> (206) 245-1700
> Zach.Pekelis@PacificaLawGroup.com
>
> *Attorneys for Defendant Washington State University*

JOINT STATUS REPORT – 12
CASE NO: 2:22-CV-00319-TOR

PACIFICA LAW GROUP  LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON  98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

LAW OFFICE OF BRIAN FAHLING

*s/ Brian Fahling*
BRIAN FAHLING, WSBA #18894
8124 ne 166th Street
Kenmore, WA 98028
(425) 802-7326
bfahling@fahlinglaw.com


KNIFFIN LAW PLLC

*s/ Eric Kniffin*
102 S. Tejon Street, Suite 1100
Colorado Springs, CO 80903
(719) 212-4391
eric@kniffin.law

LEWIS ROCA ROTHGERBER CHRISTIE LLP

*s/ Job Seese*
1601 19th Street, Suite 1000
Denver, CO 80202-2995
(303) 628-9558
JSeese@lewisroca.com
*Admitted pro hac vice*

*Attorneys for Plaintiff*

JOINT STATUS REPORT – 13
CASE NO: 2:22-CV-00319-TOR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of July, 2023, I electronically filed the forgoing document to the Clerk of Court using the ECF System for filing.

By: *s/ Erica Knerr*
Erica Knerr, Legal Assistant

JOINT STATUS REPORT – 14
CASE NO: 2:22-CV-00319-TOR

PACIFICA LAW GROUP LLP
1191 SECOND AVENUE
SUITE 2000
SEATTLE, WASHINGTON 98101-3404
TELEPHONE: (206) 245-1700
FACSIMILE: (206) 245-1750