1   ROBERT W. FERGUSON
      Attorney General
2   SPENCER W. COATES, WSBA #49683
      Assistant Attorney General
3   800 Fifth Avenue, Suite 2000
      Seattle, WA  98104-3188
4   (206) 464-7744
      ZACHARY J. PEKELIS, WSBA #44557
5   W. SCOTT FERRON, WSBA #61154
      Special Assistant Attorneys General
6   PACIFICA LAW GROUP LLP
      1191 2nd Avenue, Suite 2000
7   Seattle, WA  98101-3404
      (206) 245-1700

8

9

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| NICHOLAS ROLOVICH,<br><br>          Plaintiff,<br><br>   v.<br><br>WASHINGTON STATE UNIVERSITY, an agency of the State of Washington,<br><br>          Defendant.[1] | NO. 2:22-cv-00319-TOR<br><br>**DEFENDANT WSU'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT** |

[1] Previous Defendants Patrick Chun and Governor Jay Inslee have been removed from the case caption, consistent with the Court's order granting in part Defendants' Motions to Dismiss. ECF Nos. 33, 57. The Second Amended Complaint disregards those orders by continuing to refer to Mr. Chun and Governor Inslee as "Defendants" and specifically pleading claims against them that the Court previously dismissed with prejudice. WSU denies that any claims

DEFENDANT WSU'S ANSWER TO
PLAINTIFF'S SECOND AMENDED
COMPLAINT

1

**GENERAL DENIAL**

Defendant Washington State University (WSU), by and through its attorneys, Robert W. Ferguson, Attorney General of Washington, Spencer W. Coates, Assistant Attorney General, and Zachary J. Pekelis and W. Scott Ferron, Special Assistant Attorneys General, hereby answer Plaintiff's Second Amended Complaint (SAC). Except as expressly admitted or qualified, WSU denies each and every allegation, statement, or charge in the SAC (whether contained in numbered paragraphs, unnumbered paragraphs, headings, or elsewhere), and denies that Plaintiff is entitled to any of the relief requested. To the extent that section and subsection headings used in the SAC constitute allegations to which a response is required, those allegations are denied.

**I.    INTRODUCTION**

1.    Paragraph 1 asserts allegations regarding Plaintiff's purported motivations or legal conclusions or argument, none of which requires a response by way of factual pleading. To the extent a response is required, Paragraph 1 is denied.

2.    Paragraph 2 asserts legal conclusions to which no response is required, and contains characterizations of the SAC which speaks for itself. To the extent a response is required, Paragraph 2 is denied.

---

against Mr. Chun or Governor Inslee remain in or could be asserted in this action. *See* ECF No. 57.

DEFENDANT WSU'S ANSWER TO
PLAINTIFF'S SECOND AMENDED
COMPLAINT

2

1

2      ## II.    JURISDICTION AND VENUE

3          3.      Paragraph 3 asserts a legal conclusion to which no response is

required. To the extent a response is required, Paragraph 3 is denied.

4          4.      Paragraph 4 asserts legal conclusions to which no response is

5      required, and contains characterizations of an Employment Agreement that

6      speaks for itself. To the extent a response is required, Paragraph 4 is denied.

7      ### III.    EXHUASTION OF ADMINISTRATIVE
                   PROCEDURES/REMEDIES

8
       **A.    WSU Administrative Process**
9
           5.      The first sentence of Paragraph 5 contains characterizations of an
10
Employment Agreement that speaks for itself. To the extent a response is
11
required, WSU admits that the Employment Agreement allowed Plaintiff to
12
appeal to the University President or designee a decision of the Athletic Director
13
regarding termination for just cause. WSU admits that Plaintiff timely responded
14
to the Athletic Director's notice of the provisions of the Agreement alleged to
15
have been violated and that Plaintiff timely appealed the Athletic Director's
16
decision to terminate for just cause. WSU admits that President Schultz denied
17
Mr. Rolovich's appeal of the Athletic Director's decision on or about
18
December 6, 2021. Paragraph 5 is otherwise denied.
19
       **B.    Equal Employment Opportunity Commission/Washington State
20             Human Rights Commission**

21         6.      WSU admits that Plaintiff filed a charge of discrimination with the

22     Equal Employment Opportunity Commission (EEOC), and that EEOC notified

DEFENDANT WSU'S ANSWER TO                      3        ATTORNEY GENERAL OF WASHINGTON
PLAINTIFF'S SECOND AMENDED                                    Complex Litigation Division
                                                              800 Fifth Avenue, Suite 2000
COMPLAINT                                                      Seattle, WA  98104-3188
                                                                   (206) 464-7744

WSU of this charge on February 17, 2022. The remainder of Paragraph 6 contains legal conclusions or argument to which no response is required. To the extent a further response is required, the allegations are denied.

7.    WSU admits that the U.S. Department of Justice's Civil Rights Division (DOJ) issued a Notice of Right to Sue to Plaintiff on August 16, 2022. WSU is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 and therefore denies them.

**C.    Department of Enterprise Services—Office of Risk Management (Tort Claim)**

8.    Admit.

9.    Admit.

10.    Paragraph 10 contains legal conclusions or argument to which no response is required. To the extent a further response is required, the allegations are denied.

## IV.    PARTIES

11.    WSU admits that Plaintiff was the Head Football Coach for WSU from January 14, 2020, until his employment was terminated on December 6, 2021. WSU is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11 and therefore denies them.

12.    Admit.

13.    WSU admits that Patrick Chun is the Athletics Director for WSU and that he was sued in his individual capacity before being dismissed by this

DEFENDANT WSU'S ANSWER TO
PLAINTIFF'S SECOND AMENDED
COMPLAINT

4

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1  Court as a Defendant on May 30, 2023, and again on October 24, 2023. WSU

2  denies that Plaintiff may assert any claims against Mr. Chun. The remainder of

3  Paragraph 13 contains legal conclusions or argument to which no response is

4  required. To the extent a further response is required, the allegations are denied.

5       14.    WSU admits that Jay Inslee is the Governor of Washington and that

6  he was sued in his official capacity before being dismissed by this Court as a

7  Defendant on May 30, 2023, and again on October 24, 2023. ECF Nos. 33, 57.

8  To the extent a further response is required, the allegations are denied.

9  **V.    STATEMENT OF FACTS**

10       15.    WSU admits that it terminated Plaintiff's employment for just cause.

11  The remainder of Paragraph 15 contains legal conclusions or argument to which

12  no response is required. To the extent a further response is required, the

13  allegations are denied.

14  **A.**

15       16.    WSU denies that the SAC attached a true and correct copy of the

16  employment agreement between Plaintiff and WSU as an exhibit. WSU admits

17  that it entered into a memorandum of understanding (MOU) with Plaintiff, which

18  was dated January 13, 2020. WSU further admits that it executed an employment

19  agreement (the Agreement) with Plaintiff in April 2020. Both the MOU and the

20  Agreement speak for themselves. The remaining allegations in Paragraph 16

21  consist of legal conclusions or argument to which no response is required. To the

22  extent a further response is required, the allegations are denied.

DEFENDANT WSU'S ANSWER TO
PLAINTIFF'S SECOND AMENDED
COMPLAINT

5

1    17.    WSU admits that Paragraph 17 quotes some portions of the

2    Agreement, which speaks for itself. The remainder of Paragraph 17 contains legal

3    conclusions and argument to which no response is required. To the extent a

4    further response is required, the allegations are denied.

5    18.    WSU admits that Paragraph 18 quotes some portions of the

6    Agreement, which speaks for itself. The remainder of Paragraph 18 contains legal

7    conclusions and argument to which no response is required. To the extent a

8    further response is required, the allegations are denied.

9    19.    WSU admits that Paragraph 19 quotes Paragraph 4.1 of the

10   Agreement, which speaks for itself. The remainder of Paragraph 19 contains legal

11   conclusions and argument to which no response is required. To the extent a

12   further response is required, the allegations are denied.

13   20.    Paragraph 20 contains legal conclusions and argument to which no

14   response is required. To the extent a further response is required, the allegations

15   are denied.

16   **B.**

17   21.    WSU admits that Governor Inslee issued Proclamation 20-05, which

18   speaks for itself, on February 29, 2020. WSU further admits that Proclamation

19   20-05 was Governor Inslee's first proclamation related to COVID-19. WSU is

20   without information sufficient to form a belief as to the truth of the remaining

21   allegations in Paragraph 21 and therefore denies the same.

22

DEFENDANT WSU'S ANSWER TO                    6          ATTORNEY GENERAL OF WASHINGTON
PLAINTIFF'S SECOND AMENDED                                 Complex Litigation Division
COMPLAINT                                                    800 Fifth Avenue, Suite 2000
                                                              Seattle, WA  98104-3188
                                                                  (206) 464-7744

1      22.    WSU admits that some employees—including assistant football

2    coaches—signed updated employment agreements in 2021, all of which speak

3    for themselves. The remainder of Paragraph 22 contains legal conclusions and

4    argument to which no response is required. To the extent a further response is

5    required, the allegations are denied.

6      23.    WSU admits that the Agreement was never amended from its

7    original form. The remainder of Paragraph 23 contains legal conclusions and

8    argument to which no response is required. To the extent a further response is

9    required, the allegations are denied.

10   **C.**

11      24.    WSU is without information sufficient to form a belief as to the truth

12   of the allegations in Paragraph 24 and therefore denies them.

13      25.    WSU is without information sufficient to form a belief as to the truth

14   of the allegations in Paragraph 25 and therefore denies them.

15      26.    WSU is without information sufficient to form a belief as to the truth

16   of the allegations in Paragraph 26 and therefore denies them.

17      27.    WSU is without information sufficient to form a belief as to the truth

18   of the allegations in Paragraph 27 and therefore denies them.

19      28.    WSU is without information sufficient to form a belief as to the truth

20   of the allegations in Paragraph 28 and therefore denies them.

21      29.    WSU is without information sufficient to form a belief as to the truth

22   of the allegations in Paragraph 29 and therefore denies them.

DEFENDANT WSU'S ANSWER TO
PLAINTIFF'S SECOND AMENDED
COMPLAINT

7

**D.**

1

2    30.    WSU denies that statements attributed to Mr. Chun in the SAC, even if true, would "demonstrate[] his hostility toward Mr. Rolovich's expressed religious" beliefs. WSU is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30 and therefore denies them.

31.    WSU is without information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and therefore denies them.

32.    WSU is without information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and therefore denies them.

33.    WSU admits that at some points prior to August 20, 2021, it had permitted exemptions from the University's COVID-19 vaccination requirement for employees based on either medical reasons or "personal/religious" objections. Consistent with Governor Inslee's Proclamation 21-14, WSU modified its policy to limit exemptions and reasonable accommodations to those employees who were unable to receive the COVID-19 vaccines due to medical reasons or sincerely held religious beliefs. To the extent a further response is required, Paragraph 33 is denied.

34.    WSU is without information sufficient to form a belief as to the truth of the allegations in Paragraph 34 and therefore denies them.

35.    WSU is without information sufficient to form a belief as to the truth of the allegations in Paragraph 35 and therefore denies them.

DEFENDANT WSU'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

8

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1      36.   WSU admits that Paragraph 36 accurately quotes a portion of an

2  August 24, 2021, Q13 Fox article that purports to quote an email from Kathryn

3  Leathers. WSU is without information sufficient to form a belief as to the truth

4  of the remaining allegations in Paragraph 36 and therefore denies them.

5      37.   WSU admits that Paragraph 37 accurately quotes a portion of an

6  October 13, 2021, KXLY article, which speaks for itself. WSU denies the

7  remainder of Paragraph 37.

8      38.   WSU is without information sufficient to form a belief as to the truth

9  of the allegations in Paragraph 38 and therefore denies them.

10     39.   WSU is without information sufficient to form a belief as to the truth

11  of the allegations in Paragraph 39 and therefore denies them.

12     40.   WSU is without information sufficient to form a belief as to the truth

13  of the allegations in Paragraph 40 and therefore denies them.

14     41.   WSU is without information sufficient to form a belief as to the truth

15  of the allegations in Paragraph 41 and therefore denies them.

16     42.   WSU admits that Plaintiff emailed WSU's Human Resource

17  Services (HRS) regarding exemptions from the COVID-19 vaccination

18  requirement. Those emails speak for themselves. To the extent a further response

19  is required, WSU is without information sufficient to form a belief as to the truth

20  of the remaining allegations in Paragraph 42 and therefore denies them.

21     43.   WSU is without information sufficient to form a belief as to the truth

22  of the allegations in Paragraph 43 and therefore denies them.

DEFENDANT WSU'S ANSWER TO
PLAINTIFF'S SECOND AMENDED
COMPLAINT

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1      44.    WSU is without information sufficient to form a belief as to the truth

2    of the allegations in Paragraph 44 and therefore denies them.

3      45.    WSU is without information sufficient to form a belief as to the truth

4    of the allegations in Paragraph 45 and therefore denies them.

5      46.    WSU is without information sufficient to form a belief as to the truth

6    of the allegations in Paragraph 46 and therefore denies them.

7      47.    WSU is without information sufficient to form a belief as to the truth

8    of the allegations in Paragraph 47 and therefore denies them.

9      48.    WSU admits that on or about August 20, 2021, Governor Inslee

10    issued Proclamation 21-14.1, which speaks for itself.

11      49.    WSU denies that Paragraph 49 accurately quotes a portion of

12    Proclamation 21-14.1, which speaks for itself. To the extent a further response is

13    required, Paragraph 49 contains legal conclusions to which no response is

14    required. To the extent a further response is required, the allegations are denied.

15    **E.**

16      50.    WSU admits that Paragraph 50 accurately quotes a portion of a

17    September 13, 2021, DailyMed announcement, which speaks for itself. WSU

18    admits that footnote 3 of Paragraph 50 accurately quotes a portion of the

19    document hyperlinked therein, which speaks for itself. Except as expressly

20    admitted above, WSU denies all remaining allegations in Paragraph 50.

21

22

DEFENDANT WSU'S ANSWER TO        10        ATTORNEY GENERAL OF WASHINGTON
PLAINTIFF'S SECOND AMENDED                        Complex Litigation Division
COMPLAINT                                   800 Fifth Avenue, Suite 2000
                                         Seattle, WA  98104-3188
                                          (206) 464-7744

1    51.    WSU denies that any letter was attached as an exhibit to the SAC.

2    WSU is without information sufficient to form a belief as to the truth of the

3    remaining allegations in Paragraph 51 and therefore denies them.

4    52.    WSU is without information sufficient to form a belief as to the truth

5    of the allegations in Paragraph 52 and therefore denies them.

6    53.    WSU is without information sufficient to form a belief as to the truth

7    of the allegations in Paragraph 53 and therefore denies them.

8    54.    Paragraph 54 contains legal conclusions and argument to which no

9    response is required. To the extent a further response is required, the allegations

10   are denied.

11   55.    Paragraph 55 cites a federal statute, 21 U.S.C. § 360bbb-3, which

12   speaks for itself. Paragraph 55 contains legal conclusions and argument to which

13   no response is required. To the extent a further response is required, the

14   allegations are denied.

15   56.    WSU admits that Paragraph 56 contains a link to the FDA's website

16   but denies that the link directs the reader to the Fact Sheet referenced in that

17   paragraph. Regardless, the Fact Sheet speaks for itself. To the extent a further

18   response is required, the allegations are denied.

19   57.    Denied.

20   58.    Denied.

21

22

DEFENDANT WSU'S ANSWER TO            11          ATTORNEY GENERAL OF WASHINGTON
PLAINTIFF'S SECOND AMENDED                          Complex Litigation Division
COMPLAINT                                          800 Fifth Avenue, Suite 2000
                                                     Seattle, WA  98104-3188
                                                        (206) 464-7744

**F.**

59.    WSU admits that it timely established procedures for its employees to request, and for the University to consider and approve or deny requests for, religious and/or medical exemptions in accordance with Proclamation 21-14, as amended. WSU denies the remaining allegations in Paragraph 59.

60.    WSU admits that WSU published its procedures for evaluating requests for religious exemptions pursuant to Proclamation 21-14, as amended, on the University's website and that it shared "Frequently Asked Questions (FAQs)" with answers. WSU further admits that Paragraph 60 accurately quotes a portion of the FAQs, which speaks for itself, but denies that the link in footnote 4 of Paragraph 60 directs the reader to the FAQs. The remainder of Paragraph 60 contains legal conclusions and argument to which no response is required. To the extent a further response is required, the allegations are denied.

61.    WSU admits that Paragraph 61 accurately quotes portions of the WSU-Everett webpage cited in footnote 5, which webpage speaks for itself. The remainder of Paragraph 61 contains legal conclusions and argument to which no response is required. To the extent any further response is required, WSU denies the remaining allegations contained in Paragraph 61.

62.    WSU admits that Paragraph 62 accurately quotes portions of the October 7, 2021, Mercury News article cited in footnote 6, which article speaks for itself. The remainder of Paragraph 62 contains legal conclusions and

DEFENDANT WSU'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

12

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1    argument to which no response is required. To the extent any further response is

2    required, WSU denies the remaining allegations contained in Paragraph 62.

3    **G.**

4      63.    Denied.

5      64.    WSU admits that HRS sent Mr. Chun an email on October 6, 2021,

6    which speaks for itself. The remaining allegations in Paragraph 64 are denied.

7      65.    WSU admits that Paragraph 65 accurately quotes portions of an

8    October 6, 2021, email from HRS, which speaks for itself. To the extent a further

9    response is required, any remaining allegations are denied.

10   **H.**

11     66.    WSU admits that the Athletics Department sent HRS two

12   memoranda dated October 13, 2021, which speak for themselves. To the extent

13   a further response is required, any remaining allegations in Paragraph 66 are

14   denied.

15     67.    WSU admits that Paragraph 67 accurately quotes portions of one of

16   the October 13, 2021, Athletics Department memoranda and HRS's October 6,

17   2021 email, which speak for themselves. To the extent a further response is

18   required, any remaining allegations in Paragraph 67 are denied.

19     68.    WSU admits that on October 14, 2021, the Department of

20   Environmental Health and Safety (EH&S) sent a memorandum to Mr. Chun and

21   the Athletics Department, and that Paragraph 68 accurately quotes a portion of

22

DEFENDANT WSU'S ANSWER TO                13       ATTORNEY GENERAL OF WASHINGTON
PLAINTIFF'S SECOND AMENDED                             Complex Litigation Division
COMPLAINT                                               800 Fifth Avenue, Suite 2000
                                                          Seattle, WA 98104-3188
                                                              (206) 464-7744

1    this memorandum, which speaks for itself. To the extent a further response is

2    required, any remaining allegations in Paragraph 68 are denied.

3        69.    WSU admits that the Athletics Department sent HRS a

4    memorandum in response to the October 14, 2021, EH&S memorandum, and that

5    Paragraph 69 accurately quotes a portion of this memorandum, which speaks for

6    itself. To the extent a further response is required, any remaining allegations are

7    denied.

8        70.    WSU admits that the Athletics Department issued a memorandum

9    in response to the October 14, 2021, EH&S memorandum, and that Paragraph 70

10    accurately quotes some portions of this memorandum, which speaks for itself. To

11    the extent a further response is required, any remaining allegations are denied.

12    **I.**

13        71.    WSU admits that it developed protocols for employees during the

14    COVID-19 pandemic and that Plaintiff, as a former WSU employee, was

15    required to follow them while employed by WSU. WSU is without information

16    sufficient to form a belief as to the truth of the remaining allegations in

17    Paragraph 71 and therefore denies them.

18        72.    WSU admits that Paragraph 72 accurately quotes portions of the

19    Spokesman Review article cited in footnote 7, and that the article appears to have

20    originally run in the Seattle Times. The article speaks for itself. To the extent any

21    further response is required, WSU denies the remaining allegations contained in

22    Paragraph 72.

DEFENDANT WSU'S ANSWER TO                    14        ATTORNEY GENERAL OF WASHINGTON
PLAINTIFF'S SECOND AMENDED                            Complex Litigation Division
COMPLAINT                                            800 Fifth Avenue, Suite 2000
                                                     Seattle, WA 98104-3188
                                                     (206) 464-7744

73.    WSU is without information sufficient to form a belief as to the truth of the allegations in Paragraph 73 and therefore denies them.

74.    WSU is without information sufficient to form a belief as to the truth of the allegations in Paragraph 74 and therefore denies them.

75.    WSU admits that Paragraph 75 links to a Post Millennial article dated November 19, 2021, which speaks for itself. WSU is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 75 and therefore denies them.

**J.**

76.    WSU admits that counsel for Plaintiff provided WSU with a document, purportedly a declaration from Dr. Bhattacharya, on November 2, 2021, which speaks for itself. WSU denies the remainder of the allegations of Paragraph 76.

77.    WSU is without information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and therefore denies them.

78.    WSU is without information sufficient to form a belief as to the truth of the allegations in Paragraph 78 and therefore denies them.

79.    WSU is without information sufficient to form a belief as to the truth of the allegations in Paragraph 79 and therefore denies them.

80.    Denied.

81.    WSU admits that Paragraph 81 accurately reproduces a portion of the declaration provided to WSU on November 2, 2021, purportedly by

DEFENDANT WSU'S ANSWER TO
PLAINTIFF'S SECOND AMENDED
COMPLAINT

15

1    Dr. Bhattacharya, which speaks for itself. WSU is without information sufficient
2    to form a belief as to the truth of the remaining allegations in Paragraph 81 and
3    therefore denies them.

4         82.    WSU admits that Paragraph 82 accurately quotes a portion of the
5    declaration provided to WSU on November 2, 2021, purportedly by
6    Dr. Bhattacharya, which speaks for itself. WSU is without information sufficient
7    to form a belief as to the truth of the remaining allegations in Paragraph 82 and
8    therefore denies them.

9         83.    WSU is without information sufficient to form a belief as to the truth
10   of the allegations in Paragraph 83 and therefore denies them.

11        84.    WSU admits that Paragraph 84 accurately quotes a portion of the
12   Declaration provided to WSU on November 2, 2021, purportedly by
13   Dr. Bhattacharya, which speaks for itself. WSU is without information sufficient
14   to form a belief as to the truth of the remaining allegations in Paragraph 84 and
15   therefore denies them.

16        85.    WSU admits that Paragraph 85 accurately quotes three words of a
17   July 28, 2021, Washington Post article, which speaks for itself. WSU is without
18   information sufficient to form a belief as to the truth of the remaining allegations
19   in Paragraph 85 and therefore denies them.

20        86.    WSU admits that Paragraph 86 accurately quotes a portion of the
21   Declaration provided to WSU on November 2, 2021, purportedly by
22   Dr. Bhattacharya, which speaks for itself. WSU is without information sufficient

DEFENDANT WSU'S ANSWER TO
PLAINTIFF'S SECOND AMENDED
COMPLAINT

16

1    to form a belief as to the truth of the remaining allegations in Paragraph 86 and

2    therefore denies them.

3         87.    Paragraph 87 characterizes the conclusions of the declaration

4    provided on November 2, 2021, purportedly by Dr. Bhattacharya, which speaks

5    for itself. Footnote 13 to Paragraph 87 cites two news articles, both of which

6    speak for themselves. WSU is without information sufficient to form a belief as

7    to the truth of the remaining allegations in Paragraph 87 and therefore denies

8    them.

9         88.    Denied.

10         89.    Paragraph 89 contains legal conclusions and argument to which no

11    response is required. Paragraph 89 characterizes the opinion of a purported expert

12    that speaks for itself. To the extent a further response is required, the allegations

13    are denied.

14    **K.**

15         90.    WSU admits that Paragraph 90 contains an accurately quoted

16    portion from the October 18, 2021, email from HRS Exemptions to Plaintiff. The

17    email speaks for itself. WSU is without information sufficient to form a belief as

18    to the truth of the remaining allegations in Paragraph 90 and therefore denies

19    them.

20         91.    WSU denies the first sentence of Paragraph 91. WSU admits that

21    the second sentence of Paragraph 91 contains an accurately quoted portion from

22

DEFENDANT WSU'S ANSWER TO
PLAINTIFF'S SECOND AMENDED
COMPLAINT

17

1    the October 18, 2021, email from HRS Exemptions to Plaintiff, which speaks for

2    itself, and otherwise denies the second sentence of Paragraph 91.

3          92.    WSU denies that HRS ever took the position "that Mr. Rolovich's

4    sincere religious beliefs could be accommodated by WSU," or that its October

5    18, 2021, email to Plaintiff represented a "revers[al]" of any such position. WSU

6    admits that the October 18, 2021, email from HRS to Plaintiff stated that "it

7    would pose an undue hardship to the University and/or a threat to yourself and

8    others to allow you to remain in your position while unvaccinated." The email

9    speaks for itself. To the extent a further response is required, any remaining

10    allegations in Paragraph 92 are denied.

11          93.    WSU admits that it provided Mr. Rolovich with a Notice of Intent

12    to Terminate With Just Cause on October 18, 2021, which speaks for itself.

13    Paragraph 93 also contains legal conclusions and arguments to which no response

14    is required. To the extent any further response is required, WSU is without

15    information sufficient to form a belief as to the truth of the remaining allegations

16    in Paragraph 93 and therefore denies them.

17          94.    WSU is without information sufficient to form a belief as to the truth

18    of the allegations in Paragraph 94 and therefore denies them.

19          95.    WSU is without information sufficient to form a belief as to the truth

20    of the allegations in Paragraph 95 and therefore denies them.

21          96.    WSU is without information sufficient to form a belief as to the truth

22    of the allegations in Paragraph 96 and therefore denies them.

DEFENDANT WSU'S ANSWER TO
PLAINTIFF'S SECOND AMENDED
COMPLAINT

18

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1    97.    Paragraph 97 contains legal conclusions and argument to which no

2  response is required. To the extent a further response is required, the allegations

3  are denied.

4                          **COUNT I**
                   **BREACH OF CONTRACT**
5  **BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR**
                           **DEALING**
6
      98.    WSU incorporates by reference its answers to the preceding
7
   paragraphs.
8
      99.    Paragraph 99 contains legal conclusions and argument to which no
9
   response is required. To the extent a further response is required, the allegations
10
   are denied.
11
      100.   WSU admits that it terminated Plaintiff's employment in
12
   December 2021 for just cause. The remainder of Paragraph 100 contains legal
13
   conclusions and argument to which no response is required. To the extent a
14
   further response is required, the allegations are denied.
15
      101.   Denied.
16
      102.   Denied.
17
      103.   Paragraph 103 contains legal conclusions and argument to which no
18
   response is required. To the extent a further response is required, the allegations
19
   are denied.
20

21

22

DEFENDANT WSU'S ANSWER TO                    19          ATTORNEY GENERAL OF WASHINGTON
PLAINTIFF'S SECOND AMENDED                                   Complex Litigation Division
COMPLAINT                                                   800 Fifth Avenue, Suite 2000
                                                              Seattle, WA  98104-3188
                                                                  (206) 464-7744

1      104.   Paragraph 104 contains legal conclusions and argument to which no

2    response is required. To the extent a further response is required, the allegations

3    are denied.

4      105.   Denied.

5      106.   Denied.

6      107.   Denied.

7      108.   Denied.

8      109.   Paragraph 109 contains legal conclusions and argument to which no

9    response is required. To the extent a further response is required, the allegations

10   are denied.

11     110.   Denied.

12     111.   Denied.

### COUNT II
### WRONGFUL WITHHOLDINGS OF WAGES
### RCW 49.52, et. seq., and RCW 49.48.010, et seq.

15     112.   WSU incorporates by reference its answers to the preceding

16   paragraphs.

17     113.   Paragraph 113 contains legal conclusions and argument to which no

18   response is required. To the extent a further response is required, the allegations

19   are denied.

20     114.   WSU admits that Plaintiff's employment was terminated for just

21   cause in December 2021. The remainder of Paragraph 114 contains legal

22   conclusions and argument to which no response is required. To the extent a

DEFENDANT WSU'S ANSWER TO          20

1   further response is required, the remaining allegations of Paragraph 114 are

2   denied.

3       115.   Paragraph 115 contains legal conclusions and argument to which no

4   response is required. To the extent a further response is required, the allegations

5   are denied.

6       116.   Paragraph 116 contains legal conclusions and argument to which no

7   response is required. To the extent a further response is required, the allegations

8   are denied.

9       117.   Paragraph 117 contains legal conclusions and argument to which no

10   response is required. To the extent a further response is required, the allegations

11   are denied.

12   **COUNT III**
**WASHINGTON LAW AGAINST DISCRIMINATION**
13   **RCW 49.60** *et seq.*

14       118.   WSU incorporates by reference its answers to the preceding

15   paragraphs.

16       119.   Denied.

17       120.   Paragraph 120 contains legal conclusions and argument to which no

18   response is required. To the extent a further response is required, the allegations

19   are denied.

20

21

22

DEFENDANT WSU'S ANSWER TO
PLAINTIFF'S SECOND AMENDED
COMPLAINT

21

1
2

**COUNT IV**
**WASHINGTON CONSTITUTION, ARTICLE 1, SECTION 11**
**DISCRIMINATION AGAINST RELIGION/CONSCIENCE**

3    121.  WSU incorporates by reference its answers to the preceding

4    paragraphs.

5    122.  Count IV was dismissed with prejudice per this Court's May 30,

6    2023, Order (ECF No. 33), and again on October 24, 2023 (ECF No. 57).

7    Accordingly, no response is required. To the extent any response is required,

8    Paragraph 122 is denied.

9    123.  Count IV was dismissed with prejudice per this Court's May 30,

10   2023, Order (ECF No. 33), and again on October 24, 2023 (ECF No. 57).

11   Accordingly, no response is required. To the extent any response is required,

12   Paragraph 123 is denied.

13   124.  Count IV was dismissed with prejudice per this Court's May 30,

14   2023, Order (ECF No. 33), and again on October 24, 2023 (ECF No. 57).

15   Accordingly, no response is required. To the extent any response is required,

16   Paragraph 124 is denied.

17

**COUNT V**
**VIOLATION OF TITLE VII, 42 U.S.C. § 2000e, *et seq.***

18

19   125.  WSU incorporates by reference its answers to the preceding

    paragraphs.

20

21

22

DEFENDANT WSU'S ANSWER TO
PLAINTIFF'S SECOND AMENDED
COMPLAINT

22

1    126.   Paragraph 126 contains legal conclusions and argument to which no

2    response is required. To the extent a further response is required, the allegations

3    are denied.

4    127.   Denied.

5    128.   WSU admits that Plaintiff requested a religious exemption and

6    accommodation from Proclamation 21-14's vaccination requirement. To the

7    extent a further response is required, any remaining allegations in Paragraph 128

8    are denied.

9    129.   Paragraph 129 contains legal conclusions and argument to which no

10   response is required. To the extent a further response is required, the allegations

11   are denied.

12   130.   Denied.

13   131.   Denied.

14   132.   Paragraph 132 contains legal conclusions and argument to which no

15   response is required. To the extent a further response is required, the allegations

16   are denied.

17   133.   Denied.

18   134.   Denied.

19   135.   Denied.

20

21

22

DEFENDANT WSU'S ANSWER TO
PLAINTIFF'S SECOND AMENDED
COMPLAINT

23

1

**COUNT VI**
**42 U.S.C., SECTION 1983**
**First Amendment-Free Exercise of Religion and Fourteenth**

2

**Amendment-Due Process**

3

**(Defendant Chun only, in his Individual Capacity)**

4    136.   WSU incorporates by reference its answers to the preceding

5    paragraphs.

6    137.   Count VI was dismissed with prejudice per this Court's May 30,

7    2023, Order (ECF No. 33), and again on October 24, 2023 (ECF No. 57).

8    Accordingly, no response is required. To the extent any response is required,

9    Paragraph 137 is denied.

10    138.   Count VI was dismissed with prejudice per this Court's May 30,

11    2023, Order (ECF No. 33), and again on October 24, 2023 (ECF No. 57).

12    Accordingly, no response is required. To the extent any response is required,

13    Paragraph 138 is denied.

14    139.   Count VI was dismissed with prejudice per this Court's May 30,

15    2023, Order (ECF No. 33), and again on October 24, 2023 (ECF No. 57).

16    Accordingly, no response is required. To the extent any response is required,

17    Paragraph 139 is denied.

18    140.   Count VI was dismissed with prejudice per this Court's May 30,

19    2023, Order (ECF No. 33), and again on October 24, 2023 (ECF No. 57).

20    Accordingly, no response is required. To the extent any response is required,

21    Paragraph 140 is denied.

22

DEFENDANT WSU'S ANSWER TO
PLAINTIFF'S SECOND AMENDED
COMPLAINT

24

1      141. Count VI was dismissed with prejudice per this Court's May 30,

2    2023, Order (ECF No. 33), and again on October 24, 2023 (ECF No. 57).

3    Accordingly, no response is required. To the extent any response is required,

4    Paragraph 141 is denied.

5      142. Count VI was dismissed with prejudice per this Court's May 30,

6    2023, Order (ECF No. 33), and again on October 24, 2023 (ECF No. 57).

7    Accordingly, no response is required. To the extent any response is required,

8    Paragraph 142 is denied.

9      143. Count VI was dismissed with prejudice per this Court's May 30,

10   2023, Order (ECF No. 33), and again on October 24, 2023 (ECF No. 57).

11   Accordingly, no response is required. To the extent any response is required,

12   Paragraph 143 is denied.

13     144. Count VI was dismissed with prejudice per this Court's May 30,

14   2023, Order (ECF No. 33), and again on October 24, 2023 (ECF No. 57).

15   Accordingly, no response is required. To the extent any response is required,

16   Paragraph 144 is denied.

17     145. Count VI was dismissed with prejudice per this Court's May 30,

18   2023, Order (ECF No. 33), and again on October 24, 2023 (ECF No. 57).

19   Accordingly, no response is required. To the extent any response is required,

20   Paragraph 145 is denied.

21

22

DEFENDANT WSU'S ANSWER TO      25        ATTORNEY GENERAL OF WASHINGTON
PLAINTIFF'S SECOND AMENDED               Complex Litigation Division
COMPLAINT                            800 Fifth Avenue, Suite 2000
                                  Seattle, WA  98104-3188
                                  (206) 464-7744

1
2

**COUNT VII**
**42 U.S.C., SECTION 1983**
**(First Amendment-Free Exercise of Religion)**

3    146.   WSU incorporates by reference its answers to the preceding

4    paragraphs.

5    147.   Count VII was dismissed with prejudice per this Court's May 30,

6    2023, Order (ECF No. 33), and again on October 24, 2023 (ECF No. 57).

7    Accordingly, no response is required. To the extent any response is required,

8    Paragraph 147 is denied.

9    148.   Count VII was dismissed with prejudice per this Court's May 30,

10    2023, Order (ECF No. 33), and again on October 24, 2023 (ECF No. 57).

11    Accordingly, no response is required. To the extent any response is required,

12    Paragraph 148 is denied.

13    149.   Count VII was dismissed with prejudice per this Court's May 30,

14    2023, Order (ECF No. 33), and again on October 24, 2023 (ECF No. 57).

15    Accordingly, no response is required. To the extent any response is required,

16    Paragraph 149 is denied.

17    150.   Count VII was dismissed with prejudice per this Court's May 30,

18    2023, Order (ECF No. 33), and again on October 24, 2023 (ECF No. 57).

19    Accordingly, no response is required. To the extent any response is required,

20    Paragraph 150 is denied.

21    151.   Count VII was dismissed with prejudice per this Court's May 30,

22    2023, Order (ECF No. 33), and again on October 24, 2023 (ECF No. 57).

DEFENDANT WSU'S ANSWER TO
PLAINTIFF'S SECOND AMENDED
COMPLAINT

26

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

1    Accordingly, no response is required. To the extent any response is required,

2    Paragraph 151 is denied.

3        152.   Count VII was dismissed with prejudice per this Court's May 30,

4    2023, Order (ECF No. 33), and again on October 24, 2023 (ECF No. 57).

5    Accordingly, no response is required. To the extent any response is required,

6    Paragraph 152 is denied.

7    **COUNT VIII**
**FOURTEENTH AMENDMENT-DUE PROCESS (As Applied)**

8

9        153.   Count VIII was dismissed with prejudice per this Court's May 30,

10   2023, Order (ECF No. 33), and again on October 24, 2023 (ECF No. 57).

11   Accordingly, no response is required. To the extent any response is required,

12   Paragraph 153 is denied.

13       154.   Count VIII was dismissed with prejudice per this Court's May 30,

14   2023, Order (ECF No. 33), and again on October 24, 2023 (ECF No. 57).

15   Accordingly, no response is required. To the extent any response is required,

16   Paragraph 154 is denied.

17       155.   Count VIII was dismissed with prejudice per this Court's May 30,

18   2023, Order (ECF No. 33), and again on October 24, 2023 (ECF No. 57).

19   Accordingly, no response is required. To the extent any response is required,

20   Paragraph 155 is denied.

21

22

DEFENDANT WSU'S ANSWER TO
PLAINTIFF'S SECOND AMENDED
COMPLAINT

27

1

**PRAYER FOR RELIEF**

2      Paragraphs a through i of the Prayer for Relief section of the SAC

3  constitute Plaintiff's requests for relief, to which no response is required. To the

4  extent a response is required, WSU denies Plaintiff is entitled to the relief

5  requested or to any relief whatsoever.

6

**AFFIRMATIVE DEFENSES**

7      WSU's affirmative defenses to the SAC are set forth below. By setting forth

8  the following defenses, WSU does not assume burden of proof on the matter and

9  issue other than those on which it has the burden of proof as a matter of law. WSU

10  reserves the right to supplement these defenses.

11      1.      Plaintiff's SAC improperly asserts claims already dismissed with

12  prejudice by this Court against Defendant WSU, and against Former Defendants

13  Patrick Chun and Jay Inslee, who have already been terminated as Defendants by

14  Order of this Court. *See* ECF Nos. 33, 57.

15      2.      Plaintiff has failed to state a claim, in whole or in part, upon which

16  relief may be granted.

17      3.      Plaintiff's damages, if any, were caused by Plaintiff's own acts or

18  omissions or by the acts or omissions of third parties.

19      4.      The SAC fails, in whole or in part, because some or all of the relief

20  sought may be barred by Plaintiff's failure to mitigate damages.

21      5.      WSU's actions with respect to Plaintiff and concerning Plaintiff's

22  employment were based solely on legitimate, non-discriminatory, and

1    non-retaliatory business reasons, and were the result of a good faith effort to

2    comply with the law.

3        6.    Plaintiff's claims are barred in whole or in part by the doctrines of

4    laches, waiver, unclean hands, estoppel, and/or fraud on the court.

5        7.    Accommodating Plaintiff would have imposed an undue hardship

6    on WSU.

7        8.    Plaintiff's claim under RCW 49.52, et seq., and RCW 49.48.010,

8    et seq. fail as a matter of law because, *inter alia*, Washington's Wage Rebate Act

9    does not apply to damages awards, and WSU did not willfully withhold

10   Plaintiff's wages because a bona fide dispute existed as to Plaintiff's right to

11   liquidated damages.

12       9.    WSU has not yet had a full opportunity to conduct discovery and,

13   accordingly, reserves the right to assert additional affirmative defenses that may

14   be disclosed in the course of discovery.

15                              **WSU'S REQUEST FOR RELIEF**

16       Wherefore, WSU prays that the Court:

17       1.    Dismiss Plaintiff's Second Amended Complaint with prejudice;

18       2.    Deny all relief that Plaintiff requests;

19       3.    Grant WSU its costs and reasonable attorneys' fees; and

20       4.    Grant WSU such other and further relief as the Court may deem just

21   and proper.

22

DEFENDANT WSU'S ANSWER TO                    29         ATTORNEY GENERAL OF WASHINGTON
PLAINTIFF'S SECOND AMENDED                                     Complex Litigation Division
COMPLAINT                                                       800 Fifth Avenue, Suite 2000
                                                                  Seattle, WA 98104-3188
                                                                     (206) 464-7744

1    DATED this 7th day of November 2023.

2                                    ROBERT W. FERGUSON
                                     Attorney General
3
                                     /s/ Spencer W. Coates
4                                    SPENCER W. COATES, WSBA #49683
                                     Assistant Attorney General
5                                    800 Fifth Avenue, Suite 2000
                                     Seattle, WA  98104-3188
6                                    (206) 464-7744
                                     Spencer.Coates@atg.wa.gov
7
                                     ZACHARY J. PEKELIS, WSBA #44557
8                                    W. SCOTT FERRON, WSBA #61154
                                     Special Assistant Attorneys General
9                                    PACIFICA LAW GROUP LLP
                                     1191 2nd Avenue, Suite 2000
10                                   Seattle, WA  98101-3404
                                     (206) 245-1700
11                                   Zach.Pekelis@PacificaLawGroup.com
                                     Scott.Ferron@PacificaLawGroup.com
12
                                     *Attorneys for Defendant Washington
13                                   State University*

14

15

16

17

18

19

20

21

22

DEFENDANT WSU'S ANSWER TO                  30         ATTORNEY GENERAL OF WASHINGTON
PLAINTIFF'S SECOND AMENDED                            Complex Litigation Division
COMPLAINT                                             800 Fifth Avenue, Suite 2000
                                                      Seattle, WA  98104-3188
                                                      (206) 464-7744

1

**CERTIFICATE OF SERVICE**

2       I hereby certify that on November 7th, 2023, I electronically filed the

3   foregoing with the Clerk of the Court using the CM/ECF System, which in turn

4   automatically generated a Notice of Electronic Filing (NEF) to all parties in the

5   case who are registered users of the CM/ECF system. The NEF for the foregoing

6   specifically identifies recipients of electronic notice.

7       I declare under penalty of perjury under the laws of the State of

8   Washington and the United States of America that the foregoing is true and

9   correct.

10      DATED this 7th day of November 2023, at Seattle, Washington.

11                          */s/ Spencer W. Coates*
                           SPENCER W. COATES, WSBA #49683
12                          Assistant Attorney General

13

14

15

16

17

18

19

20

21

22

DEFENDANT WSU'S ANSWER TO            31
PLAINTIFF'S SECOND AMENDED
COMPLAINT