THE HONORABLE THOMAS O. RICE

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON
# AT SPOKANE

| | |
|---|---|
| NICHOLAS ROLOVICH,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON STATE UNIVERSITY, an agency of the State of Washington,<br><br>Defendant. | NO. 2:22-cv-0319-TOR<br><br>STIPULATED MOTION AND PROTECTIVE ORDER |

## MOTION

The parties, having so stipulated, hereby request the Court enter the following Stipulated Protective Order.

STIPULATED MOTION AND PROTECTIVE ORDER

1

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

# STIPULATED PROTECTIVE ORDER

Plaintiff Nicholas Rolovich and Defendant Washington State University (WSU) (the parties) anticipate that some materials produced in discovery will contain confidential information, including material protected from disclosure by statute, regulation, or court rule, including the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g and 34 C.F.R. Ch. 99 et seq.; the Health Insurance Portability and Accountability Act (HIPAA), 42 U.S.C. § 1320d-6, and its Privacy Standards, 45 C.F.R. §§ 160 & 164; and RCW 70.02.010(17). Pursuant to Federal Rule of Civil Procedure 26 and the parties' agreement, the Court finds good cause for entry of this Stipulated Protective Order (Protective Order or Order) to provide appropriate protections during the discovery process while balancing the need for the flow of discovery, resolution of disputes over confidentiality, and timely resolution of this case. Accordingly, it is hereby ORDERED:

## I.  SCOPE

1. This Protective Order shall govern all discovery material produced or disclosed during the above-captioned case, whether revealed in a document, deposition, other testimony, discovery response, or otherwise. This Protective Order is binding upon the parties, including their respective attorneys, principals, agents, experts, consultants, and representatives.

2. The protections conferred by this Protective Order do not cover information that is in the public domain or becomes part of the public domain

through trial or otherwise, subject to the provisions regarding inadvertent disclosures of confidential records and information in Part VIII of this Protective Order.

3. This Protective Order is intended, inter alia, to provide protection sufficient to constitute a Qualified Protective Order under HIPAA and the regulations promulgated under its aegis. *See* 45 C.F.R. § 164.512(e)(l)(ii).

4. Unless otherwise noted, this Order is subject to the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Eastern District of Washington. Unless otherwise stated, all periods of time provided for in this Order are calculated as calendar days. This Protective Order does not displace the requirement for parties to meet and confer before bringing a discovery dispute to the Court.

5. This Protective Order does not confer blanket protection on all disclosures or responses to discovery and the protection it affords extends only to the specific information or items that are entitled to protection under law or regulation.

## II.  DOCUMENTS THAT MAY BE DESIGNATED CONFIDENTIAL

6. The following records shall be considered confidential and private and shall be marked as "CONFIDENTIAL," or similar designation:

   a. Records containing Plaintiff's tax returns.

STIPULATED MOTION AND PROTECTIVE ORDER — 3

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

  b. Records documenting Plaintiff's compensation since his termination from WSU or his post-termination employment search.

  c. All records produced by Plaintiff or Defendant to the other party, or obtained directly from healthcare providers pursuant to an executed release for medical records, that the producing or obtaining party reasonably believes to be protected from disclosure by HIPAA, 45 C.F.R. § 160.103, or RCW 70.02.010(17). The parties agree and confirm that they do not intend to publicly disclose protected health information, even without such designations, and that they will treat any document containing patient health information as confidential, regardless of whether it was so designated. Further, the parties agree that any production of undesignated protected health information shall be deemed inadvertent without need of further showing and shall not constitute or be deemed a waiver of forfeiture of the protections for such information in this litigation or in any other judicial proceeding. This section shall be interpreted to provide the maximum protection allowed for individual protected health information. No party will argue that the mere production of such documents in this Litigation is itself a waiver of such protections.

    d.    All student records of any student produced by either Plaintiff or Defendant that the producing party reasonably believes to be protected by FERPA ("student records"). Such confidential records include, but are not limited to, WSU student records containing personal, medical, mental health, academic, disciplinary, and conduct information. WSU shall produce documents and responses to requested discovery that are subject to FERPA, to the extent that such information is otherwise discoverable under applicable Federal Rules of Civil Procedure and attendant caselaw. These records shall be produced with the identities of students obscured or redacted unless otherwise provided by FERPA or directed by this Court. The parties agree and confirm that they do not intend to publicly disclose protected student information, even without such designations, and that they will treat any document containing protected student information as confidential, regardless of whether it was so designated. Further, the parties agree that any production of undesignated protected student information shall be deemed inadvertent without need of further showing and shall not constitute or be deemed a waiver of forfeiture of the protections for such information in this Litigation or in any other judicial proceeding. This section shall be interpreted to provide the

maximum protection allowed for individual protected student information. No party will argue that the mere production of such documents in this Litigation is itself a waiver of such protections.

### III. PROCEDURES FOR CONFIDENTIAL RECORDS

7. Documents designated by a party as confidential ("confidential records") pursuant to Paragraphs 5–6 above shall not be released to third parties except to the following individuals for purposes of this lawsuit and related appeals, if any:

   a. Attorneys, paralegals, assistants, or other staff working for the law offices of the parties' attorneys on this lawsuit, including the Washington Attorney General's Office;

   b. Plaintiff, the WSU administration, and the Washington State Office of Risk Management;

   c. Expert consultants and expert witnesses retained by the parties and their attorneys for purposes of developing opinions regarding this lawsuit, provided that the recipient agrees to be bound by this Protective Order and completes the certification contained in the attached **Exhibit A**, Acknowledgment and Agreement to Be Bound;

   d. Attorneys and support staff engaged by the parties' counsel for the purpose of e-discovery or litigation consultation;

  e. Persons necessary to the preparation of records, and transcription of testimony;

  f. The author or prior recipient of the records who is or may be a potential witness, provided that the recipient agrees to be bound by this Protective Order and completes the certification contained in the attached **Exhibit A**, Acknowledgment and Agreement to Be Bound;

  g. To a witness during a deposition or trial; and

  h. This Court, any mediator engaged by the parties, or the jury.

8. Any confidential records shall only be used for purposes of this Litigation and, except as provided herein, shall not be re-released in any form, including by orally informing others of their content, to anyone for any purpose other than this Litigation.

9. Confidential records and information contained therein, shall not be disclosed to any other persons not specifically listed herein absent prior agreement of the Parties or further order of this Court.

10. Confidential records will not be re-released to third parties, except as specified herein or pursuant to a court order or valid subpoena or other discovery request.

**IV. DEPOSITION TESTIMONY AND TRANSCRIPTS**

11. Information disclosed through testimony at a deposition taken in connection with this Litigation may be designated as "Confidential" by

1  designating the portions of the transcript in a letter to be served on the court
2  reporter and opposing counsel within thirty (30) calendar days of the Producing
3  Party's receipt of the certified transcript of a deposition. The court reporter will
4  indicate the portions designated as Confidential and segregate them as
5  appropriate. Designations of transcripts will apply to audio, video, or other
6  recordings of the testimony. The court reporter shall clearly mark any transcript
7  released prior to the expiration of the 30-day period with a provisional
8  confidentiality legend: "CONFIDENTIAL—SUBJECT TO FURTHER
9  CONFIDENTIALITY REVIEW." Such transcripts will be treated as confidential
10 until the expiration of the 30-day period. If no Party or non-Party serves a
11 designation letter within the 30-day period, then the entire transcript will be
12 deemed not to contain confidential information and the provisional
13 confidentiality legend described above shall be removed.

14     12. Only the persons identified under Paragraph 7, along with the
15 witness and the witness's counsel, may be present if any questions regarding
16 confidential information are asked. This paragraph shall not be deemed to
17 authorize disclosure of any document or information to any person to whom
18 disclosure is prohibited under this Protective Order.

19                   **V.    FILING CONFIDENTIAL RECORDS**

20     13. Only confidential portions of documents are subject to potential
21 sealing or redaction in the Court file. Where one party wishes to file with the
22 Court a motion or other papers supported by exhibits, which exhibits include

confidential records or information, that party ("the filing party") will make reasonable efforts to provide the party who has designated such records or information as confidential ("the designating party") with prior notice of the intent to file such documents and request that the designating party identify what portion of the supporting documents require redaction or filing under seal.

14. Where the parties are unable to agree as to the treatment of a particular document prior to the filing, the parties will proceed as follows: The filing party shall file a motion for leave to file under seal or redact any such documents or any portion of the motion that explicitly discloses the contents of such documents, at the same time as it files its motion. The filing party may, but is not required to, take a position on the merits of the motion to seal. The designating party, if it is not the filing party, may file a response explicating the need to file the documents under seal or redact them, and the filing party may file a reply. If the designating party is not the filing party and fails to respond to the motion to seal in the time period provided, the motion to seal may be stricken and the filing party may publicly file the materials. If the designating party is the filing party, any party may file a response to the motion, and the filing party may file a reply. The Court may thereafter make such orders as are necessary to govern the filing of documents under seal or the redaction of documents in the Court file.

15. If a designating party attaches in its entirety or otherwise wholly discloses the substance of its own protected material in its own public court

filings, any other party may refer to that publicly disclosed confidential information without need for prior consultation.

## VI. NOTIFICATION OF AFFECTED PERSONS

16. In such circumstances where a confidential record contains confidential student or health information, the affected person (or the affected person's parent, if they are a minor), or their counsel, shall be notified at least ten (10) days in advance of the filing or other public release of any such confidential record so that they may make any objection concerning the release before the release of the confidential record occurs.

17. Upon any objection from a parent or student, not a party to this Litigation, regarding the filing or public release of student records, the parties will reasonably cooperate to resolve any such dispute.

18. Should WSU be required to respond to a complaint from the Family Policy Compliance Office of the U.S. Department of Education (FPCO) for anything related to the release of student records, the parties and the parties' attorneys will cooperate with FPCO in resolving any such complaint.

## VII. PROTECTION OF CONFIDENTIAL RECORDS

19. Persons receiving or having knowledge of confidential records by virtue of their participation in the litigation, or by virtue of obtaining any documents or other protected material produced or disclosed pursuant to this Protective Order, shall use those confidential records only as permitted by this Protective Order. Counsel shall take reasonable steps to assure the security of any

confidential records and will limit access to such material to those persons authorized by this Protective Order.

20. Nothing herein shall restrict a person qualified to receive confidential records pursuant to this Protective Order from making working copies, abstracts, digests, and analyses of such information for use in connection with this Litigation and such working copies, abstracts digests, and analyses shall be deemed to have the same level of protection under the terms of this Protective Order. Further, nothing herein shall restrict a qualified recipient from converting or translating such information into machine-readable form for incorporation in a date retrieval system used in connection with this Litigation, provided that access to such information, in whatever form stored or reproduced, shall be deemed to have the same level of protection under the terms of this Protective Order.

## VIII. INADVERTENT DISCLOSURES

21. If a party learns that, by inadvertence or otherwise, it has disclosed confidential records to any person or in any circumstance not authorized under this agreement, that party must immediately (a) notify the providing party's attorneys of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the confidential records, and (c) inform the person or persons to whom unauthorized disclosure were made of the terms of this Order.

22. If a receiving party learns of any unauthorized disclosure of confidential information, it shall immediately (a) inform the designating party in

STIPULATED MOTION AND PROTECTIVE ORDER

11

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

writing of all pertinent facts relating to such disclosure; (b) make its best effort to retrieve all copies of the confidential information; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order; and (d) request such person or persons execute the Acknowledgment that is attached hereto as Exhibit A.

23. If a party through inadvertence or otherwise produces any confidential information without labeling or marking or otherwise designating it as such, the producing party may give written notice to the receiving party that the document is confidential and should be treated as such in accordance with the provisions of this Protective Order, and provide replacement images, media, and any associated production information to conform the document to the appropriate designation and facilitate use of the revised designation in the production. The receiving party must treat such documents with the noticed level of confidentiality protection from the date such notice is received.

24. In the event any party receives discovery material it reasonably believes includes confidential information, but which is not designed as confidential, it shall notify the other party promptly and treat the material as though it were designated confidential. The producing party will then comply with the preceding Paragraph of this Protective Order, as necessary.

## IX.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

25. In designating discovery materials as confidential, the producing party shall do so in good faith consistent with the provisions of this Protective

Order, the other rulings of the Court, and the Federal Rules of Civil Procedure. Nothing herein shall be construed to allow for blanket designations of all documents as confidential.

26. If any party objects to the other party's designation of records or information as confidential under the provisions above, the objecting party will identify the specific record or information that it believes is improperly designated and notify the designating party. Within two days of such notification, the designating party shall review the designated material, reconsider the circumstances and, if no change in designation is offered, to explain the basis of the designation. If the objecting party is not satisfied by the justification, the parties shall meet and confer to resolve any such dispute. If the parties are unable to resolve the dispute, the objecting party shall promptly contact chambers to schedule a telephonic conference to obtain an expedited ruling on the dispute, consistent with subsection 5.D of the Scheduling Order in this case. ECF No. 44 at 5. The burden shall be on the party who designated the material as confidential, as if the party were seeking a protective order in the first instance.

### X.   DESTRUCTION OR RETURN OF CONFIDENTIAL RECORDS

27. At the conclusion of this Litigation, the parties and persons (other than this Court) to whom disclosure is permitted under Paragraph 7 of this Order shall either return the confidential records to the attorney for the producing party, or destroy the confidential records, within sixty (60) days after dismissal or entry of final judgment not subject to further appeal, except that records or information

1  designated as confidential pursuant to subparagraph 6.b above need not be

2  destroyed or returned to the producing party following dismissal or entry of final

3  judgment and shall no longer be designated as or considered confidential after

4  December 31, 2026.

5      28.    Nothing in this Protective Order requires the any party's counsel to

6  disclose or destroy work product at the conclusion of the case.

7      29.    Nothing contained in this Protective Order shall preclude any party

8  from using its own confidential information or records in any manner it sees fit,

9  without prior consent of the other party or the Court.

## XI.  GENERAL PROVISIONS

11      30.    This Order is entered based on the representations and agreements

12  of the Parties and for the purpose of facilitating discovery. Nothing herein shall

13  be construed or presented as a judicial determination that any documents or

14  information designated as confidential by the parties or their counsel is subject to

15  protection until such time as the Court may rule on a specific document or issue.

16      31.    Nothing in this Protective Order shall abridge the right of any person

17  to seek judicial review or to pursue other appropriate judicial action to seek a

18  modification or amendment of this protective order.

19      32.    In the event anyone shall violate or threaten to violate the terms of

20  this Protective Order, any party may seek injunctive relief against any person

21  violating or threatening to violate any of the terms of this Protective Order. The

22

parties agree that, in the event of a breach or threatened breach of this Protective Order, injunctive relief is appropriate.

33.   This Protective Order shall not be construed as waiving any objection to producing Discovery Material called for, including but not limited to objections concerning privilege, relevance, or burden.

34.   This Protective Order shall continue in force until amended or superseded by express order of the Court, and shall survive and remain in effect after the termination of this Litigation.

DATED this 6th day of December 2023.

ROBERT W. FERGUSON
Attorney General

*/s/ Spencer W. Coates*
SPENCER W. COATES, WSBA #49683
Assistant Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744
Spencer.Coates@atg.wa.gov

ZACHARY J. PEKELIS, WSBA #44557
W. SCOTT FERRON, WSBA #61154
Special Assistant Attorneys General
PACIFICA LAW GROUP LLP
1191 2nd Avenue, Suite 2000
Seattle, WA  98101-3404
(206) 245-1700
Zach.Pekelis@PacificaLawGroup.com
Scott.Ferron@PacificaLawGroup.com

*Attorneys for Defendant Washington State University*

STIPULATED MOTION AND PROTECTIVE ORDER

15

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

LEWIS ROCA ROTHGERBER
CHRISTIE LLP

*/s/ E. Job Seese*
E. Job Seese, CO Bar # 48379
1601 19th Street, Suite 1000
Tele: 303.623.9000
Email: jseese@lewisroca.com
Denver, CO 80202
(303) 623-9000

BRIAN FAHLING, WSBA #18894
LAW OFFICE OF BRIAN FAHLING
8124 NE 166th St
Kenmore, WA 98028
(425) 802-7326
bfahling@fahlinglaw.com

ERIC KNIFFIN, Colo. Bar #48016
KNIFFIN LAW PLLC
102 South Tejon Street, Suite 1100
Colorado Springs, CO 80903
(719) 246-8889
eric@kniffin.law

*Attorneys for Plaintiff Nicholas Rolovich*

STIPULATED MOTION AND
PROTECTIVE ORDER

16

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

**ORDER**

Pursuant to the Parties' Stipulation, IT IS SO ORDERED.

DATED this 8th day of December 2023.

_____
THE HONORABLE THOMAS O. RICE
UNITED STATES DISTRICT JUDGE

STIPULATED MOTION AND
PROTECTIVE ORDER

17

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

**EXHIBIT A TO STIPULATED PROTECTIVE ORDER**

**ACKNOWLEDGMENT AND AGREEMENT
TO BE BOUND BY PROTECTIVE ORDER**

The undersigned agrees:

I declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United State District Court for the Eastern District of Washington on _____, _____ in *Rolovich v. Washington State University*, No. 2:22-cv-00319-TOR (the "Protective Order").

I agree to comply with and to be bound by all the terms of the Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Protective Order to any person or entity except in strict compliance with the provisions of the Protective Order.

I further agree to submit to the jurisdiction of the United State District Court for the Eastern District of Washington for the purposes of enforcing terms of the Protective Order, even if such enforcement proceedings occur after termination of these proceedings.

Date: _____

City & State Where Signed: _____

Printed Name: _____

Signature: _____