BRIAN FAHLING, WSBA #18894
Law Office of Brian Fahling
559 Old Mill Rd
Sandpoint, ID 83864
(425) 802-7326

ERIC KNIFFIN
Kniffin Law PLLC
102 S. Tejon St., Suite 1100
Colorado Springs, CO 80903
(719) 212-4391

ERIC JOB SEESE
Frost Brown Todd LLP
1801 California Street, Suite 2700
Denver, CO 80202
(303) 406-4990

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NICHOLAS ROLOVICH,<br><br>Plaintiff,<br><br>v.<br><br>WASHINGTON STATE UNIVERSITY,<br><br>Defendant. | NO. 2:22-cv-00319<br><br>**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>September 23, 2024<br>Without Oral Argument |

PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGEMENT
NO. 2:22-cv-00319-TOR

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

# **TABLE OF CONTENTS**

INTRODUCTION ....................................................................................1

STANDARD OF REVIEW ......................................................................2

ARGUMENT ..........................................................................................2

    A. The Court need only find that Rolovich had a bona fide religious objection to the vaccine mandate to grant partial summary judgment. .......................................................................................4

    B. Title VII and First Amendment caselaw carefully circumscribe the Court's role in resolving this question. ...................................5

    C. An employer cannot defeat a failure to accommodate claim by emphasizing the plaintiff's non-religious considerations. .....................6

    D. The question before the Court is instead whether Rolovich has articulated a religious belief with specificity. .......................................11

CONCLUSION .......................................................................................14

**LAW OFFICE OF BRIAN FAHLING**
559 Old Mill Rd
Sandpoint, ID 83864
(425) 802-7326
E: bfahling@fahlinglaw.com

# TABLE OF AUTHORITIES

<u>Page</u>

## Cases

*Addisu v. Fred Meyer, Inc.*,
   198 F.3d 1130 (9th Cir. 2000) ........................................................ 2

*Beuca v. Washington State Univ.*,
   No. 2:23-CV-0069-TOR, 2023 WL 3575503 (E.D. Wash. May 19, 2023)...... 3, 4, 5, 6

*Bolden-Hardge v. Off. of California State Controller*,
   63 F.4th 1215 (9th Cir. 2023) ........................................................ 4

*Brown v. Alaska Airlines, Inc.*,
   2:22-cv-668, 2024 WL 235058 (W.D. Wash. May 22, 2024)………………………..3

*Burton v. Legacy Health*,
   No. 3:23-CV-01528-JR, 2024 WL 1241612 (D. Or. Feb. 28, 2024), ........................ 11

*Burwell v. Hobby Lobby Stores, Inc.*,
   573 U.S. 682 (2014) ........................................................ 4

*Callahan v. Woods*,
   479 F. Supp. 621 (N.D. Cal. 1979) ................................................ 8

*Callahan v. Woods*,
   658 F.2d 679 (9th Cir. 1981) ........................................................ 8, 9, 11

*Denton v. Shriners Hosp. for Child.*,
   No. 3:23-CV-00826-JR, 2024 WL 10782803 (D. Or. Feb. 8, 2024) ........................ 12

*Doe v. San Diego Unified Sch. Dist.*,
   19 F.4th 1173 (9th Cir. 2021) ........................................................ 6, 7

*EEOC v. Abercrombie & Fitch Stores, Inc.*,
   575 U.S. 768 (2015)………………………………………...…………3

*Fallon v. Mercy Catholic Med. Ctr. of Se. Pa.*,
   877 F.3d 487 (3d Cir. 2017) ........................................................ 7

**LAW OFFICE OF BRIAN FAHLING**
559 Old Mill Rd
Sandpoint, ID 83864
(425) 802-7326
E: bfahling@fahlinglaw.com

*Hernandez v. Comm'r*,
490 U.S. 680 (1989) ............................................................. 11

*Kennedy v. Bremerton Sch. Dist.*,
991 F.3d 1004 (9th Cir. 2021) ................................................ 3

*Kennedy v. U.S. Citizenship & Immigr. Servs.*,
871 F. Supp. 2d 996 (N.D. Cal. 2012)..................................... 2

*Lyons v. England*,
307 F.3d 1092 (9th Cir. 2002) ............................................... 3

*Maggio v. Oregon Health & Sci. Univ.*,
No. 3:23-CV-00116-JR, 2024 WL 665991 (D. Or. Jan. 8, 2024), ............................. 11

*Marshall v. Kaiser Found. Health Plan of the Northwest*,
No. 3:23-CV-01324-JR, 2024 WL 1913647 (D. Or. Apr. 16, 2024) ....................... 5, 7

*Masterpiece Cakeshop, Ltd. v. Colo. Civil Rights Comm'n*,
138 S. Ct. 1719 (2018).......................................................... 6

*Parks v. Ethicon, Inc.*,
No. 20CV989-LL-RBB, 2022 WL 17972162 (S.D. Cal. Aug. 30, 2022).................... 2

*Quinn v. Legacy Health*,
No. 3:23-CV-00331-JR, 2023 WL 10354251 (D. Or. June 16, 2023) ....................... 12

*Stephens v. Legacy-GoHealth Urgent Care*,
2023 WL 7612395 (D. Or. Oct. 23) ....................................... 11

*Sturgill v. Am. Red Cross*,
No. 22-CV-11837, 2023 WL 8701293 (E.D. Mich. Dec. 15, 2023).......................... 10

*Sturgill v. Am. Red Cross*,
2024 WL 1556186 (6th Cir. 2024). ...................................... 10

*Sturgill v. Am. Red Cross*,
No. 24-1011, 2024 WL 3886589 (6th Cir. Aug. 21, 2024).............................. 4, 10, 11

*Texas Dep't of Cmty. Affairs v. Burdine*,
450 U.S. 248 (1981) ............................................................. 3

*Thomas v. Review Board*,
450 U.S. 707 (1981) ............................................................ 4, 6

PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT
NO. 2:22-cv-00319-TOR - iii

*Wisconsin v. Yoder*,
  406 U.S. 205 (1972). ..................................................................................................... 9

PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT
NO. 2:22-cv-00319-TOR - iv

**LAW OFFICE OF BRIAN FAHLING**
559 Old Mill Rd
Sandpoint, ID 83864
(425) 802-7326
E: bfahling@fahlinglaw.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

## Other Authorities

EEOC, *Compliance Manual, Section 12: Religious Discrimination* (Jan. 15, 2021).. 7

EEOC, *What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws*, EEOC (Oct. 25, 2021) ................................................. 7

PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT
NO. 2:22-cv-00319-TOR - v

**LAW OFFICE OF BRIAN FAHLING**
559 Old Mill Rd
Sandpoint, ID 83864
(425) 802-7326
E: bfahling@fahlinglaw.com

# INTRODUCTION

Nick Rolovich ("Rolovich") holds a bona-fide religious belief that conflicted with Washington State University's ("WSU") 2021 COVID-19 vaccine requirement. Rolovich explained these religious convictions in his application for a religious exemption. P's Stmt. Undisputed Material Facts (P's Stmt.) ¶¶ 19–26. WSU's review committee, applying standards developed by the Washington Attorney General's Office and with that office's assistance available upon request, P's Stmt. ¶ 29, determined that Rolovich's exemption request was "based on a sincerely held religious belief." P's Stmt. ¶ 41. WSU's leadership—which was under substantial pressure from WSU alumni, supporters, and employees, among others, P's Stmt. ¶ 18—abruptly reversed course and instead found that Rolovich did "not have a sincerely held religious belief that conflicts with the University's vaccine requirement."[1] P's Stmt. ¶ 51.

Under the constraints placed on courts by Title VII caselaw, and applicable First Amendment caselaw, no reasonable jury could find that Rolovich has failed to meet his *prima facie* burden under his Title VII failure to accommodate claim. The

---

[1] Despite Plaintiff's best efforts, discovery has not revealed any details regarding (a) who at WSU made the decision that Plaintiff's opposition was not religious in nature and (b) the process by which WSU did an about-face on its initial determination that Plaintiff's exemption request was based on a sincerely held religious belief. This is because WSU has invoked the attorney-client over the hundreds of documents and numerous conversations through which that decision was reached. *See, e.g.*, P's Stmt. ¶¶ 45–46.

PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT
NO. 2:22-cv-00319-TOR - 1

**LAW OFFICE OF BRIAN FAHLING**
559 Old Mill Rd
Sandpoint, ID 83864
(425) 802-7326
E: bfahling@fahlinglaw.com

undisputed evidence in the record establishes (a) that Rolovich held a religious belief, (b) that belief conflicted with an employment requirement (the vaccine requirement or mandate), and (c) WSU terminated him for his inability to comply with the vaccine mandate. Although there is a dispute as to whether WSU could accommodate Rolovich's objection without "undue hardship," which will require resolution at trial, the Court should grant partial summary judgment in favor of Rolovich as to his *prima facie* case for the Title VII failure to accommodate claim. Such a ruling will streamline the issues for resolution at trial, promote judicial economy, and conserve the litigation resources of the Parties.

## STANDARD OF REVIEW

For a motion seeking partial summary judgment, courts apply the same standard as a motion seeking summary judgment of the entire case. *Kennedy v. U.S. Citizenship & Immigr. Servs*., 871 F. Supp. 2d 996, 1006 (N.D. Cal. 2012). A motion for summary judgment should be granted if "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *See,* Fed.R.Civ.P. 56(a); *Addisu v. Fred Meyer, Inc.,* 198 F.3d 1130, 1134 (9th Cir. 2000).. Motions for partial summary judgment serve judicial economy by narrowing the issues for trial. *Parks v. Ethicon, Inc*., No. 20CV989-LL-RBB, 2022 WL 17972162, at *2 (S.D. Cal. Aug. 30, 2022).

## ARGUMENT

"To establish religious discrimination on the basis of a failure-to-accommodate theory," a plaintiff

> must first set forth a *prima facie* case that (1) he had a bona-fide religious belief, the practice of which conflicts with an employment duty; (2) he informed his employer of the belief and conflict; and (3) the employer

PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT
NO. 2:22-cv-00319-TOR - 2

discharged, threatened, or otherwise subjected him to an adverse employment action because of his inability to fulfill the job requirement. *Kennedy v. Bremerton Sch. Dist.*, 991 F.3d 1004, 1022 (9th Cir. 2021), *rev'd on other grounds*, 597 U.S. 507 (2022); *see also Beuca v. Washington State Univ.*, No. 2:23-CV-0069-TOR, 2023 WL 3575503, at *2 (E.D. Wash. May 19,2023), *rev'd on other grounds*, No. 23-35395 (9th Cir. Jul. 18, 2024). "The burden of establishing a *prima facie* case of disparate treatment is not onerous." *Lyons v. England*, 307 F.3d 1092, 1112 (9th Cir. 2002) (quoting *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981)).[2]

The Parties' dispute was limited to the first element of Rolovich's *prima facie* case. There is no dispute that Rolovich satisfies the second element: Rolovich's application for a religious exemption informed WSU of the conflict between his religious beliefs and the vaccine mandate. P's Stmt. ¶¶ 19–26. Likewise, there is no dispute that Rolovich satisfies the third element: WSU terminated Rolovich's employment because of his inability to cooperate with the vaccine mandate. P's Stmt. ¶ 49.

---

[2] A failure to accommodate claim is a type of disparate treatment claim. *EEOC v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768 (2015); *see also Brown v. Alaska Airlines, Inc.*, 2:22-cv-668, 2024 WL 235058, *14, n. 5 (W.D. Wash. May 22, 2024) ("It is clear that 'failure-to-accommodate' is not a separate cause of action under Title VII, but a theory on which a plaintiff may bring its disparate treatment claim.").

1

2

**A. The Court need only find that Rolovich had a bona fide religious objection to the vaccine mandate to grant partial summary judgment.**

3

4

While the question as to whether Rolovich's reasons for opposing the vaccine mandate count as a "bona fide religious belief" involve questions of fact, this inquiry is carefully circumscribed by the Title VII and First Amendment law. In *Thomas v. Review Board of the Indiana Employment Security Division,* the Supreme Court reversed the Indiana Supreme Court's determination that Thomas' opposition to working on tank turrets was based on a "personal philosophical choice rather than a religious choice." 450 U.S. 707, 715–16 (1981). Just last month, the Sixth Circuit cited *Thomas* in reversing the district court's ruling that an employee's opposition to receiving a COVID vaccine was not based on a bona fide religious belief but rather "medical in nature." *Sturgill v. Am. Red Cross*, No. 24-1011, 2024 WL 3886589, *4 (6th Cir. Aug. 21, 2024). The Sixth Circuit found the district court's analysis—disregarding the plaintiff's stated religious reason for seeking an accommodation on the basis that the court judged the plaintiff's rationale "medical in nature"—was "contrary to our First Amendment jurisprudence, which commands that courts may not question the veracity of one's religious beliefs." *Id*. "In sum, that there may be both religious and secular reasons for an act does not elevate the latter over the former[.]" *Id*. at 5. As this Court has recognized, "both the Ninth Circuit and the Supreme Court have cautioned against second-guessing the reasonableness of an individual's asserted religious beliefs." *Beuca*, 2023 WL 3575503, at *2 (citing *Bolden-Hardge v. Off. of California State Controller*, 63 F.4th 1215, 1223 (9th Cir. 2023), *Burwell v. Hobby Lobby Stores, Inc*., 573 U.S. 682, 725 (2014)).

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT
NO. 2:22-cv-00319-TOR - 4

LAW OFFICE OF BRIAN FAHLING
559 Old Mill Rd
Sandpoint, ID 83864
(425) 802-7326
E: bfahling@fahlinglaw.com

WSU claimed Rolovich "[did] not have a sincerely held religious belief that conflicts with the University's vaccine requirement." P's Stmt. ¶ 51. WSU further claimed that Rolovich's "personal or philosophical beliefs do not give an individual a basis to claim a religious exemption." P's Stmt. ¶ 51. *See also* ECF No. 31 at 2 ("Rolovich's stated vaccine objections are not religious in nature."); P's Stmt. ¶¶ 55, 56 (conclusions of WSU's experts).

However, this determination occurred after WSU's review committee had already concluded that Rolovich's exemption request was "based on a sincerely held religious belief." P's Stmt. ¶ 41. The challenge to WSU's conclusion occurred after the Athletics' Department questioned WSU's review committee's finding. P's Stmt. ¶ 44. Rolovich's stated religious belief in his exemption request and his discussions with colleagues should not conflate one over the other, and Rolovich's religious belief should not be subject to second-guessing. *Beuca*, 2023 WL 3575503, at *2.

### B. Title VII and First Amendment caselaw carefully circumscribe the Court's role in resolving this question.

District courts in this circuit "have grappled with the contours of the first *prima facie* element." *Marshall v. Kaiser Found. Health Plan of the Northwest*, No. 3:23-CV-01324-JR, 2024 WL 1913647, at *3 (D. Or. Apr. 16, 2024), *R.& R. adopted sub nom. Marshall v. Kaiser Found. Health Plan of the Nw.*, No. 3:23-CV-1324-JR, 2024 WL 1912540 (D. Or. May 1, 2024). Courts must take into account that "Title VII broadly defines religion." *Id*. Additionally, given the constraints grounded in both the Establishment Clause and the Free Exercise Clause, "American courts are loath to tell a person that his interpretation of his faith is a wrong one." *Id*. (citations omitted).

LAW OFFICE OF BRIAN FAHLING
559 Old Mill Rd
Sandpoint, ID 83864
(425) 802-7326
E: bfahling@fahlinglaw.com

"[T]he resolution of [whether a belief is religious] is not to turn upon a judicial perception of the particular belief or practice in question; religious beliefs need not be acceptable, logical, consistent, or comprehensible to others in order to merit First Amendment protection." *Thomas*, 450 U.S. at 714. "Courts should not undertake to dissect religious beliefs because the believer admits that he is 'struggling' with his position or because his beliefs are not articulated with the clarity and precision that a more sophisticated person might employ." *Id*. at 715. *See also Doe v. San Diego Unified Sch. Dist.*, 19 F.4th 1173, 1176 n.3 (9th Cir. 2021) ("We may not and do not question the legitimacy of Jill Doe's religious beliefs regarding COVID-19 vaccinations."). The government's negative appraisal of an individual's professed religious beliefs can itself violate the First Amendment. *Masterpiece Cakeshop, Ltd. v. Colo. Civil Rights Comm'n*, 138 S. Ct. 1719, 1729 (2018) (commission violated Phillips' Free Exercise rights when it characterized his religious beliefs "as merely rhetorical—something insubstantial and even insincere").

As discussed above, Rolovich established a religious belief in his request for exemption from the vaccine mandate, and that such religious belief conflicted with the vaccine mandate. As such, it is proper as a matter of law to grant summary judgment on the first element of Rolovich's Title VII failure to accommodate claim.

### C. An employer cannot defeat a failure to accommodate claim by emphasizing the plaintiff's non-religious considerations.

The Equal Employment Opportunity Commission ("EEOC") guidance and binding precedent preclude this Court from concluding on this basis that Rolovich lacks a bona fide religious belief. The law is clear: no quantity of evidence about an employee's scientific or political beliefs would itself justify a government employer

or a court to conclude that the employee lacks a bona fide religious belief that conflicts with an employment requirement. WSU denies that Rolovich's opposition to the vaccine mandate is "religious in nature" because it contends that he had frequently voiced "opposition to the vaccine" based on his "own 'scientific' research and making statements mirroring several specific online conspiracy theories." P's Stmt. ¶ 51.

The EEOC has firmly opined that while "Title VII does not protect objections to a COVID-19 vaccination requirement that are *purely* based on social, political, or economic views or personal preferences." *What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws*, EEOC (Oct. 25, 2021), available at https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws#L (emphasis added). As the EEOC states in its Compliance Manual, "overlap between a religious and political view does not place it outside the scope of Title VII's religious protections, as long as the view is part of a comprehensive religious belief system." EEOC, *Compliance Manual, Section 12: Religious Discrimination*, § 12-I(A)(1) (Jan. 15, 2021) (citing *Fallon v. Mercy Catholic Med. Ctr. of Se. P*a., 877 F.3d 487, 492 (3d Cir. 2017), collecting other cases).

The Ninth Circuit has relied on this EEOC guidance, as did WSU in reviewing religious exemption requests. *Doe*, 19 F.4th at 1180; P's Stmt. ¶¶ 38–40. *See also Marshall*, 2024 WL 1913647 at *3-4 (citing the EEOC's "overlap" principle before noting that "while plaintiff may have also relied on his medical and/or secular beliefs surrounding the safety of the COVID-19 vaccine and the sanctity of his body, it cannot be denied that he expressly identified his religious belief that 'abortion is murder.'").

PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT
NO. 2:22-cv-00319-TOR - 7

This principle was embedded in Ninth Circuit precedent long before the COVID-19 pandemic. *Callahan v. Woods* turned on whether Callahan had a sincere religious belief to support his First Amendment claim, which sought to protect his right to refrain from getting his daughter a social security number. 658 F.2d 679 (9th Cir. 1981). The Ninth Circuit reversed the district court's finding that plaintiff's belief was non-religious, identifying two principal errors in the district court's analysis. First, the district court found that Callahan's "aversion to identification numbers predated by many years his religious awakening." *Id*. at 684. But, the Ninth Circuit rejected the district court's "underlying premise that a long-held secular belief invalidates First Amendment protection for a related but newly-alleged religious belief." *Id*. While there is a possibility that a person "seeking to advance a secular interest might, if frustrated in his pursuit, decide to mask the cause in religious garb," "the presence of longstanding secular objections" did not itself invalidate his claim. *Id*. This factor only goes to the plaintiff's sincerity: whether the "theological overtones" to his objection were "fictitious trappings for longstanding secular concerns." *Id*. As the government did not claim Callahan had "attempted to perpetrate a sham" on it or the court, *Callahan v. Woods*, 479 F. Supp. 621, 624 (N.D. Cal. 1979), the Ninth Circuit found for Callahan. *Callahan*, 658 F.2d at 684.

Second, the Ninth Circuit found the district court erred by rejecting Callahan's assertion of religion in his claim based on its assessment that his opposition to the "use of numbers as identifiers" was rooted more in his "dehumanizing" experience in prison than "his subsequent religious activity." *Callahan*, 479 F. Supp. at 625. The Ninth Circuit held that "a coincidence of religious and secular claims in no way extinguishes the weight appropriately accorded the religious one." *Callahan*, 658

PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT
NO. 2:22-cv-00319-TOR - 8

LAW OFFICE OF BRIAN FAHLING
559 Old Mill Rd
Sandpoint, ID 83864
(425) 802-7326
E: bfahling@fahlinglaw.com

F.2d at 684. This directly goes to Rolovich's religious belief here as asserted in his Title VII failure to accommodate claim, and WSU's improper determination that other personal or philosophical beliefs invalidated Rolovich's religious beliefs that conflicted with the vaccine mandate.

The Ninth Circuit also relied on *Wisconsin v. Yoder*, where the Amish community's religious objection to mandatory public education was rooted in its practical judgment that "high school tends to emphasize intellectual and scientific accomplishments, self-distinction, competitiveness, worldly success, and social life with other students," and that this environment would "place[] Amish children in an environment hostile to Amish beliefs." *Wisconsin v. Yoder*, 406 U.S. 205, 211 (1972). The Ninth Circuit emphasized that the Amish's negative appraisal of the local high school did not undermine its Free Exercise Claim. *Callahan*, 658 F.2d at 684. Similarly,

> [t]he devout Seventh-Day Adventist may enjoy his Saturday leisure; the Orthodox Jew or Mohammedan may dislike the taste of pork. Such personal considerations are irrelevant to an analysis of the claimants' free exercise rights, so long as their religious motivation requires them to keep the Sabbath and avoid pork products. Religious duties need not contradict personal values or preferences in order to be protected.

*Id*. The court concluded that, even if it "might be argued that Callahan's personal animus toward numbers would itself have been enough to motivate his refusal," his sincere religious objection "would provide a separate and sufficient reason for his action, one that . . . merits constitutional protection." *Id*. at 684–85. Accordingly, the Ninth Circuit reversed the district court, finding that plaintiff's religious objections "are sincerely held and religious in nature." *Id.* at 687.

PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT
NO. 2:22-cv-00319-TOR - 9

**LAW OFFICE OF BRIAN FAHLING**
559 Old Mill Rd
Sandpoint, ID 83864
(425) 802-7326
E: bfahling@fahlinglaw.com

Applied to this case, the relevant issue is not—as WSU would have it—whether Rolovich made too many public statements in "the realm of safety concerns and conspiracy concerns" and not enough "religious objections to vaccinations" in the months leading up to his termination. *C.f.* P's Stmt. ¶ 55. The issue is instead whether Rolovich had a bona fide religious belief that "would provide a separate and sufficient reason" for his refusal to take a COVID vaccine. Here, as in *Callahan*, the answer to that question is plainly yes.

*Callahan* remains relevant in Title VII failure to accommodate cases involving COVID-19 vaccine mandates. Last month, in *Sturgill*, the Sixth Circuit rejected an employer's argument that closely parallels WSU's rationale for rejecting Rolovich's exemption request. 2024 WL 3886589. Like WSU, the American Red Cross argued that Sturgill's conflict did not qualify for Title VII protection because her "objection to the COVID-19 vaccine sounded in medical and personal judgments." *Sturgill*, Plaintiff-Appellant*, v. American Red Cross*, Defendant-Appellee., 2024 WL 1556186, at \*13–14. Like WSU, Sturgill's employer argued that she opposed the mandate "because she views the vaccine to be unsafe not because it offends her moral conscience due to a practice or observance that is religious in nature." *Id*. at \*21–22. "She has not cited to any tenet of the Lutheran church that opposes western medicine in general or the COVID vaccine specifically. *Id*. at \*22–23.

The district court agreed with Sturgill's employer, finding that her opposition to receiving a COVID vaccine were "medical" in nature. *Sturgill v. Am. Red Cross*, No. 22-CV-11837, 2023 WL 8701293, at \*8 (E.D. Mich. Dec. 15, 2023). Valid religious objections, the court reasoned, are those that "ha[ve] nothing to do with their belief in its safety." *Id*. The Sixth Circuit roundly rejected the district court's analysis as

PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT
NO. 2:22-cv-00319-TOR - 10

"contrary to our First Amendment jurisprudence, which commands that courts may not question the veracity of one's religious beliefs." *Sturgill*, 2024 WL 3886589 at *4. The Sixth Circuit further established that "[i]t is not within the judicial ken to question the centrality of particular beliefs or practices to a faith." *Id*. (quoting *Hernandez v. Comm'r*, 490 U.S. 680, 699 (1989)). "In sum," the court said, "that there may be both religious and secular reasons for an act <u>does not elevate the latter over the former</u>." *Id*. at 5 (emphasis added) (citing *Callahan*, 658 F.2d at 684).

### D. The question before the Court is instead whether Rolovich has articulated a religious belief with specificity.

As noted above, Title VII failure to accommodate claims do not fail because a plaintiff's articulated religious objections are also rooted in scientific or personal judgments. Instead, when courts have ruled against plaintiffs in COVID-19 vaccine failure to accommodate claims, it is because the plaintiffs failed to adequately articulate their religious exemptions. *See, e.g., Stephens v. Legacy-GoHealth Urgent Care*, 2023 WL 7612395, 4-6 (D. Or. Oct. 23), *R.& R. adopted sub nom. Stephens v. Legacy Health*, No. 3:23-CV-00206-SB, 2023 WL 7623865 (D. Or. Nov. 14, 2023) (describing "[g]eneral references to Christianity" as "conclusory"); *Maggio v. Oregon Health & Sci. Univ.*, No. 3:23-CV-00116-JR, 2024 WL 665991, at 6 (D. Or. Jan. 8, 2024), *R.& R. adopted*, No. 3:23-CV-116-JR, 2024 WL 665089 (D. Or. Feb. 16, 2024) (citing case where Title VII plaintiff dismissed after invoking "vaguely religious language"); *Burton v. Legacy Health*, No. 3:23-CV-01528-JR, 2024 WL 1241612, at *3 (D. Or. Feb. 28, 2024), *R. & R. adopted*, No. 3:23-CV-1528-JR, 2024 WL 1241450 (D. Or. Mar. 22, 2024) (citing case dismissing Title VII claim where

LAW OFFICE OF BRIAN FAHLING
559 Old Mill Rd
Sandpoint, ID 83864
(425) 802-7326
E: bfahling@fahlinglaw.com

plaintiff failed to "describe any particular beliefs [or] provide even a perfunctory explanation as to how her beliefs conflict with receiving a COVID-19 vaccine").

Conversely, courts recognize a bona fide religious belief when Title VII plaintiffs' objections are rooted in identified religious teachings and when their religious convictions were developed through study and consultation with religious authorities. *See Quinn v. Legacy Health*, No. 3:23-CV-00331-JR, 2023 WL 10354251, at *5 (D. Or. June 16, 2023), *R. & R. adopted*, No. 3:23-CV-00331-JR, 2024 WL 620344 (D. Or. Feb. 13, 2024) (noting plaintiff's invocation of "her anti-abortion stance, guidance from spiritual leaders, and the use of fetal cells in developing Covid-19 vaccines"); *Denton v. Shriners Hosp. for Child.*, No. 3:23-CV-00826-JR, 2024 WL 1078280, at *3 (D. Or. Feb. 8, 2024), *R. & R. adopted*, No. 3:23-CV-826-JR, 2024 WL 1075324 (D. Or. Mar. 12, 2024) ("invocation of an anti-abortion stance, guidance from spiritual leaders, and the use of fetal cells in developing COVID-19 vaccines appropriately alleged a bona fide religious belief.").

Rolovich brought his troubled conscience to a Catholic priest, who listened to his concerns and helped him understand his disquiet in terms of Catholic teaching on the moral conscience. P's Stmt. ¶¶ 4–10, 14–15. By the time Rolovich submitted his request for a religious exemption, Rolovich had also conferred his bishop, whom he had known for more than thirty years. P's Stmt. ¶¶ 11–13. Rolovich's exemption request was also based on his review of the Catechism of the Catholic Church and other Catholic teaching materials from his own diocese, the National Catholic Bioethics Center, the United States Conference of Catholic Bishops (USCCB), and the Vatican. P's Stmt. ¶¶ 8, 9, 20, 26.

PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT
NO. 2:22-cv-00319-TOR - 12

Rolovich detailed the nature of his religious convictions in the request for a religious exemption he submitted to WSU on October 4, setting out two main reasons, each grounded in Catholic doctrine. P's Stmt. ¶¶ 21–26. First, he explained,

> The Roman Catholic Church teaches that I am required to refuse a medical intervention, including a vaccination, when my conscience has come to sure judgment that, as in this case, accepting the vaccine will make me complicit in the abortions that produced the human cell lines from which currently available vaccines are ultimately derived.

P's Stmt. ¶ 22.

Second, Rolovich grounded his religious opposition on the Catholic Church's teaching concerning therapeutic proportionality, a principle which states that Catholics are obliged to make "an assessment of whether the benefits of a medical intervention outweigh the undesirable side-effects and burdens in light of the integral good of the person, including spiritual, psychological, and bodily goods." P's Stmt. ¶ 23.

Rolovich also provided detailed annotations to support his exemption request, with paragraph or footnote-specific references to the Catechism of the Catholic Church, a document from the Vatican's Congregation for the Doctrine of the Faith entitled "Note on the Morality of Using some Anti-COVID-19 Vaccines," and from the USCCB's "Ethical and Religious Directives for Catholic Health Services." P's Stmt. ¶ 26.

WSU's review committee, following the procedures that WSU had publicly committed itself to, and applying standards that were developed in concert with the Washington Attorney General's office, found that Rolovich's exemption request was "based on a sincerely held religious belief." P's Stmt. ¶ 41. Finally, if there was

PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT
NO. 2:22-cv-00319-TOR - 13

LAW OFFICE OF BRIAN FAHLING
559 Old Mill Rd
Sandpoint, ID 83864
(425) 802-7326
E: bfahling@fahlinglaw.com

1  remaining any grounds to doubt his sincerity, Rolovich held fast to his convictions,

2  at great risk to his public reputation, his professional prospects, and his livelihood.

3      None of the arguments that WSU gave for terminating Rolovich unseats these

4  facts. Nothing has been uncovered in discovery and WSU's expert witnesses have

5  not identified anything in their reports that disputes these facts of Rolovich's

6  religious belief. Under the legal principles set out above, the undisputed facts show

7  that Rolovich has satisfied his *prima facie* burden under a Title VII failure to

8  accommodate claim. No reasonable jury could deny that Rolovich had a bona fide

9  religious belief that conflicted with WSU's vaccine mandate.

10                          **CONCLUSION**

11      For the reasons provided above, Plaintiff Nicholas Rolovich respectfully requests

12  that the Court grant

13      a) summary judgment on the first element of Rolovich's *prima facie* case for
           the Title VII failure to accommodate claim, that Rolovich has a religious
           belief which conflicted with WSU's vaccine mandate.

14      b) summary judgment on the second element of Rolovich's *prima facie* case
           for his Title VII failure to accommodate claim, that Rolovich informed
           WSU of his religious belief and conflict.

15      c) summary judgment on the third element of Rolovich's *prima facie* case for
           his Title VII failure to accommodate claim, that Rolovich was terminated
           by WSU for Rolovich's inability to comply with the vaccine mandate, a job
           requirement.

24      DATED this 23rd day of September, 2024.

PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT
NO. 2:22-cv-00319-TOR - 14

**LAW OFFICE OF BRIAN FAHLING**
559 Old Mill Rd
Sandpoint, ID 83864
(425) 802-7326
E: bfahling@fahlinglaw.com

**LAW OFFICE OF BRIAN FAHLING**

 /s/ Brian Fahling
Brian Fahling WSBA #18894
559 Old Mill Rd
Sandpoint, ID 83864
Tele: 425.802.7326
Email: bfahling@fahlinglaw.com

**KNIFFIN LAW PLLC**

/s/ Eric Kniffin
Eric Kniffin CO Bar # 48016
102 S. Tejon Street, Suite 1100
Colorado Springs, CO 80903
Tele: 719-212-4391
Email: eric@kniffin.law
*Admitted pro hac vice*

**FROST BROWN TODD LLP**

/s/ E. Job Seese
E. Job Seese, CO Bar # 48379
Michael A. Freimann, CO Bar #35430
Mamie Ling, CO Bar #49483
Meredith Grant, CO Bar #59667
1801 California Street, Suite 2700
Denver, CO 80202
Tele: 303.623.9000
jseese@fbtlaw.com
mfreimann@fbtlaw.com
mling@fbtlaw.com
mgrant@fbtlaw.com
Tel.: (303) 406-4990
*Admitted pro hac vice*

*Attorneys for Plaintiff*

PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT
NO. 2:22-cv-00319-TOR - 15

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on the 23rd day of September, 2024, I electronically filed the

3

forgoing MOTION FOR PARTIAL SUMMARY JUDGMENT with the Clerk of

4

Court using the CM/ECF System, which in turn automatically generated a Notice of

5

Electronic Filing (NEF) to all parties in the case who are registered users of the

6

CM/ECF system. The NEF for the foregoing specifically identifies recipients of

7

electronic notice. I hereby certify that none of the represented parties are non-

8

CM/ECF participants.

9

By:_____/s/ E. Job Seese_____

10

E. Job Seese

11

12

13

14

15

16

17

18

19

20

21

22

23

24

PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT
NO. 2:22-cv-00319-TOR - 16