# Exhibit I

Exhibit I Page 1

## WSU_00021020-WSU_00021024

Exhibit I Page 2

# WSU_00021020

## Metadata

| | | |
|---|---|---|
| **All Custodians** | Dennler, Bonnie; Elliot, Theresa; Gehring, Lisa | SEMANTIC |
| **All Paths** | b.carothers@wsu.edu-3.pst//Top of Personal Folders/b.carothers@wsu.edu (Primary)/Top of Information Store/Inbox/HRS/Labor/KendraWF/1683b.eml//OFM_SHR_Vaccine_Mandate_Guidance_Version3.docx//Microsoft_Word_Document1.docx; gehring@wsu.edu-2.pst//Top of Personal Folders/gehring@wsu.edu (MainArchive)/Recoverable Items/DiscoveryHolds/1def5.eml//OFM_SHR_Vaccine_Mandate_Guidance_Version3.docx//Microsoft_Word_Document1.docx; gehring@wsu.edu.pst//Top of Personal Folders/gehring@wsu.edu (Primary)/Top of Information Store/Inbox/Litigation Hold Documents/Barnes/17b0d.eml//OFM_SHR_Vaccine_Mandate_Guidance_Version3.docx//Microsoft_Word_Document1.docx; telliot@wsu.edu.pst//Top of Personal Folders/telliot@wsu.edu (Primary)/Top of Information Store/Inbox/Pandemic/vaccine mask WD/1a96b.eml//OFM_SHR_Vaccine_Mandate_Guidance_Version3.docx//Microsoft_Word_Document1.docx | SEMANTIC |
| **Author** | Petrie, Valerie B (ATG) | SEMANTIC |
| **Begin Family** | WSU_00020972 | SEMANTIC |
| **Custodian** | Dennler, Bonnie | SEMANTIC |
| **End Family** | WSU_00021031 | SEMANTIC |
| **Extension** | docx | SEMANTIC |
| **Family Date** | 10/11/2021 2:40 pm UTC | VIRTUAL |
| **File Path** | b.carothers@wsu.edu-3.pst//Top of Personal Folders/b.carothers@wsu.edu (Primary)/Top of Information Store/Inbox/HRS/Labor/KendraWF/1683b.eml//OFM_SHR_Vaccine_Mandate_Guidance_Version3.docx//Microsoft_Word_Document1.docx | SEMANTIC |
| **Filename** | Microsoft_Word_Document1.docx | SEMANTIC |
| **MD5 Hash** | 1f5ed2bd8b6125b9ea411b55aab5f2ff | SEMANTIC |
| **Placeholder** | N | SEMANTIC |
| **Primary Date** | 09/13/2021 5:39 pm UTC | DOC_TYPE_ALIAS |
| **Redacted** | N | SEMANTIC |
| **SHA1 Hash** | d939983694a0412c67c0ad1c75a1237599c5481e | SEMANTIC |

Exhibit I Page 3

# GUIDANCE ON EVALUATING RELIGIOUS ACCOMMODATION REQUESTS

*Please note that this guidance is intended for WA state agencies. It is not intended for broader use.*

The process for reviewing a request for an exemption to the COVID-19 vaccination requirement due to a sincerely held religious belief is a confidential interactive process between the employee and the agency/organization human resources department. As with the ADA accommodation process, the results of this process will be considered, analyzed, and determined on a case-by-case basis. The employee must actively participate in the interactive accommodation process and provide all information reasonably needed to evaluate the request.

1. ***What is the definition of religion when assessing a request for religious accommodation?***
Under federal and state law, "religion" is broadly defined. It includes traditional, organized religions such as Christianity, Judaism, Islam, Hinduism, and Buddhism. A religious belief may be individualistic, and it also includes religious beliefs that are new, uncommon, not part of a formal church or sect, or only held by a small number of people. Non-theistic, moral or ethical beliefs about what is right and wrong, which are sincerely held with the strength of traditional religious views, may meet the definition of a sincerely held religious belief. However, social, political, or economic philosophies, or personal preferences, are not "religious" beliefs under the law.

2. ***How should an agency/organization evaluate a request for religious accommodation?***
When reviewing the request, the agency should follow these abiding principles:
- • Presume a religious belief to be sincerely held.
- • Be cognizant that religious beliefs are not static and are susceptible to change over the course of a person's life.
- • Remember the fact that an individual is not a frequent observer of their faith or had not previously made their faith public does not necessarily limit its sincerity.
- • An accommodation does not have to be limited to what is requested by the employee.

3. ***Once it is determined an individual qualifies for an exemption to the vaccination requirement based on a sincerely held belief, what happens next?***
   - Once a request has been made, the process is like the ADA accommodation process
   - The employee's essential functions of the position should be considered and the agency/organization should engage in an interactive process to identify options to limit transmission of COVID-19 in the workplace without creating an undue hardship for the employer (see below). Agencies/organizations may consult the accommodation matrix for more information.

4. ***What can an employer do if they have questions about an employee's request for religious accommodation from the vaccine mandate?***
Federal guidance on religious accommodation encourages employers to presume that an employee's request for religious accommodation is based on a sincere belief in a religion, unless the employer has a valid, objective reason to question the employee. The employer

Version 2: Updated 9/13/2021

1

Exhibit I Page 4

WSU_00021020

## GUIDANCE ON EVALUATING RELIGIOUS ACCOMMODATION REQUESTS

should review the request on its own merits, initiate discussion with the employee about whether an employee's religious belief is sincerely held (see questions below), possible accommodation, and assess whether accommodation is possible. Employees have an obligation to actively participate in the accommodation process and must cooperate with an employer's attempt to accommodate their needs. In addition, the employee must show that the proposed accommodation would enable the employee to perform the essential functions of his/her position and is practical for the employer.

In determining whether an employee's religious belief is sincerely held, a limited initial inquiry could include objective, general questions, without delving too far into an employee's reasons for a particular belief and without requiring input from an outside source, such as a formal religious leader. Such inquiries might include asking how long the employee has followed the professed belief or what constitutes the basic tenets of the religion. The employer does not have to accept a high-level statement of religious observance that provides no details; an employer can ask about the specific belief, tenet, or observance that conflicts with the vaccination requirement.

However, if the employer determines it needs additional supporting information, and/or has doubts as to the sincerity or religious nature of the employee's professed belief, the employer has the option to request supporting documents or other types of verification from the employee. Such written materials may include requesting the employee's own first-hand explanation. Employers should proceed with caution and obtain legal advice before seeking third-party verification, e.g., requesting verification from the employee's pastor, rabbi, church elder, etc. Employers should keep questions and information requests focused on the particular religious belief system, and not inquire into intensely personal details about the employee's level of observance or faith in their stated religion.

In evaluating a request for accommodation, employers are not required to consider only the accommodation that the employee believes is the best one but must offer an alternative accommodation that is reasonable. A reasonable accommodation can be determined only by analyzing the specific facts surrounding a particular request and core job duties. Generally, an accommodation is unreasonable if it (1) does not remove the conflict between the workplace and the employee's need for accommodation; (2) discriminates against the employee; or (3) compromises the employee's access to the terms, conditions and privileges of employment. Federal guidance recommends that if more than one accommodation is possible, the employer should offer the accommodation that will least disadvantage the employee's opportunities in the workplace.

*Seek legal advice from your assigned labor and personnel assistant attorney general if you need assistance.*

5.  ***What if an employee refuses to answer questions and/or complete the form?***

Version 2: Updated 9/13/2021

2

Exhibit I Page 5

WSU_00021021

# GUIDANCE ON EVALUATING RELIGIOUS ACCOMMODATION REQUESTS

An employee is required to participate in the interactive process. However, they are not required to submit information in writing. Where an employee refuses to answer in writing, an effort should be made to discuss the questions with the employee and the employer should document their responses to comply with the proclamation.

6. **What if an employee fails to complete just one part of the form (or even just one question, such as the one about prior vaccine/medicine) but completes the rest?**

If the employee does not answer all the questions, the employer should consider the information that was provided and assess if it has sufficient information to the employee has a sincerely held religious belief which prevents vaccination.

7. **What if an employee submits a different form entirely?**
    If the employee submits a different form, the employer should determine if the information provided permits them to determine if the employee has a sincerely held religious belief which prevents vaccination. If a large number of employees submit the same form, please reach out to your AAG to discuss.

8. **What if the reason cited is general, such as "My body is my temple?**

Where an employee provides a general statement rather than answering the questions asked, the employer may seek additional information reasonably necessary to determine if the employee has a sincerely held religious belief which prevents vaccination.

9. **What if the reasons cited by the employee are believed by the employer to be factually inaccurate?**

Where the information provided by the employee appears to in inaccurate, such as the employee stating the vaccines contain an ingredient which they do not, the employer could provide the employee with educational resources, (i.e. DOH information on common misconceptions about the COVID-19 vaccines: https://www.doh.wa.gov/Emergencies/COVID19/VaccineInformation/VaccineFacts) and ask them to confirm their continued request for accommodation after consulting the information.

10. **How does an employer determine if a religious accommodation imposes more than a minimal burden on operation of the business (or an "undue hardship")?**

    An accommodation based on religion utilizes a different standard than am accommodation based on a disability.  With respect to religious accommodation, an accommodation is an "undue hardship" if it imposes more than a *de minimis* cost on the employer.  It is incumbent upon the employer to establish that an accommodation is an undue hardship. An employer cannot rely on hypothetical hardship when faced with an employee's religious obligation that conflicts with scheduled work but should rely on objective data. Considerations of an undue hardship may include:

    • Type of workplace

# GUIDANCE ON EVALUATING RELIGIOUS ACCOMMODATION REQUESTS

- Nature of employee's duties

- Actual work disruption

- A request that is unduly difficult, substantial, or disruptive to implement

- Causes a lack of staffing

- Cost of the accommodation and number of employees needing the accommodation

- Number of Employees Impacted by permitting the requested accommodation including seniority systems and collectively bargained rights – for example, other employees had CBA seniority right to choose their preferred jobs and shifts, and accommodation in this case would interfere with those rights.
- Size and operating costs of the business impact of the accommodation on the agency as a whole not just the impact on a satellite office.
- Safety Concerns and Security Considerations.

*Seek legal advice from your assigned labor and personnel assistant attorney general to assess options.*

**Resources:**

EEOC Section 12 (Updated January 15, 2021):
https://www.eeoc.gov/laws/guidance/section-12-religious-discrimination

EEOC Technical Guidance, "What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws (updated May 28, 2021):
https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws#K.6

Washington Human Rights Commission (Updated July 2015):
https://www.hum.wa.gov/sites/default/files/public/99_Religion%20and%20non-discrimination.pdf

Title VII of the Civil Rights Act of 1964:
https://www.eeoc.gov/statutes/title-vii-civil-rights-act-1964

Revised Code of Washington 49.60, Washington Law Against Discrimination:
https://app.leg.wa.gov/rcw/default.aspx?cite=49.60

Washington DOH, Building Confidence and Busting Myths:
https://www.doh.wa.gov/Emergencies/COVID19/VaccineInformation/VaccineFacts

Version 2: Updated 9/13/2021

4

Exhibit I Page 7

WSU_00021023

# GUIDANCE ON EVALUATING RELIGIOUS ACCOMMODATION REQUESTS

Version 2: Updated 9/13/2021

5

Exhibit I Page 8

WSU_00021024