# Exhibit M

| | |
|---|---|
| 1 | ROBERT W. FERGUSON<br>Attorney General |
| 2 | |
| 3 | SPENCER W. COATES, WSBA #49683<br>Assistant Attorney General<br>Complex Litigation Division |
| 4 | 800 Fifth Avenue, Suite 2000<br>Seattle, WA 98104-3188 |
| 5 | (206) 464-7744 |
| 6 | ZACHARY J. PEKELIS, WSBA #44557<br>W. SCOTT FERRON, WSBA #61154 |
| 7 | ERICA P. CORAY, WSBA #61987<br>AI-LI CHIONG-MARTINSON, WSBA #53359 |
| 8 | Special Assistant Attorneys General<br>PACIFICA LAW GROUP LLP |
| 9 | 1191 2nd Avenue, Suite 2000<br>Seattle, WA 98101-3404 |
| 10 | (206) 245-1700 |

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON**

| | | |
|---|---|---|
| NICHOLAS ROLOVICH, | | NO. 2:22-cv-00319-TOR |
| Plaintiff, | | PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT **AND DEFENDANT'S ANSWERS AND OBJECTIONS THERETO** |
| v. | | |
| WASHINGTON STATE UNIVERSITY, | | |
| Defendant. | | |

In accordance with Federal Rule of Civil Procedure 36, Defendant Washington State University ("WSU") hereby submits these Answers and Objections ("Answers") to Plaintiff's First Set of Requests for Admission to Defendant ("Requests") as follows:

PLF.'S FIRST SET OF REQUESTS FOR ADMISSION TO DEF. **AND DEF.'S ANSWERS AND OBJECTIONS THERETO**

1

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

Exhibit M Page 2

## GENERAL OBJECTIONS APPLICABLE TO ALL ANSWERS

1. WSU objects to Plaintiff's characterization of the Requests as "continuing." WSU will respond to the specific Requests set forth herein and will supplement its Answers as necessary to comply with the Federal Rules of Civil Procedure. WSU reserves the right to modify or supplement these Answers as necessary.

2. WSU objects to the Requests as vague, ambiguous, overbroad, unduly burdensome, duplicative, not relevant to any party's claims or defenses, and not proportional to the needs of the litigation. WSU specifically objects to the Requests' specified time period as overbroad in that it extends well after Plaintiff filed this lawsuit. Unless otherwise stated, these Answers pertain to the time period of January 1, 2020, to November 14, 2022.

3. WSU objects to the Requests' definition of "You/Your" as vague, ambiguous, overbroad, not relevant to any party's claims or defenses, and not proportional to the needs of the litigation, including to the extent it purports to require WSU to obtain information from persons who either are not WSU employees or were not involved in WSU's actions challenged by Plaintiff. WSU understands these Requests to seek—and its Answers reflect—only information currently known by WSU.

PLF.'S FIRST SET OF REQUESTS FOR ADMISSION TO DEF. **AND DEF.'S ANSWERS AND OBJECTIONS THERETO**

2

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

Exhibit M Page 3

1    4.    WSU objects to the Requests to the extent they impose burdens or seek discovery beyond what is permitted or required under the Federal Rules of Civil Procedure, including Rules 26 and 36.

5.    WSU objects to the Requests to the extent they call for information protected from disclosure by attorney-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity.

6.    WSU objects to the Requests to the extent they seek information protected from disclosure by the Family Education Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g, the Health Insurance Portability and Accountability Act (HIPAA), 42 U.S.C. § 1320d-6, or any other applicable privacy protection. WSU will only disclose such protected information consistent with the Stipulated Protective Order entered in this case. *See* ECF No. 61.

7.    WSU objects to the Requests' use of the undefined phrase "the review committee" as vague and ambiguous. In these Answers, WSU uses the phrase "review committee" to refer to the following current or former WSU employees, two or more of whom conducted an initial, "blind" review of any employee request for a religious exemption with respect to Proclamation 21.14.1 (including Plaintiff's request): Lisa Gehring, Bonnie Dennler, Teddi Phares, and Daniel Records. *See* WSU Ans. to Plf.'s Interrogatory No. 13.

8.    The foregoing General Objections are incorporated by reference into the Answer to each Request. WSU not having listed specifically any one of its

PLF.'S FIRST SET OF REQUESTS FOR ADMISSION TO DEF. **AND DEF.'S ANSWERS AND OBJECTIONS THERETO**    3    ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

Exhibit M Page 4

1  General Objections in response to a particular Interrogatory does not constitute a
2  waiver of any objection, even if it could have been specifically stated.

3

4                          **REQUESTS FOR ADMISSION**

5     **REQUEST FOR ADMISSION NO. 1:** Admit that the review committee
6  found that Plaintiff described a sincerely held religious belief in his Request for
7  Religious Exemption.

8     **ANSWER:** WSU objects to this Request as vague and ambiguous and on
9  the other grounds set forth in its General Objections, especially as to the
10 undefined phrases "review committee" and "described a sincerely held religious
11 belief." WSU further objects to this Request as irrelevant to any party's claims
12 or defenses.

13    Subject to and without waiving the foregoing objections, the Request is
14 admitted in part, and denied in part. WSU admits that, after reviewing only the
15 information Plaintiff submitted in writing on October 3, 2021, the review
16 committee found the information contained therein sufficient at that stage of the
17 accommodation process to "support the accommodation request based on a
18 sincerely held religious belief." Except as otherwise admitted, denied.

19
20
21
22

PLF.'S FIRST SET OF REQUESTS FOR ADMISSION TO DEF. **AND DEF.'S ANSWERS AND OBJECTIONS THERETO**   4   ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

Exhibit M Page 5

1    **REQUEST FOR ADMISSION NO. 2:** Admit that the review committee did not reach out to Plaintiff for follow-up information regarding the sincerity of his religious belief described in his Request for Religious Exemption.

**ANSWER:** WSU objects to this Request as vague and ambiguous and on the other grounds set forth in its General Objections, especially as to the lack of a specified time period and the vague use of the phrase "religious belief," and the undefined and vague phrases "review committee," "reach out," and "follow-up information." WSU further objects to this Request as irrelevant to any party's claims or defenses.

Subject to and without waiving the foregoing objections, the Request is admitted in part, and denied in part. WSU admits that the review committee did not request additional information from Plaintiff regarding his asserted religious objection to the COVID-19 vaccines between the time he submitted materials in support of his religious accommodation request on October 3, 2021, and when WSU denied his request on October 18, 2021. Except as otherwise admitted, denied.

**REQUEST FOR ADMISSION NO. 3:** Admit that the review committee, after a review of Plaintiff's written and/or oral communications in his Request for Religious Exemption, determined that such communications supported Plaintiff's accommodation request based on a sincerely held religious belief.

PLF.'S FIRST SET OF REQUESTS FOR ADMISSION TO DEF. **AND DEF.'S ANSWERS AND OBJECTIONS THERETO**

5

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

Exhibit M Page 6

1    **ANSWER:** WSU objects to this Request as vague and ambiguous and on the other grounds set forth in its General Objections, especially as to the undefined and vague phrases "review committee" and "written and/or oral communications." WSU further objects to this Request as irrelevant to any party's claims or defenses.

Subject to and without waiving the foregoing objections, the Request is admitted in part, and denied in part. WSU admits that, after reviewing only the information Plaintiff submitted in writing on October 3, 2021, the review committee found the information contained therein sufficient at that stage of the accommodation process to "support the accommodation request based on a sincerely held religious belief." Except as otherwise admitted, denied.

**REQUEST FOR ADMISSION NO. 4:** Admit that the review committee did not contact Plaintiff for follow-up information related to his Request for Religious Exemption.

**ANSWER:** WSU objects to this Request as vague and ambiguous and on the other grounds set forth in its General Objections, especially as to the lack of a specified time period and the vague phrases "review committee" and "follow-up information related to his Request for Religious Exemption." WSU further objects to this Request as irrelevant to any party's claims or defenses.

PLF.'S FIRST SET OF REQUESTS FOR ADMISSION TO DEF. AND DEF.'S ANSWERS AND OBJECTIONS THERETO

6

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

Exhibit M Page 7

1  Subject to and without waiving the foregoing objections, the Request is
2  admitted in part, and denied in part. WSU admits that the review committee did
3  not request additional information from Plaintiff regarding his asserted religious
4  objection to the COVID-19 vaccines between the time he submitted materials in
5  support of his religious accommodation request on October 3, 2021, and when
6  WSU denied his request on October 18, 2021. Except as otherwise admitted,
7  denied.

9  **REQUEST FOR ADMISSION NO. 5:** Admit that the review committee
10 contacted individuals other than Plaintiff for follow-up information to assess the
11 sincerity of Plaintiff's religious belief described in his Request for Religious
12 Exemption.

13 **ANSWER:** WSU objects to this Request as vague and ambiguous and on
14 the other grounds set forth in its General Objections, especially as to the vague
15 phrases "review committee," "follow-up information," and Plaintiff's
16 unidentified "religious belief." WSU further objects to this Request as irrelevant
17 to any party's claims or defenses. WSU further objects to this Request to the
18 extent it calls for information protected from disclosure by attorney-client
19 privilege, the work product doctrine, or any other applicable privilege protection,
20 or immunity.

PLF.'S FIRST SET OF REQUESTS FOR ADMISSION TO DEF. **AND DEF.'S ANSWERS AND OBJECTIONS THERETO**

7

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

Exhibit M Page 8

1  Subject to and without waiving the foregoing objections, the Request is
2  admitted in part, and denied in part. WSU admits that HRS invited and received
3  information from the WSU Athletics Department concerning Plaintiff's religious
4  accommodation request, including but not limited to information relevant to
5  whether Plaintiff held sincere religious beliefs in conflict with vaccination against
6  COVID-19. Except as otherwise expressly admitted, denied.

8  **REQUEST FOR ADMISSION NO. 6:** Admit that the review committee
9  did not contact anyone in the WSU Athletic Department for follow-up
10 information to assess the sincerity of Plaintiff's religious belief described in his
11 Request for Religious Exemption.

12 **ANSWER:** WSU objects to this Request as vague and ambiguous and on
13 the other grounds set forth in its General Objections, especially as to the vague
14 phrases "review committee," "follow-up information," and Plaintiff's
15 unidentified "religious belief." WSU further objects to this Request as irrelevant
16 to any party's claims or defenses. WSU further objects to this Request to the
17 extent it calls for information protected from disclosure by attorney-client
18 privilege, the work product doctrine, or any other applicable privilege protection,
19 or immunity.
20 Subject to and without waiving the foregoing objections, denied.

PLF.'S FIRST SET OF REQUESTS FOR ADMISSION TO DEF. AND DEF.'S ANSWERS AND OBJECTIONS THERETO

8

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

Exhibit M Page 9

**REQUEST FOR ADMISSION NO. 7:** Admit that the reversal of the review committee's determination that Plaintiff's Request for Religious Exemption described a sincerely held religious belief was the only instance in which the review committee's finding of sincerity was subsequently reversed.

**ANSWER:** WSU objects to this Request as vague and ambiguous and on the other grounds set forth in its General Objections, especially as to the vague and undefined phrases "review committee" and "reversal." WSU further objects to this Request as irrelevant to any party's claims or defenses.

Subject to and without waiving the foregoing objections, denied.

**REQUEST FOR ADMISSION NO. 8:** Admit that WSU never prepared any documented analysis of the financial impact that would have resulted from granting an accommodation to Plaintiff's Request for Religious Exemption.

**ANSWER:** WSU objects to this Request as vague and ambiguous and on the other grounds set forth in its General Objections, especially as to the vague and undefined phrases "documented analysis" and "financial impact." WSU further objects to this Request as irrelevant to the claims or defenses in this case.

Subject to and without waiving the foregoing objections, denied.

PLF.'S FIRST SET OF REQUESTS FOR ADMISSION TO DEF. **AND DEF.'S ANSWERS AND OBJECTIONS THERETO**

9

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

Exhibit M Page 10

**REQUEST FOR ADMISSION NO. 9:** Admit that WSU did nothing to verify the authenticity of vaccination cards that WSU Employees and students provided in response to the Vaccine Mandate.

**ANSWER:** WSU objects to this Request as vague and ambiguous and on the other grounds set forth in its General Objections, especially in its use of the phrase "WSU did nothing" and its suggestion that WSU students provided vaccination cards in response to the "Vaccine Mandate," which the Requests define as "the COVID-19 vaccination that was mandate pursuant to the Governor's Proclamation 21-14.1." WSU further objects to this Request as irrelevant to any party's claims or defenses.

Subject to and without waiving the foregoing objections, denied.

**REQUEST FOR ADMISSION NO. 10:** Admit that WSU had no procedure for determining whether Employees or students provided fake vaccination cards in response to the Vaccine Mandate.

**ANSWER:** WSU objects to this Request as vague and ambiguous and on the other grounds set forth in its General Objections, especially in its use of the phrase "WSU had no procedure" and its suggestion that WSU students provided vaccination cards in response to the "Vaccine Mandate," which the Requests define as "the COVID-19 vaccination that was mandate pursuant to the

PLF.'S FIRST SET OF REQUESTS FOR ADMISSION TO DEF. **AND DEF.'S ANSWERS AND OBJECTIONS THERETO**

10

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

Exhibit M Page 11

Governor's Proclamation 21-14.1." WSU further objects to this Request as irrelevant to the claims or defenses in this case.

Subject to and without waiving the foregoing objections, denied.

**REQUEST FOR ADMISSION NO. 11:** Admit that WSU granted every Request for Religious Exception sought by any student-athlete participating in the football program.

**ANSWER:** WSU objects to this Request as vague, ambiguous and on the other grounds set forth in its General Objections, especially in its use of the undefined phrase "Request for Religious Exception," without any reference to whatever requirement from which an "[e]xception" was sought. WSU further objects to the Request as overbroad, unduly burdensome, and not proportional to the needs of the case, including because it is not limited by any relevant timeframe. WSU further objects to this Request as calling for information protected from disclosure by FERPA. WSU further objects to this Request as irrelevant to any party's claims or defenses.

Subject to and without waiving the foregoing objections, denied.

**REQUEST FOR ADMISSION NO. 12:** Admit that WSU granted every Request for Religious Exception by any student who sought an exception.

PLF.'S FIRST SET OF REQUESTS FOR ADMISSION TO DEF. **AND DEF.'S ANSWERS AND OBJECTIONS THERETO**

11

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

Exhibit M Page 12

1  **ANSWER:** WSU objects to this Request as vague, ambiguous and on the
2  other grounds set forth in its General Objections, especially in its use of the
3  undefined phrase "Request for Religious Exception," without any reference to
4  whatever requirement from which an "[e]xception" was sought. WSU further
5  objects to the Request as overbroad, unduly burdensome, and not proportional to
6  the needs of the case, including because it is not limited by any relevant
7  timeframe. WSU further objects to this Request as calling for information
8  protected from disclosure by FERPA. WSU further objects to this Request as
9  irrelevant to any party's claims or defenses.

10  Subject to and without waiving the foregoing objections, denied.

11

12  **REQUEST FOR ADMISSION NO. 13:** Admit that WSU's Athletics
13  Department utilized Cortext for communicating about medical and health-related
14  issues, including Plaintiff's vaccination status.

15  **ANSWER:** WSU objects to this Request as vague and ambiguous and on
16  the other grounds set forth in its General Objections, especially as to the vague
17  and undefined phrase "medical and health-related issues." WSU further objects
18  to this Request as overbroad and unduly burdensome, including due to the lack
19  of a specified timeframe, and to the extent it seeks information based on
20  documents not within WSU's possession, custody, or control. WSU further
21  objects to the Request as seeking information protected from disclosure by

22

PLF.'S FIRST SET OF REQUESTS FOR ADMISSION TO DEF. **AND DEF.'S ANSWERS AND OBJECTIONS THERETO**    12    ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

Exhibit M Page 13

1  FERPA or HIPAA. Finally, WSU objects to the Request as seeking information
2  irrelevant to any party's claims or defenses.

3      Subject to and without waiving the foregoing objections, the Request is
4  admitted in part, denied in part. WSU admits that some WSU Athletics
5  Department employees utilized, at times, Imprivata Cortext as a HIPAA-
6  compliant text application for some student athlete-related "medical and health-
7  related issues" in 2020, 2021, and 2022. Following a reasonable investigation,
8  WSU denies that Cortext was used by WSU Athletics employees specifically to
9  communicate about Plaintiff's vaccination status. Except as otherwise admitted,
10 denied.

12      DATED this 3rd day of September 2024.

ROBERT W. FERGUSON
Attorney General

*s/Zachary P. Pekelis*
ZACHARY J. PEKELIS, WSBA #44557
W. SCOTT FERRON, WSBA #61154
ERICA P. CORAY, WSBA #61987
AI-LI CHIONG-MARTINSON, WSBA #53359
Special Assistant Attorneys General
PACIFICA LAW GROUP LLP
1191 2nd Avenue, Suite 2000
Seattle, WA 98101-3404
(206) 245-1700
Zach.Pekelis@pacificalawgroup.com

SPENCER W. COATES, WSBA #49683
Assistant Attorney General
Complex Litigation Division

---

PLF.'S FIRST SET OF REQUESTS FOR ADMISSION TO DEF. **AND DEF.'S ANSWERS AND OBJECTIONS THERETO**     13    ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

1  
2     800 Fifth Avenue, Suite 2000  
      Seattle, WA  98104-3188  
3     (206) 464-7744  
      Spencer.Coates@atg.wa.gov  
4  
      Attorneys for Defendant Washington State University  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  

| PLF.'S FIRST SET OF REQUESTS FOR ADMISSION TO DEF. **AND DEF.'S ANSWERS AND OBJECTIONS THERETO** | 14 | ATTORNEY GENERAL OF WASHINGTON<br>Complex Litigation Division<br>800 Fifth Avenue, Suite 2000<br>Seattle, WA  98104-3188<br>(206) 464-7744 |

**CERTIFICATE OF SERVICE**

I hereby declare that on this day I caused the foregoing document to be served upon all counsel of record.

I declare under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct.

DATED this 3rd day of September 2024, at Seattle, Washington.

*s/Zachary J. Pekelis*
ZACHARY J. PEKELIS, WSBA #44557
Special Assistant Attorney General

PLF.'S FIRST SET OF REQUESTS FOR ADMISSION TO DEF. **AND DEF.'S ANSWERS AND OBJECTIONS THERETO**

15

ATTORNEY GENERAL OF WASHINGTON
Complex Litigation Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

Exhibit M Page 16