# Exhibit P



# WASHINGTON STATE

## ATHLETICS



#11732256

RECEIVED
NOV 15 2021
HUMAN RESOURCE SERVICES

November 12, 2021

Nicholas R. Rolovich
1815 SW Casey Court
Pullman, WA 99163

**RE:   Notice of Decision to Terminate for Just Cause**

Mr. Rolovich:

Pursuant to Paragraph 4.2 of your employment agreement, this letter constitutes notice of termination for just cause from your employment as head football coach at Washington State University, effective immediately.

This decision has been made after careful review and consideration of your lengthy and detailed response, which includes many inaccurate statements and legal claims. I did not find your response persuasive and will not respond to each and every contention. However, please note the following:

- **Background:** Per the Governor's Proclamation 21-14.1, all state employees, including those in higher education, were required to be fully vaccinated against COVID-19 by October 18, 2021, unless they had an approved medical or religious accommodation. You requested an exemption/accommodation on religious grounds, which the University denied on October 18, 2021, thereby rendering you in violation of the Proclamation and ineligible for continuing employment at Washington State University. On October 18, 2021, the University issued you written notice of its intent to terminate your employment for just cause in accordance with the Proclamation and your contract of employment.

- **Regarding the University's decision that granting an exemption would cause undue hardship to the Athletic Department and the University:** You claim that your ability to fulfill your duties as head football coach has not been and would not be impacted by your vaccination status. This is false. Your performance of your duties has been significantly hindered and would continue to be as long as you are unvaccinated, notwithstanding any reasonable accommodations that might be implemented. Your activities have had to be continually and severely limited to a much greater extent than if you had been vaccinated, in order to mitigate the risk of you becoming infected or infecting others. In addition to the information WSU provided you and your attorney in

Washington State University | Department of Intercollegiate Athletics | Office of the Director
Bohler Athletic Complex 110, PO Box 641602, Pullman, WA 99164-1602 | 509-335-0200 | Fax: 509-335-4501 | www.wsucougars.com

Exhibit P Page 2

WSU_00000001

previous documents, including the October 18, 2021, Notice of Intent to Terminate for Just Cause, I note the following:

- o The Pac-12 Conference, not the University, barred you from attending Pac-12 Media Day in person due to the vaccination requirement for head coaches. You were the only Pac-12 head coach unvaccinated and unable to attend in-person. Instead of showcasing our student athletes and the WSU football program, you became the story. You claim this was not your choice and that other conferences operate differently. This completely misses the point. It was your choice not to get vaccinated, and your job required you to be successful and operate as a *Pac-12 head football coach*, which means adhering to Pac-12 rules.

- o You have been significantly hindered in your ability to successfully contact and recruit prospective student-athletes, because you have been restricted from attending any locale that has vaccine requirements, including high schools, high school sporting events, junior colleges, other universities' sporting events, or other prospect camps. Vitally important recruiting areas, especially on the west coast, including California and western Washington, which are historically WSU's most significant geographical areas for recruiting, are essentially inaccessible to you as a recruiter. Moreover, Hawaii, a state where you have extensive ties and should be able to recruit in-person with a high level of success, also has very stringent COVID-19 restrictions, which have limited your ability to successfully recruit in that state. Over 2/3 of our current football roster has student-athletes who reside from the states of Washington, California, Oregon, and Hawaii. WSU cannot sustain a successful football program if coaches are limited in recruiting locations.

- o Aside from the restrictions noted above, non-competition travel by unvaccinated coaches requires a quarantine upon return to campus. This has limited your ability to be on the road during key recruiting periods and reduced the number of days you can spend traveling for recruiting purposes. Also, WSU cannot risk losing recruits who refuse to visit campus because Athletics is accommodating unvaccinated coaches.

- o As a result of your recruiting limitations, the football program's recruiting statistics and verbal commitments for the 2022 recruiting cycle have been directly impacted and are unacceptably low. You personally stated your expectation of signing a full class, which would mean a minimum of 25 initial signees. Contrary to your claim, NCAA regulations would not have prevented you from signing more prospective student-athletes; it was

WSU_00000002

your responsibility to manage the roster to incorporate a full class of new student-athletes. Recruiting at the level of a Pac-12 Conference institution requires a robust recruiting plan and effort.

o Because you are unvaccinated, you were required to quarantine after travel, which limited your participation in many important activities, including donor meetings. You appear to acknowledge this by explicitly stating you deliberately chose not to attend certain in-person donor events, which you had previously agreed to attend and were on your schedule. However, every Pac-12 head football coach must be able to regularly attend donor visits and events and actively engage in marketing efforts, in addition to other duties. Because you were unvaccinated, your ability to interact with key constituents, including students, donors, fans, and others, was severely impacted.

o The Athletic Department has incurred significant costs associated with the need to test you and other unvaccinated football coaches for COVID-19 on a daily basis. The Pac-12 requires a minimum of three (3) tests per week for unvaccinated staff, in addition to pre-competition testing, and the Athletic Department policy requires daily testing. PCR testing, which must occur at least weekly for unvaccinated individuals and 72 hours prior to competition or travel, costs approximately $100 per test. The cost for testing alone of unvaccinated staff from August 2021 through final tests on October 18, 2021, was $10,000. In addition to that cost, because of the workload of increased testing caused by you and other unvaccinated coaches, the Athletics Department was required to hire additional staff to assist in COVID-19 testing, at considerable expense. It is important to note that these testing requirements do not apply to vaccinated players and staff, and that football was the only intercollegiate athletic program at WSU to have unvaccinated coaching staff.

o Overwhelming scientific evidence establishes the efficacy of the vaccine in mitigating the spread of COVID-19 and preventing severe disease. By refusing to support, and by you and your staff at times actively opposing, the University's COVID-19 education and vaccination efforts, and by setting a very public example, you have undermined the University's efforts to promote student safety. Although numbers are gradually improving, the football program has the lowest student-athlete vaccination rate of any intercollegiate athletics team at WSU and among the lowest rate in the Pac-12. The football program experienced COVID-19 outbreaks in fall 2020 and spring 2021 that far exceeded any outbreaks among other intercollegiate athletics teams at WSU. In addition, WSU had

WSU_00000003



to miss or reschedule several of the seven scheduled games in the restructured fall 2020 football season, including two cancellations.

- **Regarding the University's decision that you do not have a sincerely held religious belief that conflicts with the University's vaccine requirement:**

  o Prior to the Governor's proclamation, and since the beginning of the pandemic, you openly and freely expressed your opposition to the vaccine and other COVID-19 mitigation efforts on numerous occasions to numerous people, citing your own "scientific" research and making statements mirroring several specific online conspiracy theories, which included demonstrably false claims. In addition, at no point did you ever mention any religious concerns (ex: regarding fetal tissue). Therefore, your current claim that your private, unexpressed concerns were actually religious in nature is simply not credible. Your statement that you and some of your staff had unsuccessfully tried to secure documentation for a medical exemption undermines your claim. Only *after* it became clear that a religious exemption was your only other option did you claim to have religious beliefs that conflict with the vaccine requirement. It is understandable that you would want the University's review to exclude information regarding your own prior statements in its decision; however, under <u>EEOC Guidance</u>, these are appropriate considerations, and your assertion to the contrary is false. Further, under EEOC Guidance, personal or philosophical beliefs do not give an individual a basis to claim a religious exemption.

- **Regarding the University's exemption process:**

  o Contrary to your claims, the University followed its process. You claim the University guaranteed a blind review of your request for a religious exemption and that it was improper for the Athletics Department to provide information contradicting your claim. Nothing in WSU's policy states or implies that it was improper for the Athletics Department to provide additional information bearing on this question. The committee's initial review is "blind" and based solely on information provided by the employee; however, once the committee makes its initial determination, the employee's unit is informed of the initial determination and has an opportunity to provide information specific to that employee and their job duties. The Athletics Department did not receive information about your request until it was appropriate for it to do so in accordance with the

WSU_00000004

process. Further, the religious exemption request form is clear that "additional follow up information" may be sought, and there is nothing that limits WSU to information provided by the employee.

o   You claim that if WSU had concerns about the sincerity of your religious beliefs, it was required to allow you to submit additional information. Again, however, the religious exemption request form uses the permissive "may," not "shall." Moreover, your November 2, 2021, response to the notice of intent to terminate provides ample additional information regarding your request for a religious exemption, and I do not find this information persuasive. As discussed above, your prior statements, as well as the timing of your request for a religious exemption, indicate that your objection to the vaccine requirement was based on factors other than religion.

o   Finally, you claim that the Athletics Department and I "overturned" the accommodation recommendations of WSU's Environmental Health and Safety (EHS). This is false. As part of the normal process, EHS provided information regarding possible accommodations but, consistent with the University's process, did not make a decision on this issue or even a recommendation regarding undue hardship. The October 14, 2021, memorandum from EHS clearly states, "EHS will not determine whether these interventions and countermeasures fundamentally alter the employee's job and cannot be accommodated."

- **Regarding your insubordination and threat of violence:**

  o   You claim you were merely expressing your "frustration with, and dislike of June Jones," and that you would never physically harm him. However, your exact words were, "I don't want to see that mother f*cker and will fight him if you bring him out to practice." Your tone and profanity during that interaction were deeply concerning and demonstrated a lack of self-control. The clear implication was that violence was in fact possible and actually intended against your former mentor and coach. Although you may have been frustrated, this is clearly a threat of physical violence and an attempt to obstruct the Athletics Department's contingency plans for the football program.

Finally, your claims of "bias" or "hostility" towards your religion are misguided. My primary concern, as the WSU Director of Athletics, has always been the well-being of the student-athletes under your supervision as we attempt to build a successful WSU football program. Diversity and inclusion are in our Department's core values and

WSU_00000005

adhered to on a daily basis. This includes respect for people's personal religious practices (like you, I am also a practicing Catholic), which further reinforces the baseless nature of this claim.

Based on the above, as well as the information in the October 18, 2021, Notice of Intent to Terminate for Cause and the other documents submitted in the religious exemption process and provided to your attorney, which are attached and incorporated herein, I find that you violated each of the sections of your contract outlined in the Notice of Intent to Terminate for Cause and that these violations were deliberate, serious, and seriously prejudicial to the University and the football program, thereby warranting termination for just cause.

Pursuant to Paragraph 4.3 of your employment agreement, you have fifteen (15) calendar days to appeal this decision to the University President. However, your right to receive any payment under your employment agreement shall cease November 15, 2021, the day after this letter is issued, and you are not entitled to receive any compensation pending the appeal.

Sincerely,

Patrick Chun
Director of Athletics

Enc.
1. Notice of Intent to Terminate for Just Cause
2. September 28, 2021, email from HRS with instructions for completing the religious exemption form
3. October 6, 2021, notification to Athletics from HRS Exemptions
4. October 13, 2021, memorandum from Athletics regarding undue hardship
5. October 13, 2021, supplemental memorandum from Athletics regarding sincerely held religious belief
6. October 14, 2021, memorandum from EHS
7. October 18, 2021, memorandum from Athletics to HRS/EHS
8. October 18, 2021, email from HRS exemptions with notice of denial of religious exemption

cc:    Brian Fahling, Attorney for Nicholas Rolovich
       Danielle Hess, WSU Division Chief, Office of the Attorney General
       Personnel File

WSU_00000006



D117322506

# WASHINGTON STATE
### ATHLETICS

Hand Delivered

October 18, 2021

Nicholas R. Rolovich
1815 SW Casey Court
Pullman, WA 99163

Re:    Written Notice of Intent to Terminate for Just Cause

Coach Rolovich:

Pursuant to Paragraphs 4.1 through 4.3 of your Employment Agreement as Head Men's Football Coach, this letter constitutes notice of the University's intent to terminate your employment for just cause.

- You were notified on September 1, 2021, and September 23, 2021, that per Proclamation 21-14.1, all state employees, including those in higher education, would be required to be fully vaccinated against COVID-19 via one of the FDA approved vaccines by October 18, 2021.

- The notice stated that if not vaccinated, you could apply for a medical or religious exemption and accommodation through WSU Human Resources (HRS). The University provided notice of the process on August 31, 2021, September 8, 2021, September 29, 2021, and October 4, 2021.

- You requested an exemption from the vaccine requirement on religious grounds. Your request was denied on October 18, 2021.

This action is in accordance with the terms of your contract, signed in April 2020, and amended in April 2021. The specific provisions violated include the following:

- Paragraph 1.2.1 requires you to devote your best efforts to the performance of your duties. In particular, you are required to "comply with and support all rules, regulations, policies, and decisions established or issued by the University." Further, you must "abide by all provisions of law." Your failure to comply with the vaccination requirement, which is both a University policy and requirement of law under the Governor's Proclamation, violates these provisions and has rendered you legally unable to perform your duties as Head Coach. Your non-compliance with the vaccine requirement, and the fact that you are now legally unable to fulfill your obligations to the University as Head Coach, also violates Section 4.1.5 of your Employment Agreement, conduct of Employee seriously prejudicial to the best interests of the University or its athletic program, and Paragraph 4.1.1.

- Paragraph 4.1.1 prohibits you from engaging in "deliberate and serious violations" of your duties, or "refusal or unwillingness to perform such duties in good faith and to the best of your abilities" As noted in my July 26, 2021, warning letter to you, your contract

Washington State University | Department of Intercollegiate Athletics | Office of the Director
Bohler Athletic Complex 110, PO Box 641602, Pullman, WA 99164-1602 | 509-335-0200 | Fax: 509-335-4501 | www.wsucougars.com

Exhibit P Page 8

WSU_00000007

Nicholas R. Rolovich
Page 2

requires you to participate in events, activities, and efforts to foster support for the Football program, and your personal decision to forego a COVID-19 vaccination has impacted your ability to do so, interfering with your ability to meet with donors and others. These activities are a critical part of being a head football coach at a Pac-12 school. See 1.2.1.2.h. Because of your decisions, WSU, the Football program, and the Athletics programs have been subject to several damaging events. These events include the following:

- Your inability to attend in-person Pac-12 Football Media Day in Los Angeles on July 27, 2021. Because of your decision to not get vaccinated, you were the only coach who did not attend in person. Your decision became the primary story concerning football and put our student athletes and other attendees in the position of having to address your absence. This was, and continues to be, a major distraction for the University, Athletics department, and the Football team.

- Your inability to attend any of the regularly scheduled Friday donor lunches. Section 1.2.1.2.h requires that you participate in events, activities, and/or efforts to foster support for the University's Athletic Department and/or the Football program. You have not actively participated in donor engagement, foster program support, or fundraising. The Friday donor lunch is a critical component of donor outreach, and your absence has been prejudicial to the Football program and the Athletics department.

- Your inability to attend the WSU Football Coaches Show in person that broadcasts live from Zeppoz. This is another critical component of donor and fan outreach. By not attending the show in person, interest from fans has been negatively impacted. Further, you are unable to attend other coaching speaking engagements in person, and you are limited in your ability to attend other campus events such as pep rallies and other fall sports. Your lack of presence as the Head Coach of WSU's most popular and well-known sport is pronounced and has been prejudicial to the Football program and the Athletics program.

- Your inability to attend live donor meetings, including several donor interactions scheduled for July. These events were subsequently canceled. Further, donors have declined to engage in personal meetings or remote meetings out of concern for their personal safety and the disappointment in the lack of leadership your handling of this matter has portrayed. Further, the University and the Athletics department has not been able to schedule future donor meetings based on your actions. Several donors have revoked gifts or put them on hold until further notice because of your decision.

- Paragraph 1.2.1.2 requires you to "Evaluate, recruit, train, and develop student-athletes." You also are responsible for establishment of a program identity and approach to competition, and the game planning for individual games and the season. You have failed to fulfill these obligations by engaging in the following behavior:

- You are unable to attend individual position meetings or engage one-on-one with players or assistant coaches during practices, team meetings, and other preparatory functions. Interactions with assistant coaches and players has been limited and has led to poor planning, lack of communication, and a void in leadership.

WSU_00000008

Nicholas R. Rolovich
Page 3

- Your ability to travel extensively and recruit has been impacted by your decision. Recruiting has been significantly impacted this year, as evidenced by a notable decline in the number of verbal commitments.

As the most high-profile employee of WSU and one of the most highly compensated state employees in Washington, your choices and behavior also reflect on the University, the Athletics Department, and the Football program at all times. In addition to the above, the voicing of physical threats regarding a coach we talked about related to our contingency plan was completely unacceptable.

Your conduct has been seriously prejudicial to the best interests of the University and the Football program, including putting the University and the Football program in a negative national spotlight, and is a violation of your contract. (See paragraph 4.1.5).

Per Section 4.2 of your Employment Agreement, you have fifteen (15) calendar days to respond to me, in writing, with reasons why you should not be terminated. I will respond accordingly consistent with the terms of your Employment Agreement.

Effective immediately you have been placed on paid administrative leave pending the outcome of this notice of intent to terminate for just cause. You are not to perform any work on behalf of the University. Your WSU email account has been disabled and systems access removed.

For information regarding your benefits, please visit http://hrs.wsu.edu/employees/benefits/separating-employee-information/. If you have specific benefits questions, such as options for continuing medical and dental coverage beyond your separation date, please contact Human Resource Services at 509.335.4521.

Sincerely,

Patrick Chun
Director of Athletics


cc:     Athletics Employment File
        HRS Personnel File
        HRS Employment Services

WSU_00000009



**WASHINGTON STATE**
**A T H L E T I C S**

HUMAN RESOURCE SERVICES

OCT 13 2021

RECEIVED

October 13, 2021
Re: Religious Accommodation Request | Nicholas Rolovich

This response is a supplement to the earlier response to the request received from HRS on October 6, 2021, regarding a religious accommodation request for Nick Rolovich (Employee). The initial response focused on the essential functions of Rolovich's job and the inability to perform those functions with the requested accommodations.

Underlying the request for an accommodation is the initial conclusion that Rolovich met the requirements for a religious exemption to the vaccination requirement by demonstrating a sincerely held religious belief against being vaccinated for COVID-19. Rolovich has made several statements that cast doubt on his claimed sincerely held religious belief. The statements and the timing of Rolovich's statements with respect to religious beliefs as they relate to COVID-19 vaccinations are summarized below.

- In numerous formal and informal meetings between March and August, Rolovich made it clear to Pat Chun, his supervisor, and many within the Athletics Department, that he was unwilling to take the vaccine based on his independent research. He stated on multiple times he had done his own research, made an independent decision and came to a conclusion that he would not take the vaccine. It was clear from these statements that his decision not to be vaccinated was based on the conclusions he reached following his own research. On May 24, 2021, Rolovich firmly restated to Pat Chun his stance on not taking the vaccine based on his research in a meeting in Pat Chun's office.

- On August 19, 2021, Rolovich personally reiterated and reaffirmed directly to Pat Chun his ongoing stance of not receiving a COVID-19 vaccination. He disclosed he attempted to seek a medical exemption but was unable to secure the necessary documentation. He then disclosed he would elect to pursue a religious based exemption to meet the employment requirements stated in the Governor's Proclamation 21-14-1.
    o In that meeting, Pat Chun stated directly to Rolovich that since the start of this pandemic, Rolovich had been vocal and consistent in his opinions and skepticisms about the COVID-19 virus and the full nature of the public health emergency. He has continuously been critical of the role the government and communicated a multitude of baseless theories with respect to vaccination.

- The following are examples of his reasoning:
    o COVID-19 Vaccine was not fully FDA approved, and therefore not safe
    o The vaccine could and would negatively impact women and fertility rates
    o The vaccine would negatively impact his mortality

The government and therefore the vaccine could not be trusted. Rolovich participated in Pac-12 Conference sponsored and WSU Athletics mandated education sessions relative to the merits of

WSU_00000017

the COVID-19 vaccine. In addition, WSU Athletics arranged a one-on-one meeting with Dr. Guy Palmer, a world-renowned infectious disease expert. Notwithstanding information shared by the experts in these sessions, Rolovich continued to rely on the results of his own research.

In sum, throughout the multiple individual and group meetings, Rolovich made it clear that he refused to be vaccinated based on the conclusions he reached through his own research, he only mentioned religion after the Governor issued the Proclamation requiring vaccination, and then only mentioned religion in reference to seeking an exemption from the vaccination requirement. We believe these facts support re-evaluation of the claimed sincerely held religious belief.

WSU_00000018

| | |
|---|---|
| **From:** | HRS Exemptions |
| **To:** | Rolovich, Nicholas R |
| **Cc:** | Chun, Patrick; McCoy, Anne R; Blair, Bryan Bernard |
| **Subject:** | OFFICIAL NOTICE: Religious Exemption Denied |
| **Date:** | Monday, October 18, 2021 4:29:57 PM |

Dear Nicholas Rolovich:

You submitted a request for an exemption to the COVID-19 vaccination requirement as mandated by Governor Inslee's proclamation 21-14.2. This notification confirms that we are **unable to approve your request** for an exemption and accommodation based on a sincerely held religious belief, practice, or observance. We would like to provide additional information on the review process in an effort to clarify your exemption denial and the University's approach to each individual request.

Under the proclamation, the University is legally prohibited from allowing workers to engage in work after October 18, 2021, if they are not fully vaccinated against COVID-19, with limited exceptions. One exception is if a worker has an approved religious accommodation and is thereby exempt from the vaccine requirement. To qualify for an approved religious exemption from the vaccine requirement:
- A worker must explain how the vaccine requirement conflicts with their sincerely held religious belief, practice or observance; *and*
- Must be able to accommodate the unvaccinated worker without undue hardship.

In considering your request for accommodation, the University considered both the information you submitted as well as your own prior statements to WSU staff and others regarding vaccination. Based on your comments, in conjunction with the timing of your request for a religious accommodation, the University questions the assertion that your sincerely held religious views conflict with the University's vaccine requirement.

Furthermore, it would pose an undue hardship to the University and/or a threat to yourself and others to allow you to remain in your position while unvaccinated. The University evaluated the essential functions of your position to determine whether these possible accommodations would mitigate the threat posed by allowing you to remain unvaccinated while performing your job duties and also whether there were possible accommodations that would allow you to effectively perform all of your duties while remaining unvaccinated.

Based upon the nature of your head coaching responsibilities and core job functions and activities, the University has determined you cannot safely and effectively do your job without undue hardship to the University.

We hope this information helps you understand how the University individually evaluated your request.

Thank you,

WSU_00000029

*Washington State University, Human Resource Services*
*French Administration 139 | Pullman, WA  99164-1014*
*Phone*: 509-335-4521  |  *Fax*: 509-335-1259  |  *HRS Website*:  http://www.hrs.wsu.edu

IMPORTANT NOTICE: This communication, including any attachment, contains information that may be confidential or privileged, and is intended solely for the entity or individual to whom it is addressed.  If you are not the intended recipient, you should delete this message and are hereby notified that any disclosure, copying, or distribution of this message is strictly prohibited.  Nothing in this email, including any attachment, is intended to be a legally binding signature.

WSU_00000030