# Exhibit Q

**WSU_00031304-WSU_00031306**





Office of the President

December 6, 2021

Nicholas Rolovich
1815 SW Casey Court
Pullman, WA 99163

Re: Decision on Appeal of Termination for Just Cause

Dear Mr. Rolovich,

By letter dated November 26, 2021, you timely appealed the Decision to Terminate for Just Cause issued by Athletic Director Patrick Chun, consistent with Paragraph 4.3 of the Employment Agreement (Agreement) between Washington State University (University) and Nicholas Rolovich. I have carefully reviewed and considered all the written materials that were provided to me, including the November 26, 2021, Appeal of Patrick Chun's Termination of Nicholas Rolovich and the following exhibits:

- Ex A. Letter of October 18, 2021, from Patrick Chun to Nicholas Rolovich, Notice of Intent to Terminate for Just Cause
- Ex. B. Letter of November 2, 2021, from Nicholas Rolovich to Patrick Chun responding to Notice of Intent to Terminate
- Ex. C. Letter of November 12, 2021, from Patrick Chun to Nicholas Rolovich, Notice of Decision to Terminate for Just Cause, with attachments
- Ex. D. Employment Agreement between Washington State University and Nicholas Rolovich

Under the terms of the Agreement, the University has the right to terminate the Agreement for just cause, which includes, but is not limited to, various examples set forth in Paragraphs 4.1.1 through 4.1.6. Under paragraph 1.2.1, the employee agrees to comply with and support all rules, regulations, policies, and decisions established or issued by the University, and to abide by all provisions of law.

State law, pursuant to Governor's Proclamation 21-14.1, requires all state employees to have been fully vaccinated against COVID-19 by October 18, 2021, unless they were unable to do so because of a disability or if the requirement conflicts with a sincerely-held religious belief, practice, or observance, and their employer could provide them with an accommodation that would not create an undue hardship for the employer. You do not have an approved exemption and the University was unable to accommodate you without creating an undue hardship. You also are not fully vaccinated. Therefore under the terms of the Proclamation, you are no longer eligible to



Office of the President

*December 6, 2021*
*Page 2 of 3*

engage in work for the University.  This, by itself, provides just cause for termination under the terms of the Agreement.

My review of the materials provided leads me to conclude that, contrary to your voluminous rebuttal arguments, you have been limited in your ability to fully perform certain essential job duties as set forth in the Notice of Intent to Terminate and Notice of Decision to Terminate. I further conclude that these limitations have resulted in contract violations as stated in above-referenced documents, including conduct seriously prejudicial to the best interests of the University and its football program in violation of Paragraph 4.1.5 of the Agreement.

The record in the written materials establishes that the University had a legitimate basis to question whether you have a sincerely held religious belief, practice, or observance that conflicts with the vaccination requirement.  I disagree with the arguments that seek to limit the information available to the University in considering this issue.

The record further supports the University's determination that, even if you have a sincerely held religious belief, practice, or observance that conflicts with the vaccination requirement, the University was unable to find a reasonable accommodation that did not pose an undue hardship.  An accommodation that simply continues the measures that were in place during the past year, including the time the university was largely shut down to in-person operation and prior to the widespread availability of COVID-19 vaccines, is not reasonable.  I concur with Athletic Director Chun that maintaining the prior status quo would result in an undue hardship on the University by creating unnecessary risk to the safety of its students and staff, as well as the safety of other individuals you would need to interact with (including, but not limited to members of the press, potential athletic recruits, donors, and students and staff of other universities), given the myriad duties and close contacts necessary to perform your job duties.  Continuing to perform while unvaccinated, even with the risk mitigation measures in place during the last year, would continue to unduly compromise your ability to fully perform your essential job and leadership functions, and continue to impose additional monetary costs on the University.  This unprecedented pandemic, with new variants emerging, continues to challenge this University's ability to safely operate and carry out its mission with maximum safety to students and employees.

In brief response to your arguments that vaccination is unnecessary to enhance the safety of the WSU community, under Proclamation 21-14.1, "widespread vaccination is the primary means we have as a state to protect our health care system, to avoid the return of stringent public health measures, and to put the pandemic behind us."  Additionally, "increasing vaccination rates at educational settings is the strongest protective measure against COVID-19 available and,



December 6, 2021
Page 3 of 3

together with masking, vital to providing in-person instruction in as safe a manner as possible." According to the CDC, getting vaccinated is the best way to slow the spread of COVID-19 and to prevent infection by Delta or other variants.  https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/why-measure-effectiveness/breakthrough-cases.html

In conclusion, your appeal is denied.  Under Paragraph 4.3 of the Agreement, this is the final decision of the University.

Sincerely,

Kirk H. Schulz
President

cc: Brian Fahling, Attorney for Nicholas Rolovich
Patrick Chun, Athletic Director
Danielle Hess, Sr. Assistant Attorney General