FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 06, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NICHOLAS ROLOVICH,<br><br>    Plaintiff,<br><br>v.<br><br>WASHINGTON STATE UNIVERSITY, an agency of the State of Washington,<br><br>    Defendant. | NO. 2:22-CV-0319-TOR<br><br>ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT |

BEFORE THE COURT are Plaintiff's Motion for Partial Summary Judgment (ECF No. 88) and Defendant's Cross-Motion for Summary Judgment (ECF No. 93). These matters were submitted for consideration with oral argument. The Court has reviewed the entire, voluminous record and files herein and is fully informed. For the reasons discussed below, Plaintiff's Motion for Partial Summary Judgment (ECF No. 88) is denied, and Defendant's Cross-Motion for Summary Judgment (ECF No. 93) is granted.

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT ~ 1

## BACKGROUND

This matter relates to the termination of Plaintiff's employment from Washington State University ("WSU") following the determination that Plaintiff's religious exemption from the COVID-19 vaccine could not be accommodated. The following facts are drawn from Plaintiff's Second Amended Complaint (ECF No. 53) and construed in a light most favorable to Plaintiff. *Shwarz v. United States*, 234 F.3d 428, 436 (9th Cir. 2000). Only four claims remain: (1) alleged violation of Title VII; (2) alleged violation of Washington Law Against Discrimination; (3) alleged breach of contract; and (4) alleged wage withholding. Additional facts are contained in each parties' Statement of Facts (the ones not disputed). ECF Nos. 89, 94. The disputed facts are not considered.

Plaintiff Nicholas Rolovich was the head football coach for WSU from January 14, 2020, until he was terminated on December 6, 2021. ECF No. 53 at 3. WSU is an agency of the State of Washington, located in Pullman, Washington. *Id*. Plaintiff would not get vaccinated for COVID-19 and ultimately claimed a religious exemption.

On October 18, 2021, HR notified Plaintiff that his religious exemption request would not be approved. The notice indicated there were questions about the timing of Plaintiff's asserted religious beliefs and that Plaintiff's accommodations would create an undue hardship to WSU. Plaintiff appealed the

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT ~ 2

termination to WSU President Schulz in accordance with the procedures outlined in his employment contract. President Schulz ultimately denied the appeal, which became the final decision of WSU, on December 6, 2021.

## DISCUSSION

The Court may grant summary judgment in favor of a moving party who demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the court must only consider admissible evidence. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). The party moving for summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to identify specific facts showing there is a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id*. at 252.

For purposes of summary judgment, a fact is "material" if it might affect the outcome of the suit under the governing law. *Id.* at 248. Further, a dispute is "genuine" only where the evidence is such that a reasonable jury could find in favor of the non-moving party. *Id*. The Court views the facts, and all rational

inferences therefrom, in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). Summary judgment will thus be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

### A. Title VII, 42 U.S.C. § 2000e, et seq. and WLAD

Section 703(a)(1) of Title VII of the Civil Rights Act of 1964 provides in relevant part:

> It shall be an unlawful employment practice for an employer . . . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion . . . or national origin. . . .

42 U.S.C. § 2000e–2(a). Title VII claims for a failure to accommodate are analyzed under a burden-shifting framework. *Bolden-Hardge v. Off. of California State Controller*, 63 F.4th 1215, 1222 (9th Cir. 2023). First, a plaintiff must establish a prima facie case of failure to accommodate. *Id*. If the plaintiff is successful, the burden shifts to the defendant to show "it was nonetheless justified in not accommodating the employee's religious beliefs or practices." *Id*.

To establish a failure-to-accommodate theory, the plaintiff must allege the following: (1) he had a bona fide religious belief, the practice of which conflicts with an employment duty; (2) he informed his employer of the belief and conflict;

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT ~ 4

and (3) "the employer threatened him with or subjected him to discriminatory treatment, including discharge, because of his inability to fulfill the job requirements." *Heller v. EBB Auto Co.*, 8 F.3d 1433, 1438 (9th Cir. 1993).

The requirements to state a claim for a failure to accommodate under the WLAD are substantially similar to those under Title VII. S*ee Kumar v. Gate Gourmet Inc.*, 180 Wash. 2d 481 (2014).

Both the Ninth Circuit and the Supreme Court have cautioned against second-guessing the reasonableness of an individual's asserted religious beliefs. *Bolden-Hardge*, 63 F.4th at 1223; *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 725 (2014) (citation omitted). While a court need not accept at face value a plaintiff's conclusory assertions of violations of religious beliefs, "the burden to allege a conflict with religious beliefs is fairly minimal." *Bolden-Hardge,* 63 F.4th at 1223. However, the record does not support Plaintiff's claim of religious objection to the vaccination. Plaintiff frequently expressed secular concerns about the COVID-19 vaccine to friends, family members and coworkers. In the thousands of pages of discovery, Plaintiff does not invoke a religious objection to the vaccine. This alone is a basis for denying Plaintiff's claimed religious objection.

But more importantly, the burden shifts to the defendant to demonstrate "either that it initiated good faith efforts to accommodate reasonably the

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT ~ 5

employee's religious practices or that it could not reasonably accommodate the employee without undue hardship." *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 830 (9th Cir. 1999) (citation omitted); *see also Groff v. DeJoy*, 600 U.S. 447, 468 (2023). Undue hardship is an affirmative defense. *Bolden-Hardge*, 63 F.4d at 1224. "What constitutes undue hardship must be determined within the particular factual context of each case." *Balint v. Carson City, Nev.*, 180 F.3d 1047, 1054 (9th Cir. 1999). An accommodation may result in an undue hardship if there is "more than a de minimis cost to the employer . . . [or] more than a de minimis impact on coworkers." *Id*. The assertion of an undue hardship may not be premised on hypothetical or speculative hardships; there must be actual imposition or disruption. *Tooley v. Martin-Marietta Corp*., 648 F.2d 1238, 1243 (9th Cir. 1981). Dismissal premised on undue hardship is proper "only if the defendant shows some obvious bar to securing relief on the face of the complaint or in any judicially noticeable materials." *Bolden-Hardge*, 63 F.4d at 1224 (citation and internal quotations omitted).

Defendant asserts that Plaintiff's accommodation request would have resulted in increased travel costs, harm to recruitment and fundraising efforts, and damage to WSU's reputation and donor commitments, in addition to an increased risk of exposure of COVID-19 to student athletes, other coaching staff, the media and the public. ECF No. 93. This unrebutted evidence shows "undue hardship."

Defendant put forward unrebutted expert testimony that Plaintiff's unvaccinated status materially increased the risk of spreading COVID-19 to others. Plaintiff has repeatedly refused to wear a mask during games and meetings. Defendant has shown that Plaintiff's job as head football coach undisputedly required frequent interactions with students, coworkers, donors, the media, and others (hundreds of people). This created an undue hardship for Defendant and no other possible accommodation would have negated that risk. The overwhelming evidence shows that Plaintiff's refusal to vaccinate would cause undue hardship to Defendant.

Defendant is entitled to summary judgment on both the Title VII and WLAD claims.

**B. Contract Claim and Wage Withholding**

Defendant seeks summary judgment of Plaintiff's claims for breach of contract and wage withholding because Defendant had just cause to terminate Plaintiff's employment. In Washington, "just cause" is defined as "a fair and honest cause or reason, regulated by good faith on the part of the party exercising the power." *Baldwin v. Sisters of Providence in Washington, Inc.*, 112 Wash. 2d 127, 139 (1989). When an employee is discharged for "just cause," the discharge may not be "arbitrary, capricious, or illegal" and must be based on facts that are supported by substantial evidence and are reasonably believed by the employer to

be true. *Id.* Here, Defendant had just cause to terminate Plaintiff's employment. Accordingly, these two claims are denied.

In consideration of all the undisputed evidence and ignoring the speculative evidence, the Court finds that Defendant's Motion for Summary Judgment must be granted.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Partial Summary Judgment, ECF No. 88, is **DENIED.**

2. Defendant's Cross-Motion for Summary Judgment, ECF No. 93, is **GRANTED**.

3. The Clerk of Court is directed to enter Judgment in favor of Defendant Washington State University.

4. Defendants Motion to Stay Discovery, ECF No. 133, is **DENIED as moot.**

The District Court Executive is directed to enter this Order and Judgment accordingly and furnish copies to counsel and **CLOSE** the file.

DATED January 6, 2025.



THOMAS O. RICE
United States District Judge

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT ~ 8